1  **BLUMENTHAL & NORDREHAUG**
    Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6    Walter Haines (State Bar #71075)
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

FILED

2008 MAY -1 AM 9: 59

SOUTHERN DISTRICT OF CALIFORNIA

BY _____ KNH _____ DEPUTY

**ORIGINAL**

9              **UNITED STATES DISTRICT COURT**

10           **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  DONNA LOUIE, an individual, on behalf of    CASE NO. **08 CV 0795 IEG RBB**
    herself, and on behalf of all persons similarly
13  situated,                                    **CLASS AND COLLECTIVE ACTION**
                                                 **COMPLAINT FOR:**
14
                 Plaintiffs,                     1. FAILURE TO PAY REGULAR AND
15                                               OVERTIME COMPENSATION IN
    vs.                                          VIOLATION OF 29 U.S.C. § 201, *et seq.*;
16
    KAISER FOUNDATION HEALTH PLAN,               2. FAILURE TO PAY OVERTIME
17  INC., a California Corporation, and Does 1 to COMPENSATION IN VIOLATION OF
    10,                                          CAL. LAB. CODE §§ 510, 515.5, 551, 552,
18                                               1194 AND 1198, *et seq.*

19                                               3. FAILURE TO PROVIDE WAGES WHEN
                 Defendants.                     DUE IN VIOLATION OF CAL. LAB. CODE
20                                               § 203;

21                                               4. FAILURE TO PROVIDE MEAL AND
                                                 REST PERIODS IN VIOLATION OF CAL.
22                                               LAB. CODE § 226.7 AND 512;

23                                               5. FAILURE TO PROVIDE ACCURATE
                                                 ITEMIZED STATEMENTS IN VIOLATION
24                                               OF CAL. LAB. CODE § 226; and,

25                                               6. UNFAIR COMPETITION IN
                                                 VIOLATION OF CAL. BUS. & PROF.
26                                               CODE § 17200, *et seq.*

27                                               DEMAND FOR A JURY TRIAL

28

                                    1

1    Plaintiff Donna Louie ("PLAINTIFF") alleges on information and belief, except for her own

2    acts and knowledge, the following:

3

4    **NATURE OF THE ACTION**

5    1.    PLAINTIFF brings this class action on behalf of herself and a California class

6    consisting of all individuals who are or previously were employed by Defendant Kaiser Foundation

7    Health Plan, Inc. ("Kaiser Foundation Health Plan") in a staff position as a Site Support Specialist,

8    and in other similarly situated positions during the Collective Class Period and California Class

9    Period as hereinafter defined (the "CLASS").

10    2.    Individuals in these positions are and were employees who are entitled to be

11    classified as non-exempt, entitled to be paid for regular and overtime compensation, entitled to

12    receive meal and rest period breaks, entitled to prompt payment of amounts that the employer owes

13    an employee when the employee quits or is terminated, and entitled to other compensation and

14    working conditions that are prescribed by law.

15    3.    Although Kaiser Foundation Health Plan requires their employees employed as

16    Site Support Specialist Staff Members, and other similarly situated positions, to work more than

17    eight (8) hours a day, forty (40) hours a week, and hours on the seventh (7th) consecutive day of a

18    workweek, as a matter of policy and practice, Kaiser Foundation Health Plan consistently and

19    uniformly misclassifies these employees as exempt and denies them the required overtime and other

20    compensation that the law requires.

21    4.    In this action, PLAINTIFF, on behalf of herself and the CLASS, seeks to have

22    all Site Support Specialist staff members reclassified as non-exempt and recover all the

23    compensation that Kaiser Foundation Health Plan was required by law to provide, but failed to

24    provide, to PLAINTIFF and all other CLASS members.

25    5.    PLAINTIFF and all Site Support Specialist Staff Members performed the same

26    primary duties, which consist of installing, configuring, testing, and troubleshooting computer

27    applications, networks, and hardware. The primary objective of the PLAINTIFF and all other Site

28

1  Support Specialist Staff Members is essentially to maintain and test Kaiser's computer system by

2  various systematic routines to see that particular pieces of computer equipment or computer

3  applications are working properly according to the specifications designed by others. These job

4  duties, performed by every Site Support Specialist Staff Member, are examples of work that lacks

5  the requisite exercise of discretion and independent judgment within the meaning of the

6  administrative exemption. Plaintiff, as well as every other Site Support Staff Member, performs

7  duties that do not involve, with respect to matters of significance, the comparison and the evaluation

8  of possible courses of conduct, and acting or making a decision after the various possibilities have

9  been considered as required by 29 C.F.R. § 541.202(a).

10

11                          **JURISDICTION AND VENUE**

12          6.       This Court has jurisdiction over PLAINTIFF'S federal claim pursuant to

13  28 U.S.C.§1331, federal question jurisdiction, 29 U.S.C. § 219, the Fair Labor Standards Act, and

14  28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

15          7.       Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Kaiser

16  Foundation Health Plan, Inc. is a corporation that (i) is subject to personal jurisdiction in this

17  District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against

18  certain members of the CLASS in San Diego County, California.

19

20                                  **PARTIES**

21          8.       Plaintiff Donna Louie was employed by Defendant Kaiser Foundation Health Plan

22  as Site Specialist from on or about June of 2007 to on or about February of 2008.

23          9.       Defendant Kaiser Foundation Health Plan is a California Corporation with

24  its principal place of business in the State of California. Defendant Kaiser Foundation Health Plan

25  also conducts business in eight (8) other states in the United States and in the District of Columbia

26  and is engaged in commerce within the meaning of the Fair Labor Standards Act by regularly and

27  recurrently receiving or transmitting interstate communications between these states and the District

28

1   of Columbia.

2       10.     The Defendants, Kaiser Foundation Health Plan, named in this Complaint, and

3   Does 1 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants,

4   and/or employees of each of the other Defendant and each Defendant was acting within the course

5   of scope of his, her or its authority as the agent, servant and/or employee of each of the other

6   Defendant (the "DEFENDANTS").  Consequently, all the DEFENDANTS are jointly and severally

7   liable to the PLAINTIFF and the other members of the CLASS, for the losses sustained as a

8   proximate result of DEFENDANTS' conduct.

9

10                  **COLLECTIVE ACTION UNDER THE FLSA**

11      11.     PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and

12   Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons who were, are, or will

13   be employed by Defendant Kaiser Foundation Health Plan as a Site Support Specialist Staff

14   Member in California, and other similarly situated positions, at any time within the applicable

15   statute of limitations period (the "COLLECTIVE CLASS PERIOD"), who have been misclassified

16   as exempt from overtime and have not been fully compensated for all actual time worked and wages

17   earned and other benefits, (the "COLLECTIVE CLASS").  To the extent equitable tolling operates

18   to toll claims by the COLLECTIVE CLASS against DEFENDANT, the COLLECTIVE CLASS

19   PERIOD should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons,

20   whether or not they were paid by commission, by salary, or by part commission and part salary.

21      12.     Questions of law and fact common to the COLLECTIVE CLASS as a

22   whole, but not limited to the following, include:

23      a.      Whether DEFENDANT misclassified PLAINTIFF and members of the

24              COLLECTIVE CLASS as exempt from the overtime requirements imposed by the

25              FLSA, 29 U.S.C. § 207;

26      b.      Whether DEFENDANTS failed to adequately compensate the members

27              of the COLLECTIVE CLASS for overtime hours worked as required by the FLSA,

28

1    29 U.S.C. § 207;

2    c.    Whether DEFENDANTS failed to adequately compensate the members of the

3          COLLECTIVE CLASS for time all worked for the benefit of DEFENDANTS as

4          required by the FLSA, including the time worked through their meal periods;

5    d.    Whether DEFENDANTS have systematically misclassified the members of the

6          COLLECTIVE CLASS as exempt from receiving overtime compensation under

7          section 13 of the FLSA and the applicable provisions of the Code of Federal

8          Regulations;

9    e.    Whether DEFENDANTS should be enjoined from continuing the unlawful practices;

10         and,

11   f.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

12   13.   The first cause of action for the violations of the FLSA may be brought

13   and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C.

14   216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS

15   because the claims of the PLAINTIFF are similar to the claims of the members of the prospective

16   COLLECTIVE CLASS.

17   14.   PLAINTIFF is similarly situated and  has substantially similar job requirements and

18   pay provisions to the CLASS, and was subject to Kaiser Foundation Health Plan's common and

19   uniform policy and practice misclassifying their Site Support Specialist Staff Members, of failing to

20   pay for all actual time worked and wages earned, and failing to fully pay for all overtime in violation

21   of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the

22   "REGULATIONS").

23

24                         **CLASS ACTION ALLEGATIONS**

25   15.   PLAINTIFF brings this action on behalf of herself in her individual capacity and

26   also on behalf of a California Class of all employees of DEFENDANTS who worked for Kaiser

27   Foundation Health Plan in California who held a position as a Site Support Specialist Staff Member,

28   or other similarly situated position, are who were misclassified as exempt from overtime during the

5

1    period commencing on the date four years prior to the filing of this complaint and ending on the

2    class period cutoff date (the "CALIFORNIA CLASS PERIOD").  This class is hereinafter referred

3    to as the "CALIFORNIA CLASS."  The CALIFORNIA CLASS includes all such persons, whether

4    or not they were paid by commission, by salary, or by part commission and part salary.

5          16.      DEFENDANTS, as a matter of corporate policy, practice and procedure,

6    and in violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare

7    Commission ("IWC") Wage Order Requirements intentionally and knowingly, on the basis of job

8    title alone and without regard to the actual overall requirements of the job, systematically

9    misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS as exempt from

10   overtime wages and other labor laws in order to avoid the payment of overtime wages by

11   misclassifying their positions as exempt from overtime wages and other labor laws.  To the extent

12   equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the

13   CALIFORNIA CLASS PERIOD should be adjusted accordingly.

14         17.      DEFENDANTS violated the rights of the CALIFORNIA CLASS under

15   California Law by:

16              (a)      Committing an act of unfair competition in violation of the California Labor

17                       Code, by failing to pay PLAINTIFF and the members of the CALIFORNIA

18                       CLASS overtime pay for a work day longer than eight (8) hours, a work week

19                       longer than forty (40) hours and/or for all hours worked on the seventh (7th)

20                       consecutive day of a workweek, and by violating the California Labor Code

21                       and regulations promulgated thereunder as hereinafter alleged.

22              (b)      Violating Cal. Lab. Code § 510 by failing to pay PLAINTIFF and the

23                       members of the CALIFORNIA CLASS overtime pay for a work day longer

24                       than eight (8) hours, a work week longer than forty (40) hours and/or for all

25                       hours worked on the seventh (7th) consecutive day of a workweek, for which

26                       DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194.

27              (c)      Violating Cal. Lab. Code § 515.5 by misclassifying PLAINTIFF and the

28                       members of the CALIFORNIA CLASS as exempt from receiving overtime

1          compensation.

2          (d)     Violating Cal. Lab. Code § 203, which provides that when an employee is

3                  discharged or quits from employment, the employer must pay the employee

4                  all wages due without abatement, by failing to tender full payment and/or

5                  restitution of wages owed or in the manner required by California law to the

6                  PLAINTIFF and the members of the CALIFORNIA CLASS who have

7                  terminated their employment.  Thus, DEFENDANTS are liable for such

8                  wages for a period of thirty (30) days following the termination of such

9                  employment.

10         (e)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

11                 members of the CALIFORNIA CLASS with an accurate itemized statement

12                 in writing showing the  total hours worked by the employee.

13         (f)     Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders

14                 implementing the Code, by failing to provide PLAINTIFF and the members

15                 of the CALIFORNIA CLASS with rest and/or meal periods and are thus

16                 liable for premium pay of one hour for each workday such rest and/or meal

17                 periods were denied.

18    18.    This Class Action meets the statutory prerequisites for the maintenance

19    of a Class Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in

20    that:

21         (a)     The persons who comprise the CALIFORNIA CLASS are so numerous that

22                 the joinder of all such persons is impracticable and the disposition of their

23                 claims as a class will benefit the parties and the Court;

24         (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

25                 are raised in this Complaint are common to the CALIFORNIA CLASS and

26                 will apply uniformly to every member of the CALIFORNIA  CLASS;

27         (c)     The claims of the representative PLAINTIFF are typical of the claims of each

28                 member of the CALIFORNIA CLASS.   PLAINTIFF, like all other members

7

COMPLAINT

1     of the CALIFORNIA CLASS, was systematically misclassified as exempt

2     and sustained economic injuries arising from DEFENDANTS' violations of

3     the laws of California.  PLAINTIFF and the members of the CALIFORNIA

4     CLASS was and is similarly or identically harmed by the same unlawful,

5     deceptive, unfair and pervasive pattern of misconduct engaged in by the

6     DEFENDANTS of systematically misclassifying as exempt all Site Support

7     Specialist Staff Members, and similarly situated employees solely on the

8     basis of their job title and without regard to DEFENDANTS' realistic

9     expectations and the actual, overall requirements of the job resulting in

10    economic injury to employees so misclassified.

11    (d)    The representative PLAINTIFF will fairly and adequately represent and

12           protect the interest of the CALIFORNIA CLASS, and has retained counsel

13           who are competent and experienced in Class Action litigation.  There are no

14           material conflicts between the claims of the representative PLAINTIFF and

15           the members of the CALIFORNIA CLASS that would make class

16           certification inappropriate.  Counsel for the CALIFORNIA CLASS will

17           vigorously assert the claims of all Class Members.

18    19.    In addition to meeting the statutory prerequisites to a Class Action, this

19    action is properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

20    (a)    Without class certification and determination of declaratory, injunctive,

21           statutory and other legal questions within the class format, prosecution of

22           separate actions by individual members of the CALIFORNIA CLASS will

23           create the risk of:

24           1)    Inconsistent or varying adjudications with respect to individual

25                 members of the CALIFORNIA CLASS which would establish

26                 incompatible standards of conduct for the parties opposing the

27                 CALIFORNIA CLASS; or,

28           2)    Adjudication with respect to individual members of the

8

COMPLAINT

1    CALIFORNIA CLASS which would as a practical matter be

2    dispositive of interests of the other members not party to the

3    adjudication or substantially impair or impede their ability to protect

4    their interests.

5    (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds

6    generally applicable to the CALIFORNIA CLASS, making appropriate class-

7    wide relief with respect to the CALIFORNIA CLASS as a whole in that the

8    DEFENDANTS systematically misclassified as exempt all Site Support

9    Specialist Staff Members and similarly situated employees solely on the basis

10    of their job title and without regard to DEFENDANTS' realistic expectations

11    and actual overall requirements of the job;

12    (c)    Common questions of law and fact exist as to the members of the

13    CALIFORNIA CLASS and predominate over any question affecting only

14    individual members, and a Class Action is superior to other available

15    methods for the fair and efficient adjudication of the controversy, including

16    consideration of:

17    1)    The interests of the members of the CALIFORNIA CLASS in

18    individually controlling the prosecution or defense of separate actions;

19    2)    The extent and nature of any litigation concerning the controversy

20    already commenced by or against members of the CALIFORNIA

21    CLASS;

22    3)    The desirability or undesirability of concentrating the litigation of the

23    claims in the particular forum;

24    4)    The difficulties likely to be encountered in the management of a Class

25    Action; and,

26    5)    The basis of DEFENDANTS misclassifying PLAINTIFF and the

27    CALIFORNIA CLASS as exempt by job title.

28    20.    This Court should permit this action to be maintained as a Class Action

9

COMPLAINT

1    pursuant to F.R.C.P. 23 because:

2          (a)   The questions of law and fact common to the CALIFORNIA CLASS

3              predominate over any question affecting only individual members;

4          (b)   A Class Action is superior to any other available method for the fair and

5              efficient adjudication of the claims of the members of the CALIFORNIA

6              CLASS;

7          (c)   The members of the CALIFORNIA CLASS are so numerous that it is

8              impractical to bring all members of the CALIFORNIA CLASS before the

9              Court;

10         (d)   PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able

11             to obtain effective and economic legal redress unless the action is maintained

12             as a Class Action;

13         (e)   There is a community of interest in obtaining appropriate legal and equitable

14             relief for the common law and statutory violations and other improprieties,

15             and in obtaining adequate compensation for the damages and injuries which

16             DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

17         (f)   There is a community of interest in ensuring that the combined assets and

18             available insurance of DEFENDANTS are sufficient to adequately

19             compensate the members of the CALIFORNIA CLASS for the injuries

20             sustained;

21         (g)   DEFENDANTS have acted or refused to act on grounds generally applicable

22             to the CALIFORNIA CLASS, thereby making final class-wide relief

23             appropriate with respect to the CALIFORNIA CLASS as a whole; and

24         (h)   The members of the CALIFORNIA CLASS are readily ascertainable from the

25             business records of the DEFENDANTS. The CALIFORNIA CLASS

26             consists of all of DEFENDANTS' employees employed as Site Support

27             Specialist Staff Members, and other similarly situated persons in California

28             whose job classifications by DEFENDANTS as exempt were made solely on

1    the basis of their job title and without regard to DEFENDANTS' realistic

2    expectations and actual overall requirements of the job.  DEFENDANTS, as a

3    matter of law, has the burden of proving the basis for the exemption as to

4    each and every Site Support Specialist Staff Member.  To the extent that

5    DEFENDANTS have failed to maintain records sufficient to establish the

6    basis for the exemption (including but not limited to, the employee's job

7    duties, wages, and hours worked) for any Site Support Specialist,

8    DEFENDANTS are estopped, as a matter of law, to assert the existence of

9    the exemption.

10

11                                    **GENERAL ALLEGATIONS**

12        21.    Kaiser Foundation Health Plan, as a matter of corporate policy, practice and

13   procedure, and in violation of the applicable California Labor Code ("Labor Code"), Industrial

14   Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of the

15   FLSA, intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to

16   the actual overall requirements of the job, systematically misclassified the PLAINTIFF and the other

17   members of the CALIFORNIA CLASS and the COLLECTIVE CLASS (the "CLASS") as exempt

18   from overtime wages and other labor laws in order to avoid the payment of overtime wages by

19   misclassifying their Site Support Specialist Staff Members, and other similarly situated employees

20   as exempt from overtime wages and other labor laws.  To the extent equitable tolling operates to toll

21   claims by the CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD and the

22   COLLECTIVE CLASS PERIOD (the "CLASS PERIODS")  should be adjusted accordingly.

23        22.    DEFENDANTS have intentionally and deliberately created numerous job levels and

24   a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in

25   fact, these jobs are substantially similar and can be easily grouped together for the purpose of

26   determining whether they are exempt from overtime wages.  Indeed, one of DEFENDANTS'

27   purposes in creating and maintaining this multi-level job classification scheme is to create a

28   roadblock to discovery and class certification for all employees similarly misclassified as exempt.

1  DEFENDANTS have uniformly misclassified these CLASS members as exempt and denied them

2  overtime wages and other benefits to which non-exempt employees are entitled in order to unfairly

3  cheat the competition and unlawfully profit.

4      23.     DEFENDANTS maintain records from which the Court can ascertain and identify

5  by job title each of DEFENDANTS' employees who as CLASS members, have been systematically,

6  intentionally and uniformly misclassified as exempt as a matter of DEFENDANTS' corporate

7  policy, practices and procedures.  PLAINTIFF will seek leave to amend the complaint to include

8  these additional job titles when they have been identified.

9

10                              **THE CONDUCT**

11      24.     Kaiser Foundation Health Plan, Inc. is a California Corporation which operates in

12  nine states and in the District of Columbia.   Kaiser Foundation Health Plan, Inc. is one of the

13  largest not-for-profit managed health care companies in the United States, offering hospital and

14  physician care through a network of hospitals and physician practices operating under the Kaiser

15  Permanente name.

16      25.     PLAINTIFF was hired by Defendant Kaiser Foundation Health Plan, Inc. as an

17  exempt, temporary employee and placed into a staff position with the job title of a Site Support

18  Specialist.  The job title was described to the PLAINTIFF as an exempt and full time position.  The

19  PLAINTIFF functioned as a working member on the production side of DEFENDANTS'

20  Information Technology ("IT") Staff.  The primary job duty of PLAINTIFF and her fellow Site

21  Support Specialist team members was to install and upgrade hardware and software, configure

22  desktop computers, and test and troubleshoot equipment.

23      26.     PLAINTIFF and every Site Support Specialist Staff Member was required to remain

24  on-call pursuant to the DEFENDANTS' "on-call" rotation plan (the "ROTATIONS").  According to

25  the ROTATIONS, each staff member of PLAINTIFF'S team of Site Support Specialists, including

26  the PLAINTIFF, took turns performing on-call duties.  The performance of each ROTATION lasted

27  for an entire seven (7) day workweek, and was required to be undertaken by each Site Support

28  Specialist staff member at least once every two (2) months.  During this time, after returning home

1   from at least an eight (8) hour work day, PLAINTIFF was required to remain on stand-by for the

2   entire night, every night of the week, for the entire week without additional compensation. After

3   working an entire workday on the Friday of the ROTATION, PLAINTIFF was required to remain

4   on call twenty-four (24) hours a day from Friday evening until Monday morning, when she would

5   report to the employer's work site for her "regular" workday. The effect of DEFENDANTS' on-call

6   rotational system is that, during the team members rotation, the employee is subject to receiving a

7   call and is effectively precluded from engaging in any activity outside of work that would hinder his

8   ability to immediately respond to the technical support call. This system places severe limitations

9   on the activities of PLAINTIFF and the members of this team and accordingly, their time is

10   predominantly spent for the benefit of the DEFENDANTS. Each night of every ROTATION,

11   PLAINTIFF'S movements were severely geographically restricted by DEFENDANTS' requirement

12   that PLAINTIFF respond to any work request receive via pager within thirty (30) minutes by phone

13   to the person requesting technical support and then begin working on the technical support request

14   at that time. Although most of the work requests could be attended to by using her laptop,

15   DEFENDANTS required PLAINTIFF to remain within thirty (30) minutes of the DEFENDANTS'

16   premises in case on-site technical support was needed. Each night, while on-call, PLAINTIFF and

17   the members of the CLASS all were subjected to calls in conjunction with the unduly restrictive

18   fixed, response time-limit that necessitated an answer to each call. As a result of the burden

19   imposed by these duties, PLAINTIFF and the members of the CLASS could not easily trade their

20   on-call responsibilities with another employee, as no one wanted this burden. Further, PLAINTIFF

21   and the other members of the CLASS were extremely restricted while on-call in the kind and extent

22   of personal activities in which they could engage. Any personal activities which required longer

23   than thirty (30) minutes to perform without interruption, and/or required more than thirty (30)

24   minutes to travel to and from, including, but not limited to, going to see a movie in a theater, dining

25   at a restaurant, engaging in organized sporting activities, participating in weddings, supplementing

26   one's income with a second job, and/or attending to medical issues with the assistance of a doctor,

27   dentist, or other professional, had to be avoided entirely while on-call. Another inconvenience

28   imposed upon PLAINTIFF and the members of the CLASS was the inability to provide oneself with

1  an entire night of uninterrupted sleep, as the technical support calls often came in past eleven

2  o'clock at night (11:00 p.m.) From the DEFENDANTS' facility. Despite these demanding

3  conditions imposed by DEFENDANTS, regular and overtime compensation for (a) the hours

4  worked during the ROTATIONS and (b) the "on-call" hours which restricted PLAINTIFF and the

5  members of the CLASS during the ROTATIONS as to be effectively engaged to wait, were

6  withheld by DEFENDANTS from PLAINTIFF and the members of the CLASS.

7     27.    In addition to the ROTATIONS, members of the CLASS also worked "evening,"

8  "night," and "special shifts." Even though these shifts were worked in addition to the regular

9  working day of the members of the CLASS, these Site Support Specialist Staff Members did not

10 receive any additional compensation for this work performed between 10:00 p.m. and 6:00 a.m. and

11 also on weekends and holidays.

12    28.    Neither PLAINTIFF, nor any member of the CLASS, was primarily engaged in

13 work of a type that was or now is directly related to management policies or general business

14 operations, when giving these words a fair but narrow construction. Neither PLAINTIFF, nor any

15 member of the CLASS was primarily engaged in work of a type that was or now is performed at the

16 level of the policy or management of the DEFENDANTS. To the contrary, the work of a Site

17 Support Specialist Staff Member is work wherein PLAINTIFF and the members of the CLASS were

18 primarily engaged in the day to day business operations of the DEFENDANTS, to support the

19 computers that perform the day to day work in accordance with the management policies and

20 general business operations established by DEFENDANTS' management.

21    29.    Considerations such as (a) DEFENDANTS' realistic expectations for Defendants'

22 staff members holding the job titled Site Support Specialist, and other similarly situated jobs, on the

23 production side of the DEFENDANTS' business enterprise, and (b) the actual overall requirements

24 for Defendants' staff members holding the job titled Site Support Specialist, are susceptible to

25 common proof. The fact that their work and those of other similarly situated employees involved a

26 computer and/or a specialized skill set in a defined technical area does not mean that the

27 PLAINTIFF and other members of the CLASS are exempt from overtime wages. Indeed, the

28 exercise of discretion and independent judgment must be more than the use of a highly technical

14

COMPLAINT

1   skill set described in a manual or other sources. The work that PLAINTIFF and other members of

2   the CLASS were and are primarily engaged in performing day to day activities is the work that is

3   required to be performed as part of the day to day business of DEFENDANTS. As a result,

4   PLAINTIFF and the other members of the CLASS were primarily engaged in work that falls

5   squarely on the production side of the administrative/production worker dichotomy.

6       30.    Such work does not involve formulating management policies or operating practices,

7   committing the employer in matters that have significant financial impact, negotiating and binding

8   the company on significant matters, planning business objectives, or other indicators of exercising

9   discretion and independent judgment with respect to matters of significance discussed in 29 C.F.R.

10  § 541.202(b).

11      31.    The work of PLAINTIFF and the other members of the CLASS did not require

12  independent judgment or discretion. On the contrary, the PLAINTIFF and the other members of the

13  CLASS performed their work pursuant to regimented and standardized protocol. Their work was

14  subject at all times to intense scrutiny and oversight by the management personnel who oversaw the

15  work of the Site Support Specialist Staff Members.

16      32.    The ability to provide the kind of technical support provided by PLAINTIFF and the

17  other members of the CLASS did not necessitate a college level degree or any formalized higher

18  education training. Rather, the technical support is accomplished by the Site Support Specialist by

19  reference to written manuals, assistance from other Site Support Specialist Staff Members, and/or

20  pursuant to other pre-established guidelines and procedures.

21      33.    DEFENDANTS systematically misclassified as exempt PLAINTIFF and

22  all other members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of

23  their job title and without regard to DEFENDANTS' realistic expectations and actual overall

24  requirements of the job. Consequently, PLAINTIFF and the other members of the CALIFORNIA

25  CLASS and COLLECTIVE CLASS uniformly and systematically exempted from payment for

26  overtime wages for hours worked in excess of eight (8) hours per day, (40) forty hours per week,

27  and/or hours worked on the seventh (7th) consecutive day of a workweek during the CLASS

28  PERIOD.

COMPLAINT

1    34.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to

2  establish exemptions from the requirement that an overtime rate of compensation be paid pursuant

3  to Sections 510 and 511 for executive, administrative, and professional employees, provided that the

4  employee is primarily engaged in the duties that meet the test of the exemption, customarily and

5  regularly exercises discretion and independent judgment in performing those duties, and earns a

6  monthly salary equivalent to no less than two times the state minimum wage for full-time

7  employment. California Labor Code Section 515.5 and Industrial Welfare Commission Wage Order

8  4-2001, set forth the requirements which must be satisfied in order for a computer employee to be

9  lawfully classified as exempt. Although wrongfully classified by DEFENDANTS as exempt at the

10  time of hire and thereafter, PLAINTIFF, and all other members of the similarly-situated

11  CALIFORNIA CLASS, are not exempt under Industrial Welfare Commission Wage Order 4-2001,

12  and Cal. Lab. Code § 515.5.

13    35.    Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, et

14  seq., set forth the requirements which must be satisfied in order for an employee to be lawfully

15  classified as exempt from receiving overtime compensation. Although wrongfully classified by

16  DEFENDANTS as exempt at the time of hire and thereafter, PLAINTIFF, and all other members of

17  the similarly-situated COLLECTIVE CLASS, are not exempt under section 13 of the FLSA or the

18  provisions of 29 C.F.R. 541, et seq.

19    36.    29 C.F.R. § 785.22 provides: Where an employee is required to be on duty for 24

20  hours or more, the employer and the employee may agree to exclude bona fide meal periods and a

21  bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked,

22  provided adequate sleeping facilities are furnished by the employer and the employee can usually

23  enjoy an uninterrupted night's sleep. If the sleeping period is of more than 8 hours, only 8 hours will

24  be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of

25  sleeping time and lunch periods constitute hours worked.

26    37.    Accordingly, PLAINTIFF and every member of the CLASS are entitled to be

27  compensated for all time worked in excess of eight (8) hours per day, (40) forty hours per week,

28  and/or hours worked on the seventh (7th) consecutive day of a workweek, including time worked

1    while on-call where these employees were engaged to wait.

2        38.    In addition, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFF and

3    other members of the CALIFORNIA CLASS, were required to be provided with rest period breaks

4    each workday. DEFENDANTS failed to provide PLAINTIFF and all other members of the

5    CALIFORNIA CLASS with the statutorily required rest period breaks during the CALIFORNIA

6    CLASS PERIOD, which has caused additional economic injuries to PLAINTIFF and other members

7    of the CALIFORNIA CLASS.

8        39.    Further, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFF and other

9    members of the CALIFORNIA CLASS, were required to be provided with meal breaks each

10    workday. DEFENDANTS failed to provide PLAINTIFF and all other members of the

11    CALIFORNIA CLASS with the statutorily required uninterrupted meal breaks during the

12    CALIFORNIA CLASS PERIOD, thereby causing additional economic injuries to PLAINTIFF and

13    other members of the CALIFORNIA CLASS.

14        40.    Under 29 U.S.C. § 207, PLAINTIFF and other members of the COLLECTIVE

15    CLASS, were required to be compensated for all meal breaks taken by PLAINTIFF and the other

16    members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit

17    of the DEFENDANTS during the meal breaks.  Under 29 CFR 785.19, this time spent during the

18    lunch break is compensable because PLAINTIFF and the other members of the COLLECTIVE

19    CLASS were required to perform duties while eating.

20

21                    **FIRST CAUSE OF ACTION**

22            **Fair Labor Standards Act, *29 U.S.C. §§ 201, et seq.* ("FLSA")**

23        **(By PLAINTIFF and the COLLECTIVE CLASS and Against all DEFENDANTS)**

24        41.    PLAINTIFF, and the other members of the COLLECTIVE CLASS,

25    reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 40

26    of this Complaint.

27        42.    DEFENDANTS are engaged in communication, business, and transmission between

28    California, nine other states in the United States, and the District of Columbia, and is, therefore,

17

COMPLAINT

1    engaged in commerce within the meaning of 29 U.S.C. § 203(b).

2        43.    29 U.S.C. § 255 provides that a three-year statute of limitations applies

3    to willful violations of the FLSA.

4        44.    29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his
> employees who in any workweek is engaged in commerce or in the production of
> goods for commerce, or is employed in an enterprise engaged in commerce or in the
> production of goods for commerce, for a workweek longer than forty hours unless
> such employee receives compensation for his employment in excess of the hours
> above specified at a rate not less than one and one-half times the regular rate at which
> he is employed.

12        45.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not

13    apply to:

> any employee employed in a bona fide executive, administrative, or professional
> capacity (including any employee employed in the capacity of academic
> administrative personnel or teacher in elementary or secondary schools), or in the
> capacity of outside salesman (as such terms are defined and delimited from time to
> time by regulations of the Secretary, subject to the provisions of the Administrative
> Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or
> service establishment shall not be excluded from the definition of employee
> employed in a bona fide executive or administrative capacity because of the number
> of hours in his workweek which he devotes to activities not directly or closely related
> to the performance of executive or administrative activities, if less than 40 per
> centum of his hours worked in the workweek are devoted to such activities).

25        46.    DEFENDANTS have willfully engaged in a widespread pattern and practice of

26    violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

27    as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

28    expectations and actual overall requirements of the job, including PLAINTIFF and the other

18

COMPLAINT

1  members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS'

2  business enterprise, including the teams of Site Support Specialist Staff Members.  This was done in

3  an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA

4  and Code of Federal Regulations requirements.

5      47.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, PLAINTIFF and

6  the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually

7  worked, including time spent training DEFENDANTS' employees during meal periods, and are also

8  entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours

9  worked in excess of forty (40) hours in any workweek.

10     48.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

11  exempt status of an employee. The exempt or nonexempt status of any particular employee must be

12  determined on the basis of whether the employee's salary and duties meet the requirements of the

13  regulations in this part.

14     49.    The exemptions of the FLSA as listed in section 13(a), and as explained

15  by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE

16  CLASS, because their work consists of non-management, production line labor performed with

17  skills and knowledge acquired from on-the-job training, rather than from the prolonged course of

18  specialized intellectual instruction required for exempt learned professional employees such as

19  medical doctors, architects and archeologists.  PLAINTIFF does not hold a computer related

20  bachelor's degree, have not taken any prolonged course of specialization relating to network

21  systems or infrastructure, and have attained the vast majority of the skills used as an employee of

22  DEFENDANTS from on the job training.

23     50.    For an employee to be exempt as a bona fide "executive," all the

24  following criteria must be met and DEFENDANTS have the burden of proving that:

25     (a)    The employee's primary duty must be management of the enterprise, or of a

26             customarily recognized department or subdivision;

27     (b)    The employee must customarily and regularly direct the work of at least two (2) or

28             more other employees;

1       (c)     The employee must have the authority to hire and fire, or to command particularly

2              serious attention to his or his recommendations on such actions affecting other

3              employees; and,

4       (d)     The employee must be primarily engaged in duties which meet the test of exemption.

5 No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

6 requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

7 Moreover, none of the members of the COLLECTIVE CLASS were senior or lead computer

8 programmers who managed the work of two or more other programmers in a customarily

9 recognized department or subdivision of the employer, and whose recommendations as to the hiring,

10 firing, advancement, promotion or other change of status of the other programmers were given

11 particular weight and therefore, they do not qualify for the executive exemption as a computer

12 employees under 29 C.F.R. 541.402.

13      51.    For an employee to be exempt as a bona fide "administrator," all of the

14 following criteria must be met and DEFENDANTS have the burden of proving that:

15       (a)     The employee must perform office or non-manual work directly related to

16              management or general business operation of the employer or the employer's

17              customers;

18       (b)     The employee must customarily and regularly exercise discretion and independent

19              judgment with respect to matters of significance; and,

20       (c)     The employee must regularly and directly assist a proprietor or an exempt

21              administrator; or,

22       (d)     The employee must perform under only general supervision, work requiring special

23              training, experience, or knowledge; and,

24       (e)     The employee must be primarily engaged in duties which meet the test of exemption.

25 No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet

26 the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R.

27 541.300. Moreover, their primary duty does not include work such as planning, scheduling, and

28 coordinating activities required to develop systems to solve complex business, scientific or

1  engineering problems of the employer or the employer's customers and therefore, they are not

2  qualified for the administrative exemption as computer employees under 29 C.F.R. 541.402.

3       52.    For an employee to be "exempt" as a bona fide "professional", the

4  DEFENDANTS have the burden of proving that the primary duty of the employee is the

5  performance of work that:

6       (a)    Requires knowledge of an advanced type in a field of science or learning customarily

7            acquired by a prolonged course of specialized intellectual instruction; or

8       (b)    Requires invention, imagination, originality or talent in a recognized field of artistic

9            or creative endeavor.

10  No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the

11  requirements of being an "professional" within the meaning of 29 CFR 541.300.

12       53.    For an employee to be "exempt" as a computer software employee,

13  DEFENDANTS have the burden of showing that the primary duty of the employee consists of:

14       (a)    The application of systems analysis techniques and procedures, including consulting

15            with users, to determine hardware, software or system functional specifications;

16       (b)    The design, development, documentation, analysis, creation, testing or modification

17            of computer systems or programs, including prototypes, based on and related to user

18            or system design specifications;

19       (c)    The design, documentation, testing, creation or modification of computer programs

20            related to machine operating systems; or

21       (d)    A combination of the aforementioned duties, the performance of which requires the

22            same level of skills.

23  The "primary duty" of the PLAINTIFF, and the other members of the COLLECTIVE CLASS, as

24  defined in 29 C.F.R. 541.700, did not consist of the job functions outlined above. Rather, the

25  primary duty of the PLAINTIFF, and the other members of the COLLECTIVE CLASS, consisted of

26  providing technical support to DEFENDANTS' clinicians and staff in connection with the KP

27  HealthConnect computer software. Although the primary duty was highly dependent on and

28  facilitated by the use of computers and computer software programs, the primary duty did not

involve:

      (1)     the determination of hardware, software, or system functional specifications;

      (2)     the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs; or

      (3)     a combination of these duties, the performance of which requiring the same level of skills.

Rather than write any software programming code, PLAINTIFF and the other members of the CLASS simply provided end-user support for the use of the KP HealthConnect system which included, but was not limited to responding to and monitoring service requests, diagnosing, troubleshooting and resolving of technical problems and information technology issues related to desktop hardware, application or system software, and/or network infrastructure, in accordance with established policies and procedures.  Further, PLAINTIFF and the members of the COLLECTIVE CLASS operated under a substantial amount of scrutiny from management in providing the technical support and in performing the other non-exempt functions that constituted their primary duties.  Thus, no member of the COLLECTIVE CLASS was or is exempt as a computer systems analyst, computer programmer, or software engineer because they all fail to meet the requirements of being a "professional" within the meaning of 29 U.S.C. § 213 and 29 C.F.R. 541.400.

     54.     During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and were also required to perform duties that were primarily for the benefit of the employer during meal periods.

     55.     At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA, even though PLAINTIFF, and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work, overtime hours.

     56.     At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, regular compensation for the hours they have

1  worked, performing duties primarily for the benefit of the employer during meal periods.

2       57.    For purposes of the Fair Labor Standards Act, the employment practices

3  of DEFENDANTS were and are uniform throughout California in all respects material to the claims

4  asserted in this Complaint.

5       58.    There are no other exemptions applicable to PLAINTIFF and/or to

6  members of the COLLECTIVE CLASS.

7       59.    As a result of DEFENDANTS' failure to pay overtime and failure to pay

8  regular compensation for hours worked during meal periods, as required by the FLSA, PLAINTIFF

9  and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

10       60.    Therefore, PLAINTIFF demands that she and the members of the

11  COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of

12  overtime worked in any work week for which they were not compensated, regular compensation for

13  every hour worked primarily for the benefit of DEFENDANTS for which they were not

14  compensated, plus interest and attorneys' fees as provided by law.

15

16  **SECOND CAUSE OF ACTION**

17  **For Failure To Pay Overtime Compensation**

18  **[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

19  **(By PLAINTIFF and the CALIFORNIA CLASS and Against all DEFENDANTS)**

20
21       61.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

22  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 60

23  of this Complaint.

24       62.    Cal. Lab. Code § 510 states in relevant part:

25       Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

26       one workday and any work in excess of 40 hours in any one workweek and the first

27       eight hours worked on the seventh day of work in any one workweek shall be

28       compensated at the rate of no less than one and one-half times the regular rate of pay

1    for an employee.  Any work in excess of 12 hours in one day shall be compensated at

2    the rate of no less than twice the regular rate of pay for an employee. In addition, any

3    work in excess of eight hours on any seventh day of a workweek shall be

4    compensated at the rate of no less than twice the regular rate of pay of an employee.

5    63.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor

6          is entitled to one day's rest therefrom in seven."

7    64.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to

8          work more than six days in seven."

9    65.    Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate

10         of compensation required to be paid to a nonexempt full-time salaried employee, the

11         employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

12   66.    Cal. Lab. Code § 1194 states:

13         Notwithstanding any agreement to work for a lesser wage, any employee receiving

14         less than the legal minimum wage or the legal overtime compensation applicable to

15         the employee is entitled to recover in a civil action the unpaid balance of the full

16         amount of this minimum wage or overtime compensation, including interest thereon,

17         reasonable attorney's fees, and costs of suit.

18   67.    Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard

19         conditions of labor fixed by the commission shall be the maximum hours of work

20         and the standard conditions of labor for employees. The employment of any

21         employee for longer hours than those fixed by the order or under conditions of labor

22         prohibited by the order is unlawful."

23   68.    DEFENDANTS have intentionally and uniformly designated certain

24   employees as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

25   expectations and actual overall requirements of the job, including PLAINTIFF and the other

26   members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS'

27   business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and

28   other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

69.    For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)    The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)    The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)    The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption. No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of Order No. 4-2001.

70.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)    The employee must execute special assignments and tasks under only general supervision; and,

(f)    The employee must be primarily engaged in duties which meet the test of exemption. No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

25

1   the requirements for being an "administrator" under Order No. 4-2001.

2       71.    The Industrial Welfare Commission, ICW Wage Order 4-2001, at

3   section (1)(A)(3)(h), at Labor Code § 515, and Cal. Lab. § 515.5 also set forth the requirements

4   which must be complied with to place an employee in the "professional" exempt category.  For an

5   employee to be "exempt" as a bona fide "professional", <u>all</u> the following criteria must be met and

6   DEFENDANTS have the burden of proving that:

7       (a)    The employee is primarily engaged in an occupation commonly recognized as a

8           learned or artistic profession.  For the purposes of this subsection, "learned or artistic

9           profession" means an employee who is primarily engaged in the performance of:

10          1)    Work requiring knowledge of an advanced type in a field or science or

11              learning customarily acquired by a prolonged course of specialized

12              intellectual instruction and study, as distinguished from a general academic

13              education and from an apprenticeship, and from training in the performance

14              of routine mental, manual, or physical processes, or work that is an essential

15              part or necessarily incident to any of the above work; or,

16          2)    Work that is original and creative in character in a recognized field of artistic

17              endeavor, and the result of which depends primarily on the invention,

18              imagination or talent of the employee or work that is an essential part of or

19              incident to any of the above work; and,

20          3)    Whose work is predominately intellectual and varied in character (as opposed

21              to routine mental, manual, mechanical, or physical work) and is of such

22              character cannot be standardized in relation to a given period of time.

23      (b)    The employee must customarily and regularly exercise discretion and independent

24          judgment; and.

25      (c)    The employee earns a monthly salary equivalent to no less than two (2) times the

26          state minimum wage for full-time employment.  No member of the CALIFORNIA

27          CLASS was or is a professional because they all fail to meet the requirements of

28          being a "professional" within the meaning of Order No. 4-2001.

In particular, for an employee to be "exempt" as a bona fide "professional" with respect to the requirements for a computer software employee, <u>all</u> the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)     The employee must primarily perform work which is intellectual or creative and that requires the exercise of discretion and independent judgment; and,

(b)     The employee is primarily engaged in duties which consist of one or more of the following:

   1)     the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

   2)     the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

   3)     the documentation, testing, creation or modification of computer programs related to the design of the software or hardware for computer operating systems; and,

(c)     The employee must be highly skilled and proficient in the theoretical and practical application of highly specialized information to computer systems analysis, programming and software engineering.  A job title shall not be determinative of the applicability of this exemption; <u>and,</u>

(d)     The employee's hourly rate of pay is not less than forty-one dollars ($ 41.00), or the annualized full-time salary equivalent of that rate, provided that all other requirements of this section are met and that in each workweek the employee receives not less than forty-one dollars ($ 41.00) per hour worked. This is the rate which is adjusted by the DLSR on October 1 of each year to be effective on January 1 of the following year by an amount equal to the percentage increase in the California Consumer Price Index for Urban Wage Earners and Clerical Workers.

   1)     The adjusted rates for each year of the CALIFORNIA CLASS PERIOD are as

1    follows: In 2003, the rate was $43.58.  In 2004, the rate was $44.63.  In 2005,

2    the rate was $45.84.  In 2006, the rate was $47.81.  Currently, in 2007, the

3    rate is $49.77.  No member of the CALIFORNIA CLASS was or is an

4    exempt "Computer Software Employee" because they all fail to meet the

5    requirements of Order No. 4-2001.

6    PLAINTIFF and all members of the CALIFORNIA CLASS were paid less than these amounts

7    during the Class Period.

8         72.     PLAINTIFF, and other members of the CALIFORNIA CLASS, do not

9    fit the definition of an exempt executive, administrative, or professional employee because:

10        (a)     They did not work as executives or administrators; and,

11        (b)     The professional exemption articulated in Wage Order 4-2001, section (1)(A)(3)(h)

12        and Labor Code § 515, and the professional exemption articulated in Cal. Lab. Code

13        § 515.5, does not apply to PLAINTIFF, nor to the other members of the

14        CALIFORNIA CLASS, because they are either computer software employees paid

15        less than the requisite amount set forth in Cal. Lab. § 515.5(a)(4) and under

16        subdivision (1)(A)(3)(h)(iv) of Order No. 4-2001, and/or did not otherwise meet all

17        the applicable requirements to work under the exemption of computer software

18        employee for the reasons set forth above in this Complaint.

19   Rather than write any software programming code, PLAINTIFF and the other members of the

20   CLASS simply provided end-user support for the use of the KP HealthConnect system which

21   included, but was not limited to responding to and monitoring service requests, diagnosing,

22   troubleshooting and resolving of technical problems and information technology issues related to

23   desktop hardware, application or system software, network infrastructure, in accordance with

24   established policies and procedures.  Further, PLAINTIFF and the other members of the

25   CALIFORNIA CLASS operated under a substantial amount of scrutiny from management in

26   providing the technical support and in performing the other non-exempt functions that constituted

27   their primary duties.  As a result, the primary job duties performed by the PLAINTIFF and the other

28   Site Support Specialist Staff Members would not qualify these employees for either the executive,

COMPLAINT

1   administrative, or computer professional exemption.

2       73.    During the class period, the PLAINTIFF, and other members of the

3   CALIFORNIA CLASS, worked more than eight (8) hours per day, (40) forty hours per week, and/or

4   hours worked on the seventh (7th) consecutive day of a workweek.

5       74.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and

6   other members of the CALIFORNIA CLASS, overtime compensation for the hours they have

7   worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510

8   and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA CLASS, were

9   regularly required to work, and did in fact work, overtime hours.

10       75.    By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the

11   PLAINTIFF, and the other members of the CALIFORNIA CLASS, for their regular and overtime

12   hours, the PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered, and

13   will continue to suffer, an economic injury in amounts which are presently unknown to them and

14   which will be ascertained according to proof at trial.

15       76.    DEFENDANTS knew or should have known that PLAINTIFF, and the

16   other members of the CALIFORNIA CLASS, were misclassified as exempt and DEFENDANTS

17   systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them

18   for their overtime labor as a matter of uniform corporate policy, practice and procedure.

19       77.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, therefore, request

20   recovery of regular and overtime compensation according to proof, interest, attorney's fees and cost

21   pursuant to Cal. Lab. Code § 218.5 and § 1194(a), as well as the assessment of any statutory

22   penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes.

23   Further, PLAINTIFF, and the other members of the CALIFORNIA CLASS, are entitled to seek and

24   recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

25       78.    In performing the acts and practices herein alleged in violation of labor

26   laws and refusing to provide the requisite regular and overtime compensation, the DEFENDANTS

27   acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

28   toward the other members of the CALIFORNIA CLASS, with a conscious and utter disregard of

1 their legal rights, or the consequences to them, and with the despicable intent of depriving them of

2 their property and legal rights and otherwise causing them injury in order to increase corporate

3 profits at the expense of PLAINTIFF and the members of the Class.

4

5                               **THIRD CAUSE OF ACTION**

6                               **For Failure to Pay Wages When Due**

7                               **[ Cal. Lab. Code § 203]**

8          **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

9          79.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

10 reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 78 of

11 this Complaint.

12         80.    Cal. Lab. Code § 200 provides that:

13                As used in this article:

14                (a) "Wages" includes all amounts for labor performed by employees of every

15                description, whether the amount is fixed or ascertained by the standard of time, task,

16                piece, commission basis, or other method of calculation.

17                (b) "Labor" includes labor, work, or service whether rendered or performed under

18                contract, subcontract, partnership, station plan, or other agreement if the labor to be

19                paid for is performed personally by the person demanding payment.

20         81.    Cal. Lab. Code § 202 provides, in relevant part, that:

21                If an employee not having a written contract for a definite period quits his or her

22                employment, his or her wages shall become due and payable not later than 72 hours

23                thereafter, unless the employee has given 72 hours previous notice of his or her

24                intention to quit, in which case the employee is entitled to his or her wages at the

25                time of quitting. Notwithstanding any other provision of law, an employee who quits

26                without providing a 72-hour notice shall be entitled to receive payment by mail if he

27                or she so requests and designates a mailing address. The date of the mailing shall

28                constitute the date of payment for purposes of the requirement to provide payment

                                          30

1    within 72 hours of the notice of quitting.

2    82.    Cal. Lab. Code § 203 provides:

3    If an employer willfully fails to pay, without abatement or reduction, in accordance

4    with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

5    discharged or who quits, the wages of the employee shall continue as a penalty from

6    the due date thereof at the same rate until paid or until an action therefor is

7    commenced; but the wages shall not continue for more than 30 days.

8    83.    Many of the California Class members have terminated their employment and

9    DEFENDANTS have not tendered restitution of wages owed.

10    84.    Therefore, as provided by Cal lab. Code § 203, on behalf of herself and

11    the members of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as penalty for

12    not paying all wages due at time of termination for all employees who terminated employment

13    during the CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages

14    due, plus interest, as provided by Cal lab. Code § 218.6 plus attorneys fees and interest as allowed

15    by law.

16

17    **FOURTH CAUSE OF ACTION**

18    **For Failure to Provide Meal and Rest Periods**

19    **[Cal. Lab. Code §§ 226.7 and 512]**

20    **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

21    85.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

22    reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 84 of

23    this Complaint.

24    86.    Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an

25    employee for a work period of more than five hours per day without providing the

26    employee with a meal period of not less than 30 minutes, except that if the total work

27    period per day of the employee is no more than six hours, the meal period may be

28    waived by mutual consent of both the employer and employee. An employer may not

31

1    employ an employee for a work period of more than 10 hours per day without

2    providing the employee with a second meal period of not less than 30 minutes,

3    except that if the total hours worked is no more than 12 hours, the second meal

4    period may be waived by mutual consent of the employer and the employee only if

5    the first meal period was not waived.

6        87.  Section 11 of the Order 4-2001 of the Industrial Wage Commission

7    provides, in relevant part:

8        Meal Periods:

9            (A)    No employer shall employ any person for a work period of more than five (5)

10       hours without a meal period of not less than 30 minutes, except that when a

11       work period of not more than six (6) hours will complete the day's work the

12       meal period may be waived by mutual consent of the employer and the

13       employee. Unless the employee is relieved of all duty during a 30 minute

14       meal period, the meal period shall be considered an "on duty" meal period

15       and counted as time worked. An "on duty" meal period shall be permitted

16       only when the nature of the work prevents an employee from being relieved

17       of all duty and when by written agreement between the parties an on-the-job

18       paid meal period is agreed to. The written agreement shall state that the

19       employee may, in writing, revoke the agreement at any time.

20           (B)    If an employer fails to provide an employee a meal period in accordance with

21       the applicable provisions of this order, the employer shall pay the employee

22       one (1) hour of pay at the employee's regular rate of compensation for each

23       workday that the meal period is not provided.

24       88.  Section 12 of the Order 4-2001 of the Industrial Wage Commission

25   provides, in relevant part:

26       Rest Periods:

27           (A)    Every employer shall authorize and permit employees to take rest periods,

28       which insofar as practicable shall be in the middle of each work period. The

32

1    authorized rest period time shall be based on the total hours worked daily at

2    the rate of ten (10) minutes net rest time per four (4) hours or major fraction

3    thereof. However, a rest period need not be authorized for employees whose

4    total daily work time is less than three and one-half (3-1/2) hours. Authorized

5    rest period time shall be counted as hours worked for which there shall be no

6    deduction from wages.

7    (B)    If an employer fails to provide an employee a rest period in accordance with

8    the applicable provisions of this order, the employer shall pay the employee

9    one (1) hour of pay at the employee's regular rate of compensation for each

10    workday that the rest period is not provided.

11    89.    Cal. Lab. Code § 226.7 provides:

12    (a) No employer shall require any employee to work during any meal or rest period

13    mandated by an applicable order of the Industrial Welfare Commission.

14    (b) If an employer fails to provide an employee a meal period or rest period in

15    accordance with an applicable order of the Industrial Welfare Commission, the

16    employer shall pay the employee one additional hour of pay at the employee's regular

17    rate of compensation for each work day that the meal or rest period is not provided.

18    90.    DEFENDANTS have intentionally and improperly failed to provide all

19    rest and/or meal periods without any work or duties to PLAINTIFF and the other members of the

20    CALIFORNIA CLASS who worked more than three and one half hours (3 ½) per day, and by

21    failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

22    91.    Therefore, PLAINTIFF demands on behalf of herself and the members

23    of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not

24    provided for each four (4) hours of work during the period commencing on the date that is within

25    four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours of

26    work in which a meal period was not provided.

27    ///

28    ///

# FIFTH CAUSE OF ACTION

## For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)

92.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 91 of this Complaint.

93.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

94.     At all times relevant herein, DEFENDANTS violated Labor Code § 226, in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by

1  PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective regular rates of

2  pay and the effective overtime rates of pay.

3    95.    DEFENDANTS knowingly and intentionally failed to comply with

4  Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA

5  CLASS. These damages include, but are not limited to, costs expended calculating the true hours

6  worked and the amount of employment taxes which were not properly paid to state and federal tax

7  authorities. These damages are difficult to estimate. PLAINTIFF, and the other members of the

8  CLASS, therefore, elect to recover liquidated damages of $50.00 for the initial pay period in which

9  the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor

10  Code § 226, in an amount according to proof at the time of trial (but in no event more than

11  $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA CLASS herein) plus

12  reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

13

14    **SIXTH CAUSE OF ACTION**

15    **For Unlawful Business Practices**

16    **[Cal. Bus. And Prof. Code § 17200 et seq.]**

17    **(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

18    96.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

19  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 95 of this

20  Complaint.

21    97.    DEFENDANTS are "persons" as that term is defined under Cal. Bus. and Prof.

22  Code § 17021.

23    98.    Cal. Bus. And Prof. Code § 17200 defines unfair competition as any

24  unlawful, unfair, or fraudulent business act or practice.

25    99.    By the conduct alleged hereinabove in the Second through Fifth Claims

26  for Relief, DEFENDANTS have violated the provisions of the Unfair Competition Law, Cal. Bus.

27  & Prof. Code §§ 17200, et seq., for which this Court should issue equitable and injunctive relief,

28  pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or

1   labor taken without proper compensation.

2        100.   By and through the unfair and unlawful business practices described

3   hereinabove, DEFENDANTS have obtained valuable property, money, and services from the

4   PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and

5   benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANTS so as to allow

6   DEFENDANTS to unfairly compete.

7        101.   All the acts described herein as violations of, among other things, the

8   Cal. Lab. Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of

9   public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and Thereby

10   constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200

11   et seq.

12        102.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, are

13   further entitled to, and do, seek a declaration that the above described business practices are unfair

14   and unlawful and that an injunctive relief should be issued restraining DEFENDANTS from

15   engaging in any of these unfair and unlawful business practices in the future.

16        103.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, have

17   no plan, speedy, and/or adequate remedy at law that will end the unfair and unlawful business

18   practices of DEFENDANTS.  As a result of the unfair and unlawful business practices described

19   above, PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered and will

20   continue to suffer irreparable harm unless DEFENDANTS are restrained from continuing to engage

21   in these unfair and unlawful business practices.  In addition, DEFENDANTS should be required to

22   disgorge the unpaid moneys to PLAINTIFF, and the other members of the CALIFORNIA CLASS.

23

24                  **PRAYER**

25       WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

26   as follows:

27       A)     Compensatory damages, according to proof at trial due PLAINTIFF and the other

28             members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

1    applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD

2    plus interest thereon at the statutory rate;

3    B)    Restitution, according to proof at trial, due PLAINTIFF and the other members of the

4    CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus

5    interest thereon at the statutory rate;

6    C)    One (1) hour of pay for each workday in which a rest period was not provided to

7    PLAINTIFF and each member of the CALIFORNIA CLASS for each four (4) hours

8    of work during the period commencing on the date that is within four years prior to

9    the filing of this Complaint;

10    D)    One hour of pay for each five (5) hours of work in which a meal period was not

11    provided to PLAINTIFF and each member of the CALIFORNIA CLASS;

12    E)    An order temporarily, preliminarily and permanently enjoining and restraining

13    DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

14    F)    An order requiring DEFENDANTS to provide an accounting of all wages and all

15    sums unlawfuly withheld from compensation due to PLAINTIFF and the other

16    members of the COLLECTIVE and CALIFORNIA CLASSES;

17    G)    Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent

18    of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and

19    CALIFORNIA CLASSES;

20    H)    An award of interest, including prejudgment interest at the legal rate;

21    I)    An award of statutory damages, including reasonable attorneys' fees and cost of suit;

22    J)    An award of penalties as available under the law; and,

23    K)    Such other and further relief as the Court deems just and proper.

24

25    Dated:   April 20, 2008                          BLUMENTHAL & NORDREHAUG

26

27                                                     By: _____
                                                           Norman B. Blumenthal
                                                           Attorneys for Plaintiff
28

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.

Dated: April _30_, 2008

BLUMENTHAL & NORDREHAUG

By: _____
        Norman B. Blumenthal
        Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

G:\D\NBB\Louie v. Kaiser\draft-federal-complaint.wpd

COMPLAINT

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

DONNA LOUIE, an individual, on behalf of herself, and on behalf of all persons similarly situated,

**(b)**  County of Residence of First Listed Plaintiff  **Alameda**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

BLUMENTHAL & NORDREHAUG, 2255 Calle Clara, La Jolla, California  858.551.1223

**DEFENDANTS**

KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, and Does 1 to 10,



*FILED 2008 MAY -1 AM 10: 0+*
*SOUTHERN DISTRICT OF CALIFORNIA*
*DEPUTY*

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**ORIGINAL**

Attorneys (If Known)

**'08 CV 0795 IEG RBB**

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity) 29 U.S.C. 201, et seq.

Brief description of cause:  Class Action for Unpaid Wages, Overtime, etc.

**VII. REQUESTED IN COMPLAINT:**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $  CHECK YES only if demanded in complaint:  JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  4/30/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  150402   AMOUNT  $350 —   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PB 05/01/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 150402    — MB
* * C O P Y * *
May 01, 2008
09:59:34**

**Civ Fil Non-Pris**
USAO #.: 08CV0795 CIVIL FILING
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC11398

**Total—>   $350.00**

FROM: DONNA LOUIE VS KAISER