**BLUMENTHAL & NORDREHAUG**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**QUALLS & WORKMAN**
  Daniel H. Qualls (State Bar #109036)
  Robin G. Workman (State Bar #145810)
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

Additional Counsel listed on signature page

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LOUIE, an individual, VALERIE STRINGER, an individual, MARK STEELE, an individual, and DAN ROYSE, an individual, JULIE TEAGUE, an individual, and JERAHMEEL CAPISTRANO, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>         Plaintiffs,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, and Does 1 to 10,<br><br>         Defendants. | CASE No. 08 CV 0795 IEG RBB<br><br>DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT |

1

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

1 | I, NORMAN B. BLUMENTHAL, declare as follows:

2 |     1.    My professional corporation is a partner in the law firm of Blumenthal &

3 | Nordrehaug counsel of record for the Class in this matter. As such, I am fully familiar with the

4 | facts, pleadings and history of this matter. The following facts are within my own personal

5 | knowledge, and if called as a witness, I could testify competently to the matters stated herein.

6 |     2.    This declaration is being submitted in support of plaintiff's Motion For an Order

7 | (1) Preliminarily Approving Settlement of Plaintiffs' Claims; (2) Scheduling Final Settlement

8 | Hearing; and (3) Directing that Notice be sent to Class Members. Lodged herewith as Exhibit "A"

9 | is a copy of the Stipulation and Settlement Agreement along with exhibits thereto.

10 |     Fairness of Settlement

11 |     3.    Plaintiffs and Class Counsel believe that this settlement is fair, reasonable and

12 | adequate. Under the terms of the Stipulation and Settlement Agreement, the parties agreed that

13 | Kaiser would make a payment of Five Million, Four Hundred Thousand Dollars ($ 5.4 million) in

14 | full discharge of all claims asserted in this action on a claims-made basis. This sum is inclusive of

15 | all claims of the Settlement Class Members related to this action, as well as Class Counsel's

16 | attorneys' fees and costs, an incentive awards for the Class Representatives, the payment to the

17 | California Labor and Welfare Development Agency, and the cost of class notice and claims

18 | administration.

19 |     4.    The Settlement Agreement provides for a claims process requiring Kaiser to make

20 | payments on each timely and valid claim submitted. All Settlement Class members will receive an

21 | opportunity to participate in and receive payment.

22 |     5.    The parties submitted to mediation before Anthony A. Piazza, a prominent mediator

23 | with extensive experience in wage and hour class actions. As a result of the all day mediation, the

24 | parties reached a settlement that they believed to be fair and reasonable in light of the experience of

25 | the Parties' attorneys as Class Counsel in wage and hour cases, and the uncertainties and cost of the

26 | years of litigation the Parties faced if the settlement was not reached.

27 |     6.    This is an excellent result for the members of the Settlement Class. Liability in this

28 |

2

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB

1    case was uncertain because of the need to demonstrate that the Class Members were misclassified as

2    exempt from overtime pay requirements.  Indeed, some courts have found more than one exemption

3    to apply in cases involving similar facts.  Moreover, there was further uncertainty as to whether

4    class certification could have been achieved and maintained throughout the litigation.  While the

5    amount of wages for each Class Member would be hard to calculate, the $5.4 million allows for the

6    payment of a reasonable estimate of unpaid overtime wages.  The calculations to compensate for the

7    amount due for the nonpayment of wages were calculated by CADA, Plaintiffs' damage expert.  For

8    the Product Specialist and Business Application Coordinators ("BACs"), the overtime hourly rate

9    used was the rate of $35.33.  The number of workweeks involved was 42,505 for the Class Period.

10   Each one (1) hour per workweek of unpaid overtime for the BACs equals $1,501,489.13 for the

11   Class Period.  Each missed meal break per work week for the BACs equals $1,000,992.75 for the

12   Class Period.  Each missed rest break per work week for the BACs equals $1,000,992.75 for the

13   Class Period.  As a result, Kaiser was subject to claims at a rate of $3,503,474.63 for the

14   combination of one unpaid hour of overtime, one missed meal break, and one missed rest break per

15   workweek for the BACs .  For the Site Support Specialists ("SSSs"), the overtime hourly rate used

16   was the rate of $50.76.  The number of workweeks involved was 9,283 for the Class Period.  The

17   Class Members employed as SSSs worked additional unpaid overtime as a result of their on-call

18   responsibilities, which was not required of the BACs.  Accordingly, CADA calculated that every

19   four (4) hours per workweek of unpaid overtime for the SSSs equals $1,884,820.32.  Each missed

20   meal break per work week for the SSSs equals $314,136.72.  Each missed rest break per workweek

21   for the SSSs equals $314,136.72.  As a result, Kaiser was subject to claims at a rate of

22   $2,513,093.76 for the SSSs.  Consequently, Kaiser was subject to total claims at a rate of

23   $6,016,568.39 for the entire Class Period for the combination of unpaid overtime, missed meal

24   breaks, and missed rest breaks for the entire Class.  The settlement of $5,400,000, before

25   deductions, represents 89.75% of the subject claims and  after deduction of the PAGA payment of

26   $25,000, the attorneys' fees and costs payment of $1,450,000, the claims administration payment of

27

28
DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB

1    $50,000, and the Named Plaintiffs' incentive awards of $150,000, the NFV equals $3,725,000,

2    which is nearly 62% of a full recovery, assuming these amounts could be proven at trial.

3    <u>Procedural History of the Litigation</u>

4         7.        On October 4, 2007, Valerie Stringer filed a complaint in the Superior Court for the

5    County of Alameda, State of California as Case No. RG 07349734, entitled *Valerie Stringer v.*

6    *Kaiser Permanente, et. al.*, on behalf of a putative class of Product Specialists and Business

7    Application Coordinators ("BACs") who worked on the KP HealthConnect project in California.

8    The central allegation of the *Stringer* lawsuit was that the BACs had been misclassified as exempt.

9    On November 13, 2007, Plaintiffs Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano

10   filed a complaint in the U.S. District Court for the Northern District of California entitled *Mark*

11   *Steele, et al. v. Kaiser Foundation Health Plan, Inc.*, Case No. 3:07-cv-05743. The *Steele* Plaintiffs

12   also alleged wage and hour claims on behalf of a putative class of Product Specialists and BACs

13   who worked on the KP HealthConnect project in California, asserting essentially the same exempt

14   misclassification claims as those asserted in the *Stringer* lawsuit. On May 1, 2008, Donna Louie,

15   filed a complaint in the U.S. District Court for the Southern District of California entitled *Donna*

16   *Louie v. Kaiser Foundation Health Plan, Inc.*, Case No. 08 CV 0795 IEG RBB. Louie alleged

17   similar claims as those asserted in the *Stringer* and *Steele* lawsuits, but on behalf of a separate class

18   of Site Support Specialists who were not alleged as claimants in the other litigation and who worked

19   on the KP HealthConnect project in California. Louie also worked as a BAC for Kaiser.

20   All of the above referenced lawsuits dealt with Kaiser employees who all performed similar

21   functions in connection with the KP HealthConnect project. The parties recognized the similarities

22   between the lawsuits and, as a result, agreed that these class actions are related and can be settled

23   collectively.

24         8.        In order to coordinate all lawsuits for the purposes of requesting Court

25   approval of the Settlement, the Parties agreed that the *Steele* and *Stringer* actions would be

26   dismissed. Counsel for Donna Louie would then file an amended *Louie* complaint to also allege all

27

28

4

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB

1  claims set forth in the *Steele* and *Stringer* actions, along with adding thereto as Named Plaintiffs all

2  Plaintiffs in the *Steele* and *Stringer* actions and file the same with all Class Counsel as counsel for

3  Plaintiffs as a First Amended Complaint (the "Action").  Since the Settlement Agreement was

4  reached, the *Steele* action was dismissed without prejudice and Louie filed an amended complaint to

5  consolidate the claims of the Named Plaintiffs from all three actions.  Per the Settlement

6  Agreement, the *Stringer* action will be dismissed with prejudice upon the effective date of the

7  Settlement.

8          9.      The First Amended Complaint ("FAC") in *Louie* was also amended to amended to

9  add a claim under the Private Attorney Generals Act ("PAGA"), Cal. Labor Code §2698, *et seq.*

10  The Action therefore currently asserts claims for violations of the California Labor Code §§ 204,

11  210, 218, 226, 226.7, 510, 512, 1194 and 1198, the Fair Labor Standards Act, 29 U.S.C. § 216, and

12  the California Business and Professions Code §17200, along with claims for civil penalties under

13  PAGA.  The Named Plaintiffs allege that individuals employed by Kaiser as Product Specialists,

14  Business Application Coordinators, and Site Support Specialists were not paid overtime wages for

15  all hours worked more than eight (8) in a day, forty (40) in a week, or on the seventh (7th)

16  consecutive day of a workweek, and were not provided with all meal and rest breaks as required for

17  non-exempt employees.  The Action seeks various statutory penalties and restitution for unfair

18  competition pursuant to California Business and Professions Code Section 17200 including

19  disgorgement of profits, recovery of pre and post judgment interest, attorneys' fees, and costs.

20          10.     The Class consists of all individuals who, at any time between October 4, 2003 and

21  preliminary approval of the settlement, worked for Kaiser Foundation Health Plan, Inc. in California

22  in connection with KP HealthConnect in the positions of Product Specialist, Business Application

23  Coordinator ("BAC") or Site Support Specialist.

24          11.     Kaiser denies any and all liability or wrongdoing of any kind associated with the

25  claims alleged in the FAC.  Further, Kaiser denies that the claims asserted are suitable for class

26  treatment.  Kaiser maintains, among other things, that they have complied at all times with the

27

28

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

1  California Labor Code, that the members of the putative class were paid for wages for all hours

2  worked, and that all members of the putative class were provided with meal and rest breaks.

3  Specifically, in Kaiser's view, the Settlement Class members were properly classified as exempt.

4  Further, Kaiser contends that class certification would be inappropriate because the Named

5  Plaintiffs do not share common issues of fact or law with the proposed class, they are not adequate

6  representatives of the proposed class, their claims are not typical of the proposed class and class

7  treatment would require the court to conduct myriad individualized inquiries that would

8  predominate over any common questions of law or fact.

9       12.    Plaintiffs contend that Kaiser violated California wage and hour laws and that the

10  Action is appropriate for class certification on the basis that the Named Plaintiffs' claims meet the

11  requisites for class certification.  Without admitting that class certification is proper, Kaiser has

12  stipulated that a Class of all individuals employed as Product Specialists, Business Application

13  Coordinators, and/or Site Support Specialists by Kaiser in California may be certified for settlement

14  purposes only.  The Parties agree that certification for settlement purposes is not an admission that

15  class certification would be proper if the class certification issue were litigated.  Further, this

16  agreement is not admissible in this or any other proceeding as evidence that the Class could be

17  certified absent a settlement.  Solely for purposes of settling the lawsuits, the Parties stipulate and

18  agree that the requisites for establishing class certification with respect to the Class, as defined

19  above, have been met and are met.

20       13.    Class Counsel has conducted a thorough investigation into the facts of the class

21  action.  Class Counsel has diligently evaluated the Class Members' claims against Kaiser.  Prior to

22  the parties executing a "Memorandum of Understanding," counsel for Kaiser provided Class

23  Counsel with access to Class Member data, including data reflecting the weeks worked by the Class

24  Members and relevant salary information for the positions at issue.  Based on the foregoing data and

25  their own independent investigation and evaluation, Class Counsel believes that the settlement with

26  Kaiser for the consideration and on the terms set forth in this Settlement Agreement is fair,

27

28

6

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB

1  reasonable, and adequate and is in the best interest of the class in light of all known facts and

2  circumstances, including the risk of significant delay, defenses asserted by Kaiser, and numerous

3  potential appellate issues.

4      Plan of Allocation

5      14.    In consideration for settlement of this Action and a release of the claims described in

6  paragraph 8 of the Settlement Agreement, Kaiser agrees to pay a Gross Fund Value sum to the Class

7  Members not to exceed Five Million, Four Hundred Thousand Dollars ($5,400,000) ("GFV"), less

8  Class Counsel's attorneys' fees, costs and expenses, the Named Plaintiffs' incentive awards, PAGA

9  payments, and the costs of settlement administration ("The Settlement Amount").

10      15.    The claims for relief alleged in the Action shall be settled for a monetary amount to

11  be paid out of the remainder of the $5.4 million.  The amount of the Gross Fund Value allocable for

12  the payment of claims shall be the amount remaining Net Fund Value ("NFV") after the payment of

13  the following costs: attorneys' fees and costs of Class Counsel as approved by the Court, incentive

14  payments to the Named Plaintiffs for serving as representative Class Plaintiffs as approved by the

15  Court, the costs, fees, charges and expenses of the claims administration, and payment of $25,000 to

16  the California Labor and Workforce Development Agency pursuant to the Private Attorneys General

17  Act.  Eligible Class Members who submit timely claims shall receive their pro rata share of the Net

18  Settlement Consideration based upon the total number of work weeks credited to each individual

19  Class Member for weeks worked during the class period as a percentage of the total number of work

20  weeks of all the Class Members as a group worked during the class period.

21      16.    Each participating Settlement Class Member ("Participating Class Member") will be

22  entitled to a share of the NFV.  To the extent that Class Members opt out or members of the

23  Settlement Class fail to submit a valid Claim Forms so as to become a Participating Class Member

24  their share of the NFV shall not revert to Kaiser, but rather shall first be used to pay the employer's

25  share of payroll taxes with the balance then being redistributed to the Participating Class Members

26  as part of the Settlement Amount available for distribution.  The distribution of this excess

27

28
7

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB

1    unclaimed portion of the NFV over and above the amount required to cover the employer share of

2    payroll taxes shall be proportional to each class claimant's original provisional share of the NFV as

3    per paragraph 12(d)(1) of the Settlement Agreement. As per paragraph 12(d)(2) of the Settlement

4    Agreement, the class shall be broken into a BAC/Product Specialist Subclass and a Site Support

5    Specialist Subclass. The portion of the NFV to pay claims shall be divided so that 40.74% of the

6    fund is allocated to the Site Support Specialist subclass and 59.26% is allocated to the BAC/Product

7    Specialist subclass.

8          17.    As per paragraph 12(c)(2) of the Settlement Agreement, Kaiser and their counsel will

9    not oppose an attorneys' fees award to Class Counsel of 25% of the Settlement Amount, or

10   $1,350,000, to compensate Class Counsel for all of the work already performed in this case and all

11   of the work remaining to be performed in documenting the Settlement, securing Court approval of

12   the Settlement, making sure that the Settlement is fairly administered and implemented and

13   obtaining dismissal of the actions. These fees and costs are included in the GFV. Separate from

14   this award for attorneys' fees, Class Counsel shall be entitled to recoup up to $100,000 for their

15   reasonable litigation costs.

16         18.    Class Counsel will request that each Class Representative, Donna Louie, Valerie

17   Stringer, Mark Steele, Dan Royse, Juli Teague, and Jerahmeel Capistrano, receive an Incentive

18   Award to be deducted from the GFV, of a sum of $25,000 per Named Plaintiff for their service as a

19   Class Representative, in addition to their claim to their individual claim for a share to which they are

20   otherwise entitled through the claims process. Kaiser will not oppose this request.

21         19.    As per paragraph 12(c)(3) of the Settlement Agreement, the reasonable costs of the

22   Claims Administrator associated with the administration of this Settlement not to exceed $50,000

23   will be paid for from the GFV. The Claims Administrator will be CPT Group.

24         20.    As per paragraph 12(c)(1) of the Settlement Agreement, the Parties have allocated a

25   total of Thirty-three Thousand Three Hundred Thirty Three Dollars and Thirty-three Cents

26   ($33,333.33) to a PAGA Settlement Fund. Kaiser agrees to establish a segregated PAGA

27

28
DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB

Settlement Fund from the Gross Settlement Fund consisting of a maximum of $33,333.33. Labor Code section 2699(i) requires that any settlement under this section is distributed as follows: 75% to the State's LWDA for enforcement of labor laws and education of employers and 25 % to aggrieved employees. Therefore, $25,000 will be paid to the State. The remaining $8,333.33 will be distributed on a pro rata basis to Qualified Claimants, as defined in paragraph 14(c) (the "PAGA Award").

21.     Within fifteen (15) business days of preliminary approval by the Court, Kaiser agrees to deposit money in an amount equal to the GFV into an interest-bearing account, through the Claims Administrator. The Claims Administrator shall mail the settlement payments to Qualified Claimants within fifteen (15) business days after the final approval of the settlement by the Court or, if there is any object to the settlement, within twenty (20) business days after the expiration of the time to file appeals or the resolution of any appeals filed.

22.     The proposed Notice states that Class Members who wish to participate in the settlement shall complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, postage paid.

### Risks of Continued Litigation

23.     Plaintiffs and Class Counsel recognizes the expense and length of continuing to litigate and trying this Action against Kaiser through possible appeals which could take several years. Class Counsel also has taken into account the uncertain outcome and risk of litigation, especially in complex actions such as this Action. Class Counsel is also mindful of and recognize the inherent problems of proof under, and alleged defenses to, the claims asserted in the Action. Based upon their evaluation, Plaintiffs and Class Counsel has determined that the settlement set forth in the Stipulation is in the best interest of the  Class Members.

24.     Here  the litigation has been hard-fought with  aggressive and capable advocacy on both sides. Clearly the goal of this litigation, to seek redress for the Class, has been met.

25.     Here, a number of defenses asserted by Kaiser present serious threats to the claims of

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB

1  Plaintiffs and the other Class Members.  For example, Kaiser contends that the time records

2  prepared by the Class Members themselves were the best evidence of the hours worked by

3  employees, that the hours listed on these time records show that significant amount of overtime was

4  not worked by each Class Member.   Kaiser also argued that differences between the individual

5  medical facilities and the practices of the employees at each facility precluded class-wide litigation

6  of the alleged claims.

7      26.    In Bagwell v. Florida Broadband, 2005 WL 1962562, (S.D. Fla. 2005), the district

8  court found that a network operation engineer was exempt under both the administrative and the

9  computer professional exemptions to the FLSA.  The court found that the administrative exemption

10  applied where the plaintiff's primary duty was developing, improving, and making Florida

11  Broadband's network system function reliably. Although the plaintiff performed some physical

12  work, such as installations, the court found that the plaintiff's primary duty was not manual because

13  the predominance of plaintiff's duties were problem-solving, office and administrative duties. Id. at

14  1323-24. In Koppinger v. American Interiors, Inc., 295 F. Supp. 2d 797 (N.D. Ohio 2003), the court

15  granted summary judgment for the employer, finding that the plaintiff who was responsible for

16  maintaining the company's computer system qualified for the administrative exemption.  Id. at 799.[1]

17      27.    Similarly here, Kaiser would have certainly argued that the Class Members were

18  properly classified as exempt because many similarly skilled technical workers have been found to

19  be properly classified as exempt administrators.  While other cases have found that such employees

20  are misclassified as exempt, liability in this action would have been hotly disputed and was by no

21  means a foregone conclusion.

22

23      [1]    See also See also Heffelfinger v. Elec. Data Sys. Corp., 2008 U.S. Dist. LEXIS 46461

24  (C.D. Cal. June 6, 2008) (court held that classes of information technology workers were exempt
under the administrative exemption); Hickman v. United States, 10 Cl. Ct. 550, 561 (1986) (court

25  held that an electronics technician and a computer equipment analyst were exempt under the
administrative exemption); Shillinglaw v. System Works, Inc., 1993 WL 603289 (N.D. Ga. 1993)

26  (holding that the plaintiff, who was employed as a computer programmer/analyst  was an exempt
administrative employee); Raper v. State of Iowa, 688 N.W.2d 29, 43 (Iowa 2004).

27      10

28  DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

28.    Class Counsel has conducted a thorough investigation into the facts of the class action. Class Counsel began investigating the Class Members' claims before this action was filed. Class Counsel engaged in an extensive review and analysis of the relevant documents and data with the assistance of experts. Accordingly, the agreement to settle certainly did not occur until Class Counsel possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation.

29.    Based on the foregoing data and their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Kaiser for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Kaiser, and numerous potential appellate issues. Kaiser and Kaiser's counsel also agree that the Settlement is fair and in the best interest of the Class Members. There can be no doubt that Counsel for both parties possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation.

30.    There is no need for continued litigation simply to reaffirm what is already known by the negotiating parties. The extensive due diligence performed by Class Counsel has not created any doubt concerning the accuracy of the information supplied by Kaiser. Given the complexities of this case, potential offsets, along with the uncertainties of proof and appeal, the proposed settlement in Plaintiffs' view is well within the range of possible approval and has no obvious deficiencies.

31.    Class Counsel is experienced in prosecuting class action lawsuits and can competently represent the Class. For example, other lawyers at my firm and I have extensive class litigation experience. We have handled a number of class actions and complex commercial cases and have acted both as counsel and as lead and co-lead counsel in a variety of these matters. We have successfully prosecuted and obtained significant recoveries in numerous class action lawsuits

11

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB

1   and other lawsuits involving complex issues of law and fact.  Class Counsel has been involved as

2   class counsel in over two hundred (200) class action matters.  A true and correct copy of the resume

3   of my firm is attached hereto as <u>Exhibit "B"</u>.

4        I declare under penalty of perjury under the laws of the State of California that the foregoing

5   is true and correct.  Executed this 21st day of July, 2008, at La Jolla, California.

6

7                            By:    *s/Norman B. Blumenthal*
                               NORMAN B. BLUMENTHAL

8

9   G:\D\NBB\Louie v. Kaiser\Preliminary Approval\Decl NBB.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

DECLARATION OF NORMAN B. BLUMENTHAL IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT

08 CV 0795 IEG RBB



SEYFARTH SHAW LLP
Thomas R. Kaufman (State Bar No. 177936)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Kari Erickson Levine (State Bar No. 146101)
560 Mission Street, Suite 3100
San Francisco, California 97015
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

BLUMENTHAL & NORDREHAUG
Norman Blumenthal (State Bar No. 68687)
2255 Calle Clara
La Jolla, California 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

UNITED EMPLOYEES LAW GROUP
Walter Haines (State Bar No. 71705)
65 Pine Avenue #312
Long Beach, California 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT FOR

## THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LOUIE, an individual, VALERIE STRINGER, an individual, MARK STEELE, an individual, and DAN ROYSE, an individual, JULIE TEAGUE, an individual, and JERAHMEEL CAPISTRANO, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, and DOES 1 to 10, inclusive,<br>          Defendants. | Case No. 08 CV 0795 IEG RBB<br><br>JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT |

1

1    This Joint Stipulation of Settlement and Release ("Stipulation of Settlement") is made

2    and entered into by and between Plaintiffs Donna Louie, Valerie Stringer, Mark Steele, Dan

3    Royse, Julie Teague, and Jerahmeel Capistrano ("Plaintiffs" or "Class Representatives"), and

4    Defendant Kaiser Foundation Health Plan, Inc. ("Defendant"), and is subject to the terms and

5    conditions hereof and the approval of the Court. Plaintiffs and Defendant are referenced

6    collectively herein as "the Parties."

7    1.    Although this Settlement Agreement is being filed for approval within the lawsuit

8    entitled *Donna Louie v. Kaiser Foundation Health Plan, Inc.*, Case No. 08 CV 0795 IEG RBB, it

9    is actually for the settlement of three related pending class actions, referred to collectively as "the

10    Class Actions":

11        a)    On October 4, 2007, Valerie Stringer filed a complaint in Alameda

12        Superior Court entitled *Valerie Stringer v. Kaiser Permanente, et. al.*, Case No.

13        RG 07349734. Stringer alleged wage and hour claims on behalf of a putative

14        class of Product Specialists and Business Application Consultants ("BACs") who

15        worked on the KP Health Connect project in California. Stringer's central

16        allegation was that Product Specialists and BACs had been misclassified as

17        exempt.

18        b)    On November 13, 2007, Plaintiffs Mark Steele, Dan Royse, Julie Teague,

19        and Jerahmeel Capistrano filed a complaint in the U.S. District Court for the

20        Northern District of California entitled *Mark Steele, et al. v. Kaiser Foundation

21        Health Plan, Inc.*, Case No. 3:07-cv-05743. The *Steele* Plaintiffs also alleged

22        wage and hour claims on behalf of a putative class of Product Specialists and

23        BACs who worked on the KP Health Connect project in California asserting

24        essentially the same exempt misclassification claims. In accordance with the

25        terms of this agreement, the *Steele* action has been dismissed without prejudice.

26        c)    On May 1, 2008, Donna Louie, filed a complaint in the U.S. District Court

27        for the Southern District of California entitled *Donna Louie v. Kaiser Foundation

28        Health Plan, Inc.*, Case No. 08 CV 0795 IEG RBB. Louie alleged similar claims,

2

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LA1 6695548.1

1    but on behalf of a class of Site Support Specialists (a different position) who

2    worked on the KP Health Connect project in California and also allegedly had

3    been misclassified as exempt.

4        2.     The parties have agreed that these class actions are related and have settled them

5    collectively. Accordingly, for purposes of this settlement agreement, a "Class Member" shall be

6    defined as follows:

7           "All persons who, at any time between October 4, 2003 and preliminary
approval of the settlement, worked for Kaiser Foundation Health Plan, Inc.

8           in California in connection with KP HealthConnect in the positions of
Product Specialist, Business Application Coordinator ("BAC") or Site

9           Support Specialist."

10    The "Class Members" in the aggregate, who do not opt-out, shall also be referred to herein as the

11    "Settlement Class."

12        3.     The parties agree to the designation of Qualls & Workman, Sanford, Whittles &

13    Heisler, LLP, Law Offices of Grant E. Morris, Blumenthal & Nordrehaug, and United

14    Employees Law Group as class counsel for the Settlement Class.

15        4.     On May 13, 2008, the Parties participated in a mediation before Anthony Piazza

16    which is now over. That mediation resulted in a tentative settlement of the lawsuit, subject to

17    Court approval. The parties have signed a memorandum of understanding, and are now entering

18    into a more detailed, formalized settlement agreement to submit to the Court for approval.

19        5.     For purposes of settling the lawsuit, the Parties conditionally stipulate and agree

20    to class certification for settlement purposes only. Defendant contends that the facts do not

21    justify class certification under governing legal standards. Consequently, a "Settlement Class"

22    has been established for purposes of administration and resolution of this matter only. It is not,

23    and should not be construed, as any admission of fact or law in this matter or any other matter

24    that class certification is appropriate.

25        6.     Defendant denies any liability or wrongdoing of any kind associated with the

26    claims alleged in the lawsuit. Defendant contends, among other things, that it has complied at all

27    times with the California Labor Code, and that Product Specialists, BACs, and Site Support

28    Specialists at all times qualified for exempt status under California and federal law.

3

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LAI 6695548.1

7.      Plaintiffs believe they have filed meritorious actions and that class certification is appropriate. Plaintiffs contend that Defendant violated California's wage and hour laws and that this case is appropriate for class certification as the requisites for class certification can be satisfied in this case and that the case is appropriate to certify as a class action under California law.

8.      **Release of Claims and Covenant Not to Sue.** Each member of the Settlement Class, regardless of whether that member submitted a timely claim, will release Kaiser and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, action or causes of action contingent or accrued for, or which relate to, the classification of Class members as exempt employees under any federal, state or local law, the nonpayment of or failure to record overtime under any federal, state or local law, the failure to pay penalties under the California Labor Code (including without limitation penalties under Labor Code sections 203, 558 or otherwise), including without limitation to, all claims arising under the FLSA, the California Labor Code or Business & Professions Code (including Section 17200), or the Wage Orders of the California Industrial Welfare Commission; claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, any other benefit claimed on account of unpaid overtime, or attorneys' fees and costs, whether known or unknown, during the Settlement Period, arising from the factual allegations of the Class Actions. This release shall not include claims based on factual allegations that were not asserted with the Class Actions.

9.      This settlement provides for a claims made process requiring Defendant to make a payment of FIVE MILLION FOUR HUNDRED THOUSAND DOLLARS ($5,400,000) that shall be referred to herein as a Gross Fund Value ("GFV"), which shall represent the maximum of all payments Defendant shall make toward the settlement of this action and this GFV shall be used to cover all payments of class claims, administration costs, attorney's fees and costs, and

4

1  enhancement awards. The payments are not being made for any other purpose and shall not be

2  construed as compensation for purposes of determining eligibility for any health and welfare

3  benefits or unemployment compensation. Defendant shall pay, in addition to the Gross Fund

4  Value, any appropriate and lawfully required employer payroll taxes owing on the portion of the

5  Gross Fund Value that is allocated to wages and that are not covered by the reversionary funds,

6  all of which will be first used to pay the Defendant's employer payroll taxes, with the balance to

7  be distributed pro-rata to Participating Class Members who submit valid claims on a proportional

8  basis. The parties agree to allocate 70% of any amounts paid to class members as wages, and the

9  remainder to non-wages (penalties) reportable on a form 1099.

10      10.    The Net Fund Value ("NFV") will constitute the portion of the GFV remaining

11  after PAGA Payments, Court -approved attorneys' fees and costs, administration costs, and

12  incentive awards described herein are subtracted from the GFV.

13      11.    After deduction from the GFV of the allocated PAGA Payments, projected costs

14  of administration, class representative enhancements, potential attorney fees and attorneys' costs

15  if all class members filed claims, the NFV will be available for distribution to the Settlement

16  Class. Those persons who timely submit a valid Claim Form are "Participating Class Members."

17  Each Participating Class Member will be allocated a pro rata share of the NFV based on the

18  formula set forth below in paragraph 12-d.

19

20                    **TERMS OF SETTLEMENT**

21      12.    NOW, THEREFORE, in consideration of the mutual covenants, promises, and

22  warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

23              a.    It is agreed by and among the Plaintiffs and Defendant that the Class

24                    Actions and any claims, damages, or causes of action arising out of the

25                    disputes that are the subject of the Class Actions, be settled and

26                    compromised as between the Settlement Class and Defendant, subject

27                    to the terms and conditions set forth in this Stipulation of Settlement

28                    and the approval of the Court.

                              5

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LA1 6695548.1

b. <u>Settlement Date</u>: The Settlement date ("Effective Date") shall be the date of final approval if no objections are filed to the settlement. If Settlement objections are filed and overruled, and no appeal is taken of the final approval order, then the effective date of final approval shall be sixty-five (65) days after the trial court enters final approval. If an appeal is taken from the Court's overruling of objections to the Settlement, then the effective date of final approval shall be twenty (20) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.

c. <u>Initial Reductions from GFV</u>

1) <u>PAGA Payments</u>: The Parties allocate a total of THIRTY-THREE THOUSAND THREE HUNDRED THIRTY THREE DOLLARS AND THIRTY-THREE CENTS ($33,333.33) to a PAGA Settlement Fund. Defendants agree to establish a segregated PAGA Settlement Fund from the Gross Settlement Fund consisting of a maximum of $33,333.33. Labor Code section 2699(i) requires that any settlement under this section is distributed as follows: 75% to the State's LWDA for enforcement of labor laws and education of employers and 25 % to aggrieved employees. Therefore, $25,000 will be paid to the State. The remaining $8,333.33 will be distributed on a pro rata basis to Qualified Claimants, as defined in paragraph 14(c) (the "PAGA Award"). In this regard, the PAGA Award will be determined by calculating the aggregate number of workweeks each Class Member was employed by Defendant as a Product Specialist, BAC, or Site Support Specialist and shall be determined by reference to Defendant's payroll records.

6

2) <u>Attorney's Fees</u>: In consideration for settling this matter and in exchange for the release of all claims by the Settlement Class, and subject to final approval, Defendant agrees, Class Counsel may petition the Court for an award that would yield them up to one fourth of all amounts paid into the GFV to compensate and reimburse Class Counsel for all of the work already performed by Class Counsel in this case, all of the work remaining to be performed by Class Counsel in documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining dismissal of the Class Actions. Separate from this award for attorney's fees, Class Counsel shall be entitled to recover up to ONE HUNDRED THOUSAND DOLLARS ($100,000) for their reasonable litigation costs. Should the Court approve a lesser percentage or amount of fees and/or costs then the amount that Plaintiffs ultimately seek, then the unapproved portion or portions shall be reallocated to the NFV. Pursuant to the provisions of Paragraph 18 herein, the Claims Administrator shall issue the attorneys' fees checks to Class Counsel distributing 60% of said fees to Qualls & Workman, Sanford, Whittles & Heisler, LLP, and Law Offices of Grant E. Morris and 40% to Blumenthal & Nordrehaug and United Employees Law Group, P.C.

3) <u>Administration Costs</u>: The parties have selected CPT Group as Claims Administrator in this action. CPT Group has agreed to perform all necessary class administration duties for a fee not to exceed Fifty-Thousand Dollars ($50,000). This administration duty shall include without limitation, mailing notices, claim forms and exclusion forms, performing address updates and verifications

7

as necessary prior to the first mailing, mailing reminder postcards, deficiency letters, performing a single skip trace on any returned mail, and the calculation, processing, and mailing of all class member settlement checks and tax forms (including W-2s and 1099s) to the Class Members and tax authorities. All administration costs shall be taken from the GFV.

4) <u>Class Representative Incentive Awards</u>: Class counsel will request that the Court approve an incentive award not to exceed Twenty-Five Thousand Dollars ($25,000) per class representative, for distribution to each of the Plaintiffs in the Class Actions as the named class representatives, in addition to their entitled share of the NFV as a Class Member. Defendant will not oppose this request. Should the Court approve incentive awards to Plaintiffs in an amount less than that set forth herein, the unapproved portion shall be reallocated to the NFV. The named Plaintiffs shall execute a general release of all claims up to and including the date of preliminary approval.

d. <u>Calculation of Participating Class Members' Share of the NFV</u>

1) <u>Payments to Participating Class Members as a Group</u>: Each member of the Settlement Class who returns an approved claim form will be entitled to a share of the NFV. To the extent that Class Members opt out or members of the Settlement Class fail to submit a valid Claim Forms so as to become a Participating Class Member their share of the NFV shall not revert to the Defendant but rather shall first be used to pay the employer's share of payroll taxes with the balance then being redistributed to the Participating Class Members as part of the NFV available for distribution. The distribution of this excess unclaimed portion of the NFV over and

8

1    above the amount required to cover the employer share of payroll

2    taxes shall be proportional to each class claimant's original

3    provisional share of the NFV.

4    2)    Payment to Each Individual Participating Class Member: The

5    class shall be broken into a BAC/Product Specialist Subclass and a

6    Site Support Specialist Subclass. The portion of the NFV to pay

7    claims shall be divided so that 40.74% of the fund is allocated to

8    the Site Support Specialist subclass and 59.26% is allocated to the

9    BAC/Product Specialist subclass. The Claims Administrator shall

10    initially determine each Class Members' share of the NFV. The

11    initial calculation shall determine the total number of work weeks

12    of each Class Member for the Class Period between October 4,

13    2003 and the date of preliminary approval and then dividing each

14    Class Members applicable work weeks by the total of all the

15    applicable work weeks for that employees' subclass to get a

16    percentage of the NFV to be allocated to the Class Members as

17    their share under the initial calculation. Where employees worked

18    in both subclasses, the administrator shall perform a separate

19    calculation for their share in derived from work in each subclass.

20    For purposes of this calculation, a "workweek" shall be defined as

21    the total number of payroll hours the employee worked during the

22    class period in a Product Specialist, BAC, or Site Support

23    Specialist position, divided by 40. The final calculation of the total

24    number of work weeks for the Class shall be determined for the

25    Class Period from October 4, 2003 and the date of preliminary

26    approval. The Claims Administrator shall advise counsel for both

27    Parties as to the final calculation of total work weeks. The final

28    calculation shall first determine the correct GFV and the NFV are

9

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LA1 6695548.1

properly calculated. Next the Participating Class Members shall be allocated their prorated share of the available NFV using the formula set forth herein above. To the extent that this amount reallocates any non-reversionary amount to these Participating Class Members that amount shall first be used to pay employer's share of payroll taxes for the Participating Class Member.

13.   Funding and Payout of Settlement

a.   Settlement Funding Deadline:  Within fifteen (15) business days of preliminary approval by the Court , Defendant will deposit money in an amount equal to the Gross Fund Value into an interest-bearing account, through the Claims Administrator.  The interest accrued will become part of the GFV to be distributed pursuant to the formulas provided in Paragraph 12. The effective date shall be the date of final approval if no objections are filed to the settlement.  If objections are filed and overruled, and no appeal is taken of the final approval order, then the effective date of final approval shall be sixty-five (65) days after the trial Court enters final approval.  If an appeal is taken from the Court 's overruling of objections to the settlement, then the effective date of final approval shall be twenty (20) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.  If the "effective date" of final approval eventually occurs, then the interest earned on this deposit will be included in the Net Fund Value.  If final approval is denied, or final approval is reversed on appeal, then Defendant is entitled to prompt return of the principal and all interest accrued.

b.   Settlement Payout Timetable:  Within fifteen (15) business days of the "effective date" of final approval of the settlement, the Claims Administrator will pay all claims, and Court -approved attorney's fees,

10

costs, and enhancement payments. No money will be distributed unless and until the effective date of final approval occurs.

14. Miscellaneous Provisions re Settlement Funds:

    a.  Tax Treatment of Claim Share Portion of Settlement Payments: Of the amount to be paid to Class Members, 70% is allocated to wages and 30% is allocated to interest and penalties. The Claims Administrator will be responsible for all required withholdings. Each Class Member will receive an IRS Form W-2 from the Claims Administrator for his or her portion of the amount treated as wages and will be responsible for correctly characterizing this compensation for tax purposes and for payment of any taxes owing on said amount. Each Class Member will receive an IRS Form 1099 from the Claims Administrator for his or her portion of the amount treated as interest and penalties and will be responsible for correctly characterizing this compensation for tax purposes and for payment of any taxes owing on said amount. In the event of an audit of Defendant by any state or federal government agency, or if any tax authority should dispute the characterization of this compensation, Defendant reserves all rights to indemnification permitted by law.

    b.  Tax Treatment of Class Representative Enhancement Award: Plaintiffs will receive an IRS Form 1099 for their individual incentive awards, and will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on said amount. In the event of an audit of Defendant by any state or federal government agency, or if any tax authority should dispute the characterization of this compensation, Defendant reserves all rights to indemnification permitted by law.

    c.  Resolution of Disputes Relating To Length of Time That a Claimant Worked in a Covered Position: A "Qualified Claimant" will be defined as

11

an individual in the Settlement Class who will have timely submitted a Claim Form signed under the penalty of perjury.  If a Qualified Claimant timely disputes Defendant's records (on a Claim Form) as to the dates or hours that he or she worked as a Class Member, or as to his or her hourly rate, or as to the proper size of his or her claim, the Parties' Counsel will make a good faith effort to resolve the dispute informally.  If they cannot agree, the dispute shall be submitted to the Claims Administrator, who shall examine payroll records in an attempt to resolve the dispute.  In any event, the administrator must resolve any such disputes prior to final approval of this settlement.

d.   Right to Rescission:  Notwithstanding any other provision of this Stipulation of Settlement, Defendant shall retain the right, in the exercise of its sole discretion, to nullify the settlement within thirty (30) days of expiration of the opt-out deadline, if ten percent (10%) or more Class Members opt out of the settlement.  All signatories and their counsel must not encourage opt-outs.  Counsel for all Parties specifically agree not to solicit opt-outs, directly or indirectly, through any means.  In the event of such a rescission, no party may use the fact that the parties agreed to settle this case as evidence of Defendant's liability in this lawsuit or the lack thereof.

e.   Defendant has indicated that the number of class workweeks through mediation is approximately 49,000, inclusive of Product Specialists, BACs, and Site Support Specialists.  These workweeks were calculated by summing total payroll work hours for the class members, and dividing this sum by 40.  Defendant will perform a full verification of all workweeks through May 13, 2007 to ensure that the actual number of workweeks is no more than 5% above the estimated number.  To the extent the actual workweeks exceeds the estimate by more than 5%, the total settlement

12

1   amount shall increase proportionally by the amount of the difference in

2   excess of 5%.

3

4   ### NOTICE TO THE PLAINTIFF CLASS

5   15.   The Parties agree that within ten (10) business days after preliminary approval of

6   this settlement agreement, Defendant will provide to the Claims Administrator all of the

7   following information about each Class Member in a format requested by the Claims

8   Administrator: (1) name, (2) last known home address, (3) Social Security number, and, (4) the

9   workweeks each class member worked during the class period. The Claims Administrator will

10   perform address updates and verifications as necessary prior to the first mailing. Within twenty

11   (20) days after the latter of the preliminary approval or the Court approval of the Settlement

12   Notice to the Class, and subject to the approval of the Court , the Claims Administrator will mail

13   a Notice of Pendency of Class Action, Proposed Settlement, Right to be Excluded From or

14   Object to Settlement, and Notice of Hearing Date for Court Approval ("Notice") in the form

15   attached hereto as Exhibit "A" to each Class Member, by first class mail, in an envelope

16   addressed substantially similar to that attached to Exhibit "A". The notice will include a

17   calculation of the class member's minimum share of the NFV. Attached to the Notice will be a

18   Claim Form and Request for Exclusion Form, in the forms attached hereto as Exhibits "B" and

19   "C," respectively. The Claims Administrator shall include with the Notice a blank IRS Form W-

20   9.

21

22   ### CLAIM PROCESS

23   16.   Class Members will have forty-five (45) days from the date of the mailing of the

24   notice in which to postmark objections, a notice of opting out, or a notice of claim form. The

25   Claims Administrator will mail a follow-up notice to those class members who have not

26   responded twenty (20) days before the expiration of the claim period encouraging Class

27   Members to respond. The Claims Administrator will perform one skip-trace on returned mail

28   and re-mail claim forms to an updated address (if any) within fifteen (15) business days of

13

1  receipt of the returned mail. It is the intent of the parties that reasonable means be used to locate

2  Class Members.

3       17.     Within ten (10) business days of receipt by the Claims Administrator of each

4  timely submitted Claim Form, the Claims Administrator will send a deficiency notice to the

5  Class Members for any irregularities in the completed Claim Form. The deficiency notice will

6  provide the Class Members no more than fifteen (15) days from the mailing of the deficiency

7  notice to postmark the response to any deficiencies in writing. The failure of a Class Member to

8  execute a Claim Form under penalty of perjury, timely submit a claim form, or timely submit a

9  response to any deficiency notice shall invalidate a claim and will not be considered deficiencies

10  subject to cure, unless counsel for both parties stipulate to allow cure. To the extent that Class

11  Members fail to make claims, their provisional share of the settlement fund shall be redistributed

12  to class members who make claims, except that such unclaimed funds will first be allocated to

13  pay the employer share of payroll taxes.

14       18.     Fifteen (15) business days after the effective date of final approval of the

15  settlement, the Claims Administrator will pay all claims, and Court -approved attorney's fees,

16  costs, and incentive payments. The effective date will be the date of final approval if no

17  objections are filed to the settlement. If objections are filed and overruled, and no appeal is

18  taken of the final approval order, then the effective date of final approval will be sixty-five (65)

19  days after the trial Court enters final approval. If an appeal is taken from the Court 's overruling

20  of objections to the settlement, then the effective date of final approval will be twenty (20) days

21  after the appeal is withdrawn or after an appellate decision affirming the final approval decision

22  becomes final. No money will be distributed unless and until the effective date of final approval

23  occurs. Proof of payment will be filed with the Court and provided by the Claims Administrator

24  to the Parties' counsel.

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LA1 6695548.1

## RELEASE BY THE CLASS

19.    The period ("Release Period") for which the members of the Settlement Class release their claims, in exchange for the payments made to them under the terms of this settlement is: October 4, 2003 through the date of preliminary approval of the settlement.

## DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL

20.    Prior to the Request of Preliminary Approval, Counsel for Donna Louie will file an amended *Louie* complaint to also allege all claims set forth in the *Steele* and *Stringer* actions, along with adding thereto as Named Plaintiffs all Plaintiffs in the *Steele* and *Stringer* actions and file the same with all Class Counsel as counsel for Plaintiffs as a First Amended Complaint. The Parties shall promptly submit this Stipulation of Settlement to the Court in support of a request for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Stipulation of Settlement, the Parties shall apply to the Court for the entry of a preliminary order substantially in the following form:

       a.    Scheduling a preliminary fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees and costs, and the Class Representatives' enhancement awards, should be finally approved as fair, reasonable and adequate as to the members of the Class;

       b.    Certifying a settlement class for all claims;

       c.    Certifying this action under Federal Rule of Civil Procedure 23, as a class action for purposes of settlement;

       d.    Approving as to form and content the proposed Notice;

       e.    Approving as to form and content the proposed Claim Form;

       f.    Approving as to form and content the proposed Request for Exclusion Form;

       g.    Directing the mailing of the Notice, Claim Form, Request for Exclusion Form, and blank W-9 Form by first class mail to the Class Members;

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LA1 6695548.1

h.    Preliminarily approving the settlement subject only to the objections of Class Members and final review by the Court ;

i.    Preliminarily approving costs of administration payable to CPT Group in an amount not to exceed Fifty Thousand Dollars ($50,000);

j.    Preliminarily approving Class Counsel's request for attorneys' fees and costs subject to final review of the Court ; and

k.    Preliminarily approving Class Counsel's request that each Plaintiff receive an incentive award in the amount of Twenty-Five Thousand Dollars ($25,000).

## DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL

21.    Following final approval of the settlement provided for in this Stipulation of Settlement, Class Counsel will submit a proposed final order:

a.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.    Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

c.    Approving the incentive award to each Plaintiff in the amount of Twenty-Five Thousand Dollars ($25,000);

d.    Dismissing this action on the merits and with prejudice and permanently barring all members of the Settlement Class from prosecuting against Releasees, any individual or class claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the lawsuit, that were or could have been asserted in this action, through the date of the final approval of this Settlement upon satisfaction of all payments and obligations hereunder.

16

e.    Dismissing the *Stringer* action without prejudice upon the effective date of Settlement

## PARTIES' AUTHORITY

22.    The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

23.    The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court , or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court 's final approval of this Stipulation of Settlement.

## NO PRIOR ASSIGNMENTS

24.    The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

25.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Stipulation of Settlement

17

1    with the intention to avoid further disputes and litigation with the attendant inconvenience and
2    expenses.

3                                    **CONSTRUCTION**

4         26.    The Parties hereto agree that the terms and conditions of this Stipulation of
5    Settlement are the result of lengthy, intensive arms length negotiations between the Parties, and
6    that this Stipulation of Settlement shall not be construed in favor of or against any party by
7    reason of the extent to which any party or his, her or its counsel participated in the drafting of
8    this Stipulation of Settlement.

9
10                          **CAPTIONS AND INTERPRETATIONS**

11        27.    Paragraph titles or captions contained herein are inserted as a matter of
12    convenience and for reference, and in no way define, limit, extend, or describe the scope of this
13    Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is
14    contractual and not merely a recital.

15
16                                    **MODIFICATION**

17        28.    This Stipulation of Settlement may not be changed, altered, or modified, except in
18    writing and signed by the Parties hereto, and approved by the Court .  This Stipulation of
19    Settlement may not be discharged except by performance in accordance with its terms or by a
20    writing signed by the Parties hereto.

21
22                               **INTEGRATION CLAUSE**

23        29.    This Stipulation of Settlement contains the entire agreement between the Parties
24    relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous
25    agreements, understandings, representations, and statements, whether oral or written and whether
26    by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived
27    except in writing.
28

18

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LA1 6695548.1

## BINDING ON ASSIGNS

30.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## SIGNATORIES

31.    It is agreed that because the large number of Class Members, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement. The Notice, Exhibit "A" hereto, will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Class.

## PUBLIC COMMENT

32.    All of the Parties and their counsel agree that, until the first Notice is mailed pursuant to paragraph 15 of this Stipulation of Settlement, they shall not share or have any communications with any member of the media other than to say that "the matter has been resolved to the mutual satisfaction of the Parties." Plaintiffs, Class Counsel, Defendant and their Counsel agree that at no time will Plaintiffs or Class Counsel share with the media the number of class members, nor any Class Member's pro rata share of the NFV. Plaintiffs and Class Counsel agree that at no time will Plaintiffs or Class Counsel issue any press release to any member of the media relating to this action or to this Stipulation of Settlement. Notwithstanding the terms of this paragraph, Defendant shall be free to make whatever disclosures it deems necessary and appropriate to its officers, managers, or employees, provided those disclosures are truthful. After the first notice is sent, Plaintiffs and Class Counsel may refer others to the public record for information about this case and/or make comments to others provided those comments reflect information contained in the public record. Nothing in this paragraph precludes Plaintiff's counsel from publishing information about this case on their firm website after the initial notice is mailed to the class.

19

## COUNTERPARTS

33.     This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

DATED: July 8, 2008          By: _____
                             Gregory A. Adams, President
                             KAISER FOUNDATION HEALTH PLAN, INC.

DATED: June 13, 2008         By: _____
                             Valerie Stringer
                             Class Representative

DATED: June ___, 2008        By: _____
                             Mark Steele
                             Class Representative

DATED: June ___, 2008        By: _____
                             Dan Royse
                             Class Representative

DATED: June ___, 2008        By: _____
                             Julie Teague
                             Class Representative

DATED: June ___, 2008        By: _____
                             Jerahmeel Capistrano
                             Class Representative

DATED: June ___, 2008        By: _____
                             Donna Louie
                             Class Representative

20

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LAI 6701283.2

1

## COUNTERPARTS

2    33.    This Stipulation of Settlement may be executed in counterparts, and when each

3 party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

4 original, and, when taken together with other signed counterparts, shall constitute one Stipulation

5 of Settlement, which shall be binding upon and effective as to all Parties.

6 DATED: June __, 2008          By_____

7                                    KAISER FOUNDATION HEALTH PLAN, INC.

8 DATED: June __, 2008          By: _____
9                                    Valerie Stringer
                                    Class Representative

10
      DATED: June 17, 2008        By: *Mark A. Steele*
11                                    Mark Steele
                                    Class Representative
12

13 DATED: June __, 2008          By: _____
                                    Dan Royse
14                                    Class Representative

15
      DATED: June __, 2008        By: _____
16                                    Julie Teague
                                    Class Representative
17

18 DATED: June __, 2008          By: _____
19                                    Jerahmeel Capistrano
                                    Class Representative

20
      DATED: June __, 2008        By: _____
21                                    Donna Louie
                                    Class Representative
22

23

24

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LAI 6701283.2

## COUNTERPARTS

33.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

DATED: June ___, 2008          By_____

                               KAISER FOUNDATION HEALTH PLAN, INC.

DATED: June ___, 2008          By: _____
                                   Valerie Stringer
                                   Class Representative

DATED: June ___, 2008          By: _____
                                   Mark Steele
                                   Class Representative

DATED: June 17, 2008           By: _____
                                   Dan Royse
                                   Class Representative

DATED: June ___, 2008          By: _____
                                   Julie Teague
                                   Class Representative

DATED: June ___, 2008          By: _____
                                   Jerahmeel Capistrano
                                   Class Representative

DATED: June ___, 2008          By: _____
                                   Donna Louie
                                   Class Representative

1
## COUNTERPARTS

2    33.    This Stipulation of Settlement may be executed in counterparts, and when each

3    party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

4    original, and, when taken together with other signed counterparts, shall constitute one Stipulation

5    of Settlement, which shall be binding upon and effective as to all Parties.

6    DATED: June ___, 2008                By_____

7                                          KAISER FOUNDATION HEALTH PLAN, INC.

8    DATED: June ___, 2008                By: _____
9                                              Valerie Stringer
                                               Class Representative
10
     DATED: June ___, 2008                By: _____
11                                             Mark Steele
                                               Class Representative
12

13   DATED: June ___, 2008                By: _____
14                                             Dan Royse
                                               Class Representative
15

16   DATED: June 7, 2008                  By: _____
                                               Julie Teague
17                                             Class Representative

18   DATED: June ___, 2008                By: _____
19                                             Jerahmeel Capistrano
                                               Class Representative
20

21   DATED: June ___, 2008                By: _____
                                               Donna Louie
22                                             Class Representative

23

24

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LAI 6701283.2

# COUNTERPARTS

33.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

DATED:  June ___, 2008              By_____

                                    KAISER FOUNDATION HEALTH PLAN, INC.

DATED:  June ___, 2008              By: _____
                                        Valerie Stringer
                                        Class Representative

DATED:  June ___, 2008              By: _____
                                        Mark Steele
                                        Class Representative

DATED:  June ___, 2008              By: _____
                                        Dan Royse
                                        Class Representative

DATED:  June ___, 2008              By: _____
                                        Julie Teague
                                        Class Representative

DATED:  June 18, 2008               By: _____
                                        Jeramel Capistrano
                                        Class Representative

DATED:  June ___, 2008              By: _____
                                        Donna Louie
                                        Class Representative

20

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT
LA1 6701283.2

## COUNTERPARTS

33.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

DATED:  June ___, 2008            By_____

                                 KAISER FOUNDATION HEALTH PLAN, INC.

DATED:  June ___, 2008            By: _____
                                     Valerie Stringer
                                     Class Representative

DATED:  June ___, 2008            By: _____
                                     Mark Steele
                                     Class Representative

DATED:  June ___, 2008            By: _____
                                     Dan Royse
                                     Class Representative

DATED:  June ___, 2008            By: _____
                                     Julie Teague
                                     Class Representative

DATED:  June ___, 2008            By: _____
                                     Jerahmeel Capistrano
                                     Class Representative

DATED:  June 23, 2008             By: _Donna M. Louie_____
                                     Donna Louie
                                     Class Representative

1
2   APPROVED AS TO FORM:
3   DATED: June __, 2008                          By _____
4                                                 Thomas R. Kaufman
                                                  Seyfarth Shaw LLP
5   DATED: June __, 2008                          Attorneys for Defendant
6                                                 By _____
7                                                 Norman B. Blumenthal
                                                  Blumenthal & Nordrehaug
8   DATED: June __, 2008                          Class Counsel
9                                                 By _____
                                                  Robin Workman
10                                                Qualls & Workman
                                                  Class Counsel
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONNA LOUIE, an individual, VALERIE STRINGER, an individual, MARK STEELE, an individual, and DAN ROYSE, an individual, JULIE TEAGUE, an individual, and JERAHMEEL CAPISTRANO, on behalf of themselves, and on behalf of all persons similarly situated,, | ) ) ) ) ) ) ) | Case No. 08 CV 0795 IEG RBB **NOTICE OF CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING – CLAIM FORM ATTACHED** |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) | |
| KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, and DOES 1 to 10, inclusive, | ) ) ) | |
| Defendants. | | |

TO: ALL PERSONS WHO, AT ANY TIME BETWEEN OCTOBER 4, 2003 AND PRELIMINARY APPROVAL OF THE SETTLEMENT, WORKED FOR KAISER FOUNDATION HEALTH PLAN, INC. IN CALIFORNIA IN CONNECTION WITH KP HEALTHCONNECT IN THE POSITIONS OF PRODUCT SPECIALIST, BUSINESS APPLICATION COORDINATOR ("BAC") OR SITE SUPPORT SPECIALIST.

### PLEASE READ THIS NOTICE CAREFULLY.

### THIS NOTICE MAY AFFECT YOUR RIGHTS.

**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT, BUT ONLY IF YOU COMPLETE AND RETURN THE ATTACHED CLAIM FORM WITH A POSTMARK DATE ON OR BEFORE _____, 2008.**

YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action ("Action") filed with the United States District Court for the Southern District of California has been reached by the Parties and has been granted preliminary approval by the Court supervising the Action. The purpose of this Notice is to describe the Action, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims in the above-captioned arbitration and state court case. A Final Approval Hearing will be held on _____, 2008, to determine whether the Settlement should be granted final approval.

**Because your rights may be affected, it is extremely important that you read this Notice carefully. You must file a claim which is postmarked, if mailed, or which is received by the Settlement**

Questions? Call Toll Free _____
LA1 6698314.1

Page 1 o 8

EXHIBIT ___A___

NOTICE

Administrator on or before _____ 2008 if delivered by means other than made to participate in the Settlement. If you fail to file a timely claim, you will receive nothing under the Settlement and your claim will be barred.

Case 3:08-cv-00795-IEG-RBB    Document 8-3    Filed 07/21/2008    Page 41 of 66

## WHY SHOULD I READ THIS NOTICE?

2.      If you received the Notice, it is because it is believed that you worked for Kaiser as a Product Specialist, BAC, or Site Support Specialist in the state of California during the period from October 4, 2003 to July ___, 2008 and may therefore be a Class Member. If that is correct, then the information contained in this Notice affects your legal rights. You should read this Notice because you may be entitled to money under the Settlement.

## WHAT IS A CLASS ACTION?

3.      A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative Plaintiffs, also known as "class representatives," assert claims on behalf of the entire class. This avoids the necessity for a large number of individual lawsuits and enables the court to resolve similar claims efficiently. In a class action, the court supervises the prosecution of class claims by class counsel to insure fairness.

## PURPOSE OF THIS NOTICE

4.      The Court has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the proposed Settlement of this class action and your potential rights in regard to it.

## SUMMARY OF LITIGATION

5.      On October 4, 2007, Valerie Stringer filed a complaint in Alameda Superior Court entitled Valerie Stringer v. Kaiser Permanente, et. al., Case No. RG 07349734. Stringer alleged wage and hour claims on behalf of an alleged class of Product Specialists and BACs. On November 13, 2007, Plaintiffs Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano filed a similar complaint on behalf of the same alleged in the U.S. District Court for the Northern District of California entitled Mark Steele v. Kaiser Foundation Health Plan, Inc., Case No. 3:07-cv-05743. On May 1, 2008, Donna Louie, filed a complaint in the U.S. District Court for the Southern District of California entitled Donna Louie  v. Kaiser Foundation Health Plan, Inc., Case No. 08 CV 0795 IEG RBB. Louie alleged similar claims, but on behalf of a class of Site Support Specialists who worked on the KP Health Connect project in California and also allegedly had been misclassified as exempt. Louie subsequently amended her complaint for the purpose of including all Representative Plaintiffs (Donna Louie, Valerie Stringer, Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano) and all their claims in one action and to add an additional statutory claim. These cases shall collectively be referred to as "the Action."

6.      The Action included claims arising under California Labor Code §§ 203, 218, 218.5, 218.6, 226, 226.7, 558, 1174, 1194, and 2699 and California Wage Orders issued by the Industrial Welfare Commission. These laws provide that overtime wages equal to one and one-half times an employee's regular rate of pay must be paid to employees who either work more than forty (40) hours per week or more than eight (8) hours per day, unless they are "exempt," provide for a penalty in certain circumstances for the failure to provide for meal and rest breaks as required by law, a penalty for the failure to pay all wages due to an employee who is discharged or quits and provide for a penalty for failing to maintain and furnish certain payroll records. Under California law, non-exempt employees are entitled to be paid overtime even if they are paid on a salary basis. The class action lawsuit alleges that, under California law, the Plaintiffs were not exempt employees under any exemption classification and therefore should have been paid overtime.

7.  Kaiser denies Plaintiffs' allegations. Kaiser contends that its Product Specialists, BACs and Site Support Specialists were properly classified as "exempt" under California law and denies any wrongdoing.

8.  The parties to the Action participated in a mediation on May 13, 2008, where they resolved the claims on behalf of all the alleged class members. On July ___, 2008, the Court in the matter certified a Settlement Class consisting of all individuals employed by Kaiser in the State of California at any time from October 4, 2003 through July __ 2008, inclusive, as Product Specialists, BACs, and Site Support Specialists.

9.  The Court has made no ruling on the merits of Class Members claims and has only determined that the Representative Plaintiffs satisfied the requirements to maintain the Action as a class action under California law.

10.  On July ___, 2008, the Court appointed the following attorneys to represent the Settlement Class ("Class Counsel") in this Action:

| QUALLS & WORKMAN<br>Daniel Qualls<br>Robin Workman<br>244 California St.,<br>Suite 410<br>SF, CA 94111<br>Tel. 415-782-3660 | LAW OFFICES OF GRANT E. MORRIS<br>Grant E. Morris<br>1666 Connecticut Ave.<br>Suite 310<br>Washington, DC 20009<br>Tel. 202-742-7783 | SANFORD, WHITTLES & HEISLER, LLP<br>David Sanford<br>1666 Connecticut Ave.<br>Suite 310<br>Washington, DC 20009<br>Tel. 202-742-7780 | BLUMENTHAL & NORDREHAUG<br>Norm Blumenthal<br>2255 Calle Clara<br>La Jolla, CA 92037<br>Tel. 858-551-1123 | UNITED EMPLOYEES LAW GROUP<br>Walter Haines<br>65 Pine Ave. #312<br>Long Beach, CA 90802<br>Tel. 562-256-1047 |
|---|---|---|---|---|

## POSITIONS OF THE PARTIES

11.  Kaiser has denied and continues to deny the claims presented in this Action. Kaiser specifically denies it failed to pay the Class Members for overtime hours worked pursuant to California state laws; that it failed to provide for meal and/or rest breaks; that it failed to provide required itemized wage statements; that it engaged in unfair, unlawful or fraudulent business practices or unfair competition; or that it failed to pay employees all amounts due at time of separation. Kaiser has repeatedly asserted and continues to assert defenses to these Action, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Neither the proposed Settlement nor any action taken to carry out the proposed Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Kaiser of any fault, wrongdoing or liability whatsoever.

Counsel for the Representative Plaintiffs and the Class have extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto. The Representative Plaintiffs and Class Counsel recognize the high expense and length of continued proceedings necessary to continue the litigation against Kaiser through trial and through any possible appeals. Class Counsel have also taken into account the uncertainty and the risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.

Class Counsel are also aware of the burdens of proof necessary to establish liability against Kaiser, of Kaiser's defenses to the Action, and of the difficulties in establishing damages for the Settlement Class. Class Counsel also have taken into account the extensive settlement negotiations conducted by the Parties. Based on the foregoing, Class Counsel believe the proposed Settlement is fair, adequate and reasonable and in the best interests of the Settlement Class.

Kaiser has extensively investigated and researched the facts and the applicable law underlying the causes of action set forth in the Action. Kaiser recognizes the high expense, business interruption, and length of continued proceedings necessary to continue the litigation against Plaintiffs through trial and any possible appeals. Kaiser also has taken into account the uncertainty and the risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. Kaiser has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in these Action.

For purposes of the Settlement, the Court has certified a Class consisting of all current and former Kaiser employees who were actively employed by Kaiser in California at any time from October 4, 2003 through July ___ 2008, inclusive, as Product Specialists, BACs, or Site Support Specialists. If you are a member of the Class, you will be bound by the proposed Settlement described below if it is approved, unless you are eligible to and do make a written request for exclusion in the manner described below.

Questions? Call Toll Free _____
LA1 6698314.1

Page 4 o 8

NOTICE

12.    If you are a Class Member – that is, if you were employed by as a Product Specialist, BAC, or Site Support Specialist in the state of California by Kaiser during the period from October 4, 2003 to July __, 2008, you have several options.  Before deciding what action, if any, you wish to take with respect to the proposed Settlement, you should read this Notice carefully.

13.    **If you want to participate in the Settlement, you must sign and date a Claim Form and either (1) mail the completed Claim Form by postage pre-paid U.S. first class mail postmarked by no later than _____, 2008 to the Settlement Administrator, or (2) if delivered by any other means other than postage pre-paid U.S. first class mail, by a means to ensure the receipt of the completed Claim Form by the Settlement Administrator by no later than _____, 2008, at the following address:**

CPT GROUP, INC.
Re: Louie v. Kaiser
16630 Aston, Irvine, California 92606
Telephone (714) _____

A copy of your Claim Form is attached.  (If you need an extra copy, contact the Settlement Administrator or Class Counsel.)  If any information provided on the Claim Form is incorrect, please make corrections.  (For example, if you believe the dates of employment listed are incorrect, or if your address is incorrect, please indicate what you think the correct information is.)  Also, please provide your telephone number and any other indicated information referred to on your Claim Form if it is not provided.  If you wish to have confirmation that your Claim Form has been received by the Settlement Administrator, you may do so by sending it by certified U.S. Mail with a return-receipt request.

14.    If you are a Class Member and you wish to contest the length of employment indicated on your Claim Form and believe that your employment with Kaiser as a Product Specialist, BAC, or Site Support Specialist for Kaiser in the State of California during the period from October 4, 2003 to July __, 2008 is longer or shorter, you may do so.  However, in order to establish a claim that your employment is different than what is stated on the Claim Form, you must provide convincing documentary or other evidence that will establish that the dates indicated on the Claim Form are incorrect.  This documentary or other evidence must be stated on the face of the Claim Form and/or attached to the Claim Form and must be either (1) mailed by postage pre-paid U.S. first class mail postmarked by no later than _____, 2008 to the Claims Administrator at the following address, or (2) if delivered by any other means other than postage pre-paid U.S. first class mail, by a means to ensure the receipt of the completed Claim Form by the Claims Administrator by no later than _____, 2008 at the following address:

CPT GROUP, INC.
Re: Louie v. Kaiser
16630 Aston, Irvine, California 92606
Telephone (714) _____

15.    If you are a Class Member and you choose to participate in the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from separately suing Kaiser, its employees or any other related persons or entities for the matters being settled in this case (see paragraph 22 below).  **ANY CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT AMOUNT AND HIS OR HER CLAIM WILL BE BARRED.**

16.    If you do nothing – that is, if you do not mail or deliver a timely Claim Form, you will not be entitled to a share of Settlement payment.  **HOWEVER, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU DID NOT RECEIVE ANY MONEY.**  Therefore, you will not have the right to pursue your own claims against Kaiser or other related entities or persons if you do nothing.

17. Settlement Class Members may opt-out of the Settlement Class by mailing to the Settlement Administrator at the address listed in paragraph 14, on or before _____, 2008, a written statement expressing their desire to be excluded from the Settlement Class in the <u>Louie, v. Kaiser</u> Action. If you wish to opt-out of the Settlement Class in this Action, your written statement must include your name (and former names, if any), current address, telephone number and social security number and the dates of your employment by Kaiser. In addition, it must be postmarked on or before _____, 2008. Requests to opt-out that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective. Persons who are eligible to and do submit valid and timely requests to opt-out of the Settlement Class will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.

18. If you are a Class Member, you may object to the Settlement Agreement, personally or through an attorney, by mailing your objections to each of the following:

| QUALLS & WORKMAN<br>Daniel Qualls<br>Robin Workman<br>244 California St.,<br>Suite 410<br>SF, CA 94111<br>Tel. 415-782-3660 | SANFORD, WHITTLES & HEISLER, LLP<br>David Sanford<br>1666 Connecticut Ave.<br>Suite 310<br>Washington, DC 20009<br>Tel. 202-742-7780 | BLUMENTHAL & NORDREHAUG<br>Norm Blumenthal<br>2255 Calle Clara<br>La Jolla, CA 92037<br>Tel. 858-551-1123 |
|---|---|---|

AND

SEYFARTH SHAW LLP
Thomas Kaufman (State Bar No. 177936)
Kari Levine (State Bar No. 146101)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200

No Class Member, however, shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless written notice of intention to appear at the Settlement Hearing together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been postmarked no later than _____, 2008, and mailed to each addressee listed above. All such objections must be signed and should contain your address, social security number and the name of the case (<u>Louie v. Kaiser</u>). If you submit an objection, you may appear personally or through an attorney, at your own expense, at the Settlement Hearing to present your objection directly to the Court. Your objection should clearly explain why you object to the Settlement and must state whether you (or someone on your behalf) intend to appear at the Settlement Hearing. If you object to the Settlement, you will remain a member of the Class and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way and to the same extent as a Class Member who does not object.

Any member of the Class who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

Any member of the Class who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.

Questions? Call Toll Free _____
LA1 6698314.1

Page 6 o 8

NOTICE

19.    The Parties entered into a proposed Joint Stipulation of Settlement ("Settlement Agreement" or "Settlement") on _____.    The Court granted preliminary approval to the Settlement Agreement on July ___, 2008.  The Court will hold a Final Approval Hearing on the Settlement Agreement at the U.S. District Court, Southern District of California, 940 Front Street, San Diego, CA 92101-8900, in Courtroom 1, before the Honorable Irma E. Gonzalez, Chief Judge of the United States District Court, at _____ _.m. on _____, 2008, at which time the Court will determine whether to recommend final approval of the Settlement.  The principal terms of the Settlement are summarized in this Notice.  If you would like a complete copy of the Settlement or if you have any questions about the Settlement, please contact Class Counsel at the address or telephone number listed in paragraph 10 above.

20.    Settlement Amount.  The Agreement provides that Kaiser will pay Five Million Four Hundred Thousand Dollars ($5,400,000) (the "Gross Fund Value") to fully resolve the issues in this case. Even after the following Court-approved deductions, the majority of this amount will be distributed to Class Members who timely file claims ("Settlement Class Members") pursuant to the Court-approved Plan of Allocation.

(a)    Deductions.  The following deductions will be made from the Settlement Amount:

(i)    Attorneys' Fees and Costs.  As part of the final fairness hearing Class Counsel will request one-fourth (1/4th) of the Gross Fund Value for attorneys' fees in connection with their work in this case, plus reimbursement of reasonable costs and expenses that were advanced in connection with the Action. Class Members are not personally liable for any fees and costs.    Costs cannot exceed $100,000.  These amounts constitute full and complete compensation for all legal fees, costs and expenses of all Class Counsel, including costs and expenses resulting from experts and other vendors retained by Class Counsel in connection with the litigation and all work done through the completion of the litigation, whatever date that may be.  Class Members will not be required to pay Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the fee request are finally approved by the Court.  If finally approved by the Court, this attorneys' fee would be within the range of fees awarded to Plaintiffs' counsel under similar circumstances in litigation of this type.

(ii)    Payments to Named Plaintiffs.  Also as part of the preliminary approval of the Settlement, the Court has awarded Twenty Five Thousand Hundred Dollars ($25,000) to each Representative Plaintiff as compensation for acting as a Representative Plaintiff on behalf of the Class.  This amount will be paid from the Gross Fund Value for their risks and services on behalf of the class which include, among other things, reviewing documents, attending strategy sessions and meetings with Class Counsel and other Representative Plaintiffs, and performing other services of that nature on behalf of the class.

(iii)    Payment of the Settlement Administrator's Fees.  Also, as part of the preliminary approval of the settlement the Court has approved, the Settlement Administrator fees, estimated to be approximately $50,000 for services in administering this settlement.  This amount will be paid from the Gross Fund Value.

(iv)    Private Attorney General Act Payment:  The Parties allocated a total of Thirty Three Thousand Three Hundred Thirty Three Dollars and Thirty-Three Cents ($33,333.33) to a Settlement Fund for claims under the California Private Attorneys General Act of 2004 ("PAGA").  Pursuant to Labor Code section 2699(i) 75% of this fund will be distributed to the State's LWDA for enforcement of labor laws and education of employers.  The remaining 25 % will be distributed to the class.  Therefore, $25,000 will be paid to the State. The remaining $8,333.33 will be distributed on a pro rata basis to class members who submit claims on a proportional basis.

(b)    Payment to Settlement Class Members: Plan of Allocation.  The approximately Three Million Seven Hundred Twenty-five Thousand Dollars ($3,725,000) remaining after these deductions shall be the Net Fund Value available for distribution to Settlement Class Members who submit timely Claim Forms per the Court-approved plan.  Namely, Settlement Class Members will receive amounts for damages in proportion to

distribution to Settlement Class Members for damages will be calculated on a pro-rata basis according to dates
actually worked in the covered positions, in California, during the relevant Claim Period from October 4, 2003
through July ___, 2008.

Additionally, the Net Fund Value will be apportioned between those workweeks class members worked
as Product Specialists or BACs, on the one hand, and as Site Support Specialists on the other. 59.26% of the
Net Fund Value will be allocated to Product Specialist/BAC workweeks ("the BAC fund"), and 40.74% of the
Net Fund Value will be allocated to Site Support Specialist workweeks ("the SSS fund"). The Claims
Administrator shall initially determine each Class Members' share of the NFV as follows:

    (i)     For each class members portion attributable to work performed as a Product Specialist/BAC, the
administrator will total each class members workweeks as a Product Specialist/BAC, divide that
number by the total number of Product Specialist/BAC workweeks for the entire class, and
multiply the resulting percentage by the amount of the BAC fund.

    (ii)    For each class members portion attributable to work performed as a Site Support Specialist, the
administrator will total each class members workweeks as a Site Support Specialist, divide that
number by the total number of Site Support Specialist workweeks for the entire class, and
multiply the resulting percentage by the amount of the SSS fund.

    (c)    Tax Matters. IRS Forms W-2 and 1099 (and/or the equivalent California forms) will be
distributed to Class Members reflecting the payments they receive under the Settlement. For purposes of tax
payment obligations, seventy percent (70%) of the amounts distributed to each Settlement Class Member shall
be treated as damages for lost wages and reported as such (W-2 reporting), and thirty percent (30%) treated as
compensatory damages and reported as such (1099 reporting). Settlement Class Members should consult with
their tax advisors concerning the tax consequences of the payments that they receive under the Settlement.
Deductions will be taken out of the amount distributed that are attributable to unpaid overtime. Kaiser will
make the regular tax payments on such amounts in accordance with state and federal law.

Release. The Settlement Agreement provides that all of the claims certified as class claims by the Court will be
dismissed on the merits with prejudice and without costs assessed to either Party. The Settlement Agreement
also provides that each Class Member who does not opt-out (and each person deriving rights from a Class
Member) will fully release and discharge Kaiser from the following

## RELEASE

EACH MEMBER OF THE SETTLEMENT CLASS, REGARDLESS OF WHETHER THAT
MEMBER SUBMITTED A TIMELY CLAIM, WILL RELEASE KAISER AND ANY PARENT,
SUBSIDIARY, AFFILIATE, PREDECESSOR OR SUCCESSOR, AND ALL AGENTS,
EMPLOYEES, OFFICERS, DIRECTORS AND ATTORNEYS THEREOF, FROM ANY AND ALL
CLAIMS, DEBTS, LIABILITIES, DEMANDS, OBLIGATIONS, GUARANTEES, COSTS,
EXPENSES, ATTORNEY'S FEES, DAMAGES, ACTION OR CAUSES OF ACTION
CONTINGENT OR ACCRUED FOR, OR WHICH RELATE TO, THE CLASSIFICATION OF
CLASS MEMBERS AS EXEMPT EMPLOYEES UNDER ANY FEDERAL, STATE OR LOCAL
LAW, THE NONPAYMENT OF OR FAILURE TO RECORD OVERTIME UNDER ANY
FEDERAL, STATE OR LOCAL LAW, THE FAILURE TO PAY PENALTIES UNDER THE
CALIFORNIA LABOR CODE (INCLUDING WITHOUT LIMITATION PENALTIES UNDER
LABOR CODE SECTIONS 203, 558 OR OTHERWISE), INCLUDING WITHOUT LIMITATION
TO, ALL CLAIMS ARISING UNDER THE FLSA, THE CALIFORNIA LABOR CODE OR
BUSINESS & PROFESSIONS CODE (INCLUDING SECTION 17200), OR THE WAGE ORDERS
OF THE CALIFORNIA INDUSTRIAL WELFARE COMMISSION; CLAIMS FOR RESTITUTION
AND OTHER EQUITABLE RELIEF, LIQUIDATED DAMAGES, PUNITIVE DAMAGES,
WAITING TIME PENALTIES, PENALTIES OF ANY NATURE WHATSOEVER, ANY OTHER

COSTS, WHETHER KNOWN OR UNKNOWN, DURING THE SETTLEMENT PERIOD,
ARISING FROM THE FACTUAL ALLEGATIONS OF THE CLASS ACTIONS. THIS RELEASE
SHALL NOT INCLUDE CLAIMS BASED ON FACTUAL ALLEGATIONS THAT WERE NOT
ASSERTED WITH THE CLASS ACTIONS.

22.  Conditions of The Settlement. This Settlement is conditioned upon the Court entering an order
at or following the Final Approval Hearing approving the Settlement as fair, reasonable, adequate and in the best
interests of the Settlement Class.

## NO RETALIATION OR UNDUE INFLUENCE

23.  California law prohibits Kaiser from retaliating against employees who exercise their rights
under California wage and hour laws. Additionally, Kaiser has agreed that it will not contact Class Members for
the purpose of attempting to influence them not to participate in this Settlement; will not take any adverse
employment action, or otherwise target, retaliate or discriminate against any Class Member who elects or
indicates an intention to participate in this Settlement; and will not disclose the identities of Class Members who
elect or decline to participate in this Settlement to any person (i.e., supervisory personnel) employed by Kaiser.
Further, Kaiser has agreed to discipline (up to and including discharge) any supervisory personnel in California
who violate these terms and agreements. In the event you feel you have been threatened or coerced not to
participate in this Settlement, or are retaliated against for electing to participate in this Settlement, you may
contact Class Counsel listed in paragraph 10.

## HEARING ON PROPOSED SETTLEMENT

24.  **You are not required to attend this Final Approval Hearing or file an objection although
you may do either or both.**

25.  The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement
Agreement will be held on _____, 2008 at 9:00 a.m. at the United States District Court for the Southern
District of California, located in San Diego, California at _____, in Courtroom 1. The Final Approval
Hearing may be continued without further notice.

26.  You may object, personally or through an attorney, to the proposed Settlement by mailing your
objection and following the procedures outlined in paragraph 18 above.

27.  Any Class Member who does not object in the manner provided above shall be deemed to have
approved the Settlement and to have waived such objections and shall be forever foreclosed from making any
objections (by appeal or otherwise) to the proposed Settlement.

## CHANGE OF ADDRESS

28.  If you move after receiving this Notice, if it was misaddressed or if for any reason you want
your payment or future correspondence concerning this Action and the Settlement to be sent to a different
address, you should supply your current preferred address to the Settlement Administrator at the address set
forth in paragraph 13, and to Class Counsel.

## REMINDER AS TO PARTICIPATION REQUIREMENTS

29.  If you wish to participate in the Settlement of this class action, you should be sure to fill out,
complete and return a copy of the Claim Form to Louie v. Kaiser, c/o [CPT GROUP, INC. INFO], California,
94948 so that it is postmarked on or before _____, 2008, or delivered in a manner that will ensure its
receipt by the Settlement Administrator by no later than _____, 2008.

## ADDITIONAL INFORMATION

30.   The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Joint Stipulation of Settlement, and other papers filed in the Action, which may be obtained upon request from the Class Counsel listed above in paragraph 10.

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to the Claims Administrator listed above in paragraph 13.  You may contact the administrator using the following Toll Free Number _____.

**PLEASE DO NOT CONTACT THE COURT WITH INQUIRIES.**

**CLAIM FORM**

If you are or were a Product Specialist, Business Application Coordinator ("BAC"), or Site Support Specialist for Kaiser Foundation Health Plan, Inc. ("Kaiser") in the State of California during the period from October 4, 2003 to July __, 2008 (or are a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to any such employee) you may be eligible to participate in the Settlement of the above class action, <u>Donna Louie v. Kaiser Foundation Health Plan, Inc.</u>, U.S. District Court for the Southern District of California Case No. 08 CV 0795 IEG RBB.

Please fill in change of address below:

CPT ID #
[First Name, Last Name]
[Address]
[City, State Zip]

_____

_____

_____

_____

( __ ) __ __ - __ __ __ __
Daytime Telephone Number

Pursuant to the Order of the Court, dated July __, 2008, in order to receive payments resulting from the Settlement, you must complete and sign this Claim Form and return it by prepaid mail, postmarked no later than _____ or, if delivered by any other means than be postage pre-paid U.S. first class mail, delivered by no later than _____, to the following address:

<u>**Louie v. KFHP Class Action**</u>
**CPT GROUP INC.**
**16630 Aston**
**Irvine, CA 92606**

If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money in connection with the Settlement (although you will be bound by the other provisions of the Settlement Agreement approved by the Court). A Claim Form will be deemed submitted when postmarked by no later than _____, 2008, if sent by postage pre-paid U.S. first class mail; if delivered by any other means, the Claim Form will be deemed submitted when actually received by the Settlement Administrator at the above address by no later than _____, 2008.

Kaiser's records show that you worked for Kaiser as a Product Specialist, Business Application Coordinator or Site Support Specialist in the state of California during the period from October 4, 2003 to July __, 2008 (the "Claim Period"), for the number of workweeks shown below (workweeks being equal to the number of payroll work hours you have in Kaiser's payroll system during the class period, divided by 40):

<u>Workweeks as BAC or Product Specialist</u> (Per Kaiser's Records):        _____
<u>Workweeks as Site Support Specialist</u> (Per Kaiser's Records):        _____

***NOTE:*** *If you believe that Kaiser's workweek totals for you are incorrect, you may put in what you believe are the correct workweek counts below. However, in the event you wish to contest the dates that are listed above, you should be able to demonstrate at a hearing that the dates listed above, which are taken from Kaiser's records, are incorrect and you should include and/or attach hereto documents or other convincing evidence indicating that the above workweek totals are incorrect.*

<u>**Please make any necessary corrections below:**</u>

<u>Corrected Workweeks as BAC or Product Specialist</u>:        _____
<u>Corrected Workweeks as Site Support Specialist</u>:        _____

Questions? Call Toll Free _____        Page 1 of 2         **EXHIBIT**         CLAIM FORM
LAI 6698311.1

**Taxpayer Identification Number Certification - Substitute IRS Form W-9**

Enter your Social Security Number (SSN): __ __ __ - __ __ - __ __ __ __

Print name as shown on your income tax return if different from «Payee»: _____

Under penalty of perjury, I certify that:

1. The tax payer identification number shown on this form is my correct taxpayer identification number, and
2. I am a U.S. person ( including a U.S. resident alien). Please check one:  ☐YES   ☐NO

Print Legal Name: _____

---

*It is my understanding that only the workweeks that I worked for Kaiser* in California as a Product Specialist, BAC, or Site Support Specialist during the period from October 4, 2003 to July __, 2008, are listed above. I understand that the information and any corrections I submit is/are subject to verification.

*I have read, understand and agree to the release of claims as described in the Notice. I have not assigned, pledged or otherwise transferred to any other person or entity my interest in any of the released claims.*

If I am the executor and/or, heir of a Class Member or a representative of a Class Member, I have provided details about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare, under penalty of perjury, that the information set forth above or as corrected is true and correct to best of my knowledge.

Dated: _____

_____
(Signature)

_____
(Printed Name)

**[COMPLETE THIS FORM *ONLY IF* YOU CHOOSE TO NOT PARTICIPATE IN THIS SETTLEMENT]**

## REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT
### (TO OPT OUT OF THE CLASS SETTLEMENT)

In The Matter of
*Louie v. Kaiser Foundation Health Plan, Inc.*
United States District Court – Southern District, Case No.  08 CV 0795 IEG RBB

**INSTRUCTIONS:**   TO OPT-OUT OF THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED OR FAXED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS:

*Louie v. Kaiser Foundation Health Plan, Inc.*
CPT GROUP INC.
16630 Aston
Irvine, CA 92606

Please fill in all of the following information (type or print):

NAME (First, Middle, Last): _____
STREET ADDRESS: _____
CITY, STATE, ZIP CODE: _____
FORMER NAMES (if any): _____
LAST 4 DIGITS OF SOCIAL SECURITY NUMBER (required) _____
TELEPHONE NUMBERS:  Home: _____   Work: _____

### IT IS STRONGLY RECOMMENDED THAT YOU RETAIN PROOF OF MAILING THIS FORM POST-MARKED ON OR BEFORE _____, 2008.

I [insert your name] _____ wish to be excluded from the settlement class in Donna Louie v. Kaiser Foundation Health Plan, Inc., United States District Court – Southern District, Case No.  08 CV 0795 IEG RBB.  I understand I will not receive money from the class settlement.

I further verify that the following is true: My name, address and other contact information are accurately set forth above.  I received and read the Notice of Class Settlement  that was sent to me along with this form.  I understand that by signing this form, I voluntarily choose to "opt out" of the proposed Settlement of this Class Action.  I understand that by opting out, I may not accept any money allocated for me in the proposed Settlement.  On the other hand, I also understand that if I wish to assert any claims related to those set forth in this lawsuit, I will have to do so separately.  I understand that any such claims are subject to strict time limits, known as statutes of limitations, which restrict the time within which I may file any such action.  I understand that I should consult with an attorney if I wish to obtain advice regarding my rights with respect to this Settlement or my choice to opt out of the Settlement.  I have not been coerced by anyone to opt out of this Class Action, and I choose to opt out of my own free will.

I declare under penalty of perjury that the forgoing is true and correct.

Signed: _____      Date:_____

Print Name:_____

**EXHIBIT** _C_

EXHIBIT "*B*"



**L A W**
**(858) 551-1223**

◀ **HOME PAGE**

◀ **CONTACT US**

◀ **PRACTICE AREAS**

◀ **F.A.Q.**

◀ **RESUME OF CLASS
ACTION CASES**

◀ **THE FIRM**

Phone:  (858) 551-1223
Fax:  (858) 551-1232

Email: bam@bamlawlj.com

**Located At:**
**2255 Calle Clara**
**La Jolla, CA 92037**



# BLUMENTHAL & NORDREHAUG

### REPORTED CASES

In re Tobacco Cases II, 41 Cal. 4th 1257 (2007); Hall v. County of Los Angeles, 148 Cal. App. 4th 318 (2007); Coshow v. City of Escondido, 132 Cal. App. 4th 687 (2005); Daniels v. Philip Morris, 18 F.Supp 2d 1110 (1998 S.D. Cal.); Washington Mutual Bank v. Superior Court, 24 Cal. 4th 906 (2001); Gibson v. World Savings & Loan Asso., 103 Cal. App. 4th 1291 (2003); Jordan v. Department of Motor Vehicles, 75 Cal. App. 4th 445 (1999); Jordan v. Department of Motor Vehicles, 100 Cal.App. 4th 431 (2002); Norwest Mortgage, Inc. v. Superior Court, 72 Cal.App.4th 214 (1999); Hildago v. Diversified Transp. Sya, 1998 U.S. App. LEXIS 3207 (9th Cir. 1998); Kensington Capital Mgal. v. Oakley, Inc., 1999 U.S. Dist LEXIS 385; Fed.Sec.L.Rep. (CCH) P90, 411 (1999 C.D. Cal.); Olszewski v. Scripps Health, 30 Cal. 4th 798 (2003); Taiheiyo Cement Corp. v. Superior Court, 105 Cal.App. 4th 398 (2003); McMeans v. Scripps Health, Inc., 100 Cal. App. 4th 507 (2002); Ramos v. Countrywide Home Loans, 82 Cal.App. 4th 615 (2002); Tevssier v. City of San Diego, 81 Cal.App. 4th 685. Practice areas: Consumer Class Actions; Securities Class Actions; Civil Litigation; Transactional Law Business Litigation. Rocker v. KPMG LLP, 122 Nev. Adv. Op. No. 101 (2006)

### LEAD COUNSEL

Click Here to View Class Action Notices

**LEAD COUNSEL - CLASS ACTION**

Adkins v. Washington Mutual Bank - Settled
Orange County Superior Court
Nature of Case: Unfair Competition - Bank Interest Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Agah v. CompUSA - "In Litigation"
U.S. District Court, Southern District of California
Case No. SA CV05-1087 DOC (Anx)
Nature of Case: Unfair Competition - Unfair Rebate Program
Plaintiff's Counsel: Blumenthal and Nordrehaug

Allec v. Cross Country Bank - Settled
Orange County Superior Court
Nature of Case: Unfair Business Practices-Deceptive
Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Arreguin v. Impact Solutions - "In Litigation'
Los Angeles Superior Court, Case No. BC 340107
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal and Nordrehaug

Ayala v. Met-RX USA - "In Litigation"
Los Angeles Superior Court, Case No. L.A.S.C. Case No. : BC
289455
Nature of Case: Unfair Competition - Sale of Illegal Products
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Trenam, Kemker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A.

Bermant v. Bank of America, Investment Services, Inc. - "In
Litigation"
Los Angeles Superior Court, Civil Action No. BC342505
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Arias, Ozzello & Gignac, L.L.P. &
United Employees Law Group

Bolger v. Dr. Martens - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive
Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Briseno v. American Savings Bank - Settled
Orange County Superior Court
Nature of Case: Unfair Competition - Force Ordered Insurance
Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez &
Gertler

Buonomo v. ValueVision - Settled
Minnesota District Court
Nature of Case: False Advertising, Breach of Warranty
Plaintiff's Counsel: Blumenthal & Nordrehaug; Mansfield,
Tanick & Cohen, P.A.

Butler v. Oberman, Tivoli, Miller and Pickert, Inc. - "In
Litigation"
Los Angeles Superior Court, Case No. BC 339051
Nature of Case: Labor

Plaintiff's Counsel: Blumenthal and Nordrehaug

<u>Citizens for Fair Treatment v. Quest Communications</u> - Settled
San Diego Superior Court
Nature of Case: Failure to Pay for Vacation Time
Plaintiff's Counsel: Blumenthal and Nordrehaug

<u>Cohen v. Bosch Tool</u> - "In Litigation"
San Diego Superior Court, Case No. GIC 853562
Nature of Case: Unfair Business Practices-Deceptive
Advertising
Plaintiff's Counsel: Blumenthal and Nordrehaug

<u>Collins v. Galpin Motors</u> - "In Litigation"
Los Angeles Superior Court, Case No. BC 343915
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug

<u>Comstock v. Washington Mutual Bank</u> - "In Litigation"
San Diego County Superior Court
Nature of Case: Unfair Competition - Force Order Insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Conley v. Norwest</u> - Settled
San Diego County Superior Court
Nature of Case: Unfair Business Practices-Force Ordered
Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Connell v. Sun Microsystems</u> - "In Litigation"
Alameda Superior Court, Case No. RG06252310
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal and Nordrehaug &
United Employees Law & Group Chavez & Gertler, LLP

<u>Curry v. California Testing Bureau/McGraw Hill</u> - "In
Litigation"
U.S. District Court, Northern District of California, San Jose
Civil Action No. C-05-4003 JW
Nature of Case: ERISA Claim
Plaintiff's Counsel: Blumenthal and Nordrehaug & Chavez &
Gertler

<u>Danford v. Movo Media</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Unlawful Violation
of Unruh Civil Rights Act
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Daniels, et al. v. Philip Morris, et al.</u> – On Review before the

California Supreme Court
San Diego Superior Court
Nature of Case: Unfair Business Practices-Unlawful, Deceptive
and Unfair Marketing of Cigarettes to Children
Plaintiff's Counsel: Blumenthal & Nordrehaug

Dewane v. Prudential - "In Litigation"
U.S. District Court, Central District of California
Case NO. SA CV 05-1031
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Wynne Law Firm & Thierman Law Firm P.C.

Downtown Inns v. Pac Bell - Settled
California Public Utilities Commission
Nature of Case: Illegal Charge
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill.

Fallah v. Cingular Wireless - "In Litigation"
Orange County Superior Court
Case NO.
Nature of Case: Unfair Competition - Unfair Rebate Program
Plaintiff's Counsel: Blumenthal and Nordrehaug

Fierro v. Chase Manhattan - Settled
San Diego Superior Court
Nature of Case: Unfair Competition - Bank Interest
Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Friend v. Wellpoint - "In Litigation"
Los Angeles Superior Court, Case NO. BC345147
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal and Nordrehaug &
United Employees Law Group

Getchius v. National Private Security - "In Litigation"
Los Angeles Superior Court, Case No. BC 338907
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug

Gibson v. World Savings - Judgment for Class after Appeal -
Settled
Orange County Superior Court
Nature of Case: Unfair Business Practices-Force Ordered
Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Gill v. Parabody, Inc. - Settled
San Diego Superior Court

Nature of Case: Product Defect
Plaintiff's Counsel: Blumenthal & Nordrehaug

Greer v. Fleet Mortgage - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Bank Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Guzman v. GNC, Inc. - "In Litigation"
U.S. District Court, Central District of California
Case No. CV 06-2326 MMM FMOx
Nature of Case: Unfair Competition - Illegal Product Sales
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Trenam, Kemker, Scharf, Barkin, Frye,
O'Neill & Mullis, P.A.

Guzman v. Muscletech. - "In Litigation"
U.S. District Court, Central District of California
Case No. Case No. CV06-2377 CAS JTLx
Nature of Case: Unfair Competition - Illegal Product Sales
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Thanasides, Zalkin & Acero & Trenam, Kemker, Scharf,
Barkin, Frye, O'Neill & Mullis, P.A.

Hahn v. Circuit City – Settled
San Diego Superior Court; U.S. District Court, Southern
District of California
Nature of Case: Unfair Business Practices, Failure to Pay
Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Hall v. County of Los Angeles - "In Litigation"
Los Angeles Superior Court, Case No. BC208582
Nature of Case: Gender Discrimination
Plaintiff's Counsel: Blumenthal and Nordrehaug &
The Lewis Law Firm

Handler v. Oppenheimer - "In Litigation"
Los Angeles Superior Court, Civil Action No. BC343542
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Perona, Langer, Beck, Lallande and Serbin
Higgins v. Maryland Casualty - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive Insurance
Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Hoffman v. National Warranty Insurance - "In Litigation"
District Court for the State of Nevada

Nature of Case: Auto Warranty Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug; Greco,
Traficante & Edwards;
Gerard, Osuch & Cisneros, LLP

Hollander v. Vitamin Shoppe Industries - "In Litigation"
Los Angeles Superior Court
Case No.L.A.S.C. Case No. BC311446
Nature of Case: Unfair Competition - Illegal Product Sales
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Thanasides, Zalkin & Acero & Trenam, Kemker, Scharf,
Barkin, Frye, O'Neill & Mullis, P.A.

Jones v. E*Trade Mortgage - "In Litigation"
U.S. District Court, Southern District California
Case No. 02-CV-1123 L (JAH)
Nature of Case: TILA Violations
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Robert C. Fellmeth, Esq.

King v. Nordstrom - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Failure to Pay for
Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Lopez v. K-Mart - "In Litigation"
Ventura County Superior Court, Case No. BC 351983
Nature of Case: Overtime - Unfair Business Practice
Plaintiff's Counsel: Blumenthal and Nordrehaug & Arias,
Ozzello, & Gignac, LLP & United Employees Law Group

Mann v. Vital Pharmaceuticals - "In Litigation"
Los Angeles Superior Court
Case No. L.A.S.C. Case No. : BC 310790
Nature of Case: Unfair Competition - Illegal Product Sales
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.

Mandell v. Republic Bank - Settled
Los Angeles County Superior Court
Nature of Case: Breach of Fiduciary Duties to IRA Account
Holders
Plaintiff's Counsel: Blumenthal & Nordrehaug

Manzanarez v. Home Savings of America - Settled
San Francisco Superior Court
Nature of Case: Unfair Business Practices-Overcharge for
Inspection Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug

Marchese v. Ty, Inc. - Settled San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive
Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Martinez v. Yahoo, Inc. - Settled
Nature of Case: Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Matloubian v. Home Savings of America - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered
Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez &
Gertler

McMeans v. ScrippsHealth, - Settled
San Diego Superior Court
Nature of Case: Unfair Competition, Lien Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

McPhail v. First Command - "In Litigation"
United States District Court for the Southern District of
California
Case No.05CV0179 IEG (JMA)
Nature of Case: Securities Fraud, 10(b)(5) violations
Plaintiff's Counsel: Blumenthal & Nordrehaug appointed Lead
Counsel, Greco & Traficante & Whatley Drake LLC & Gray &
White,& Brewer & Carlson, LLP & Franklin & Hance, PSC

Meco v. International Medical Research (and related cases) -
"In Litigation"
Los Angeles Superior Court
Nature of Case: Unfair Competition, Product Adulteration,
Illegal Sale of Drugs
Plaintiff's Counsel: Blumenthal & Nordrehaug

Nakagawa v. LPJ Pharmaceuticals - "In Litigation"
Los Angeles Superior Court
Case No. FRESNO S.C. Case No. : 04CECG 00453
Nature of Case: Unfair Competition - Illegal Product Sales
Plaintiff's Counsel: Blumenthal and Nordrehaug &
Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.

Navarette v. Edwards Theaters/Century - "In Litigation"
Orange County Superior Court, Case No. 05CC00211
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug

Nelson v. St. Paul Fire & Marine Insurance - Settled

Brazoria County District Court, Texas
Nature of Case: Deceptive Business Practices in sale of oil &
gas reserve insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug

Nguyen v. Wells Fargo Home Mortgage - "In Litigation"
Orange County Superior Court, Case No. 05 CC 00116
Nature of Case: Unfair Business Practices - Force Ordered
Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Olszewski v. ScrippsHealth - Judgment for Plaintiff
San Diego Superior Court
Nature of Case: Unfair Competition, Lien Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Pacheco v. Lexicon Marketing - "In Litigation"
Los Angeles Superior Court, Case No. BC 342265
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug

Patelski v. The Boeing Company – Settled
United States District Court, Southern District of New York;
transferred to United States District Court, Eastern District of
Missouri
Nature of Case: Refund Action
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Sigman, Lewis
& Feinberg, P.C.

Pearlman v. Bank of America - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered
Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez &
Gertler

Prince v. ClientLogic - "In Litigation"
Eighth Judicial District Court, Clark County, Nevada
No Case No. A517624
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug & Gerard &
Osuch, LLP

Puentes v. Wells Fargo Home Mortgage - "In Litigation"
San Diego Superior Court
Nature of Case: Unfair Business Practices - Bank Interest
Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Ralphs v. Blockbuster, Inc. – Settled

San Diego Superior Court
Nature of Case: Unlawful Late Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug, Morris and
Associates, Pettersen and Bark

Ramos v. Countrywide - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered
Insurance Overcharges
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Chavez & Gertler

Redin v. Sterling Trust - Settled
Los Angeles Superior Court
Nature of Case: Breach of Fiduciary Duties of IRA
Administrator
Plaintiff's Counsel: Blumenthal & Nordrehaug

Reynolds v. Marlboro/Philip Morris U.S.A. - "In Litigation"
U.S. District Court, Southern District of California
Civil Action No. 05 CV 1876 JAH
Nature of Case: Unfair Competition
Plaintiff's Counsel: Blumenthal and Nordrehaug

Rezec v. Sony – Settled
San Diego Superior Court
Nature of Case: Fraudulent Advertising
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Prongay &
Borderud; The Cifarelli Law Firm

Rocheford v. SC&E Administrative Service - "In Litigation"
Orange County Superior Court
Nature of Case: Auto Warranty Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Greco,
Traficante & Edwards;
Gerard, Osuch & Cisneros, LLP

Santone v. AT&T – Settled
United states District Court, Southern District of Alabama
Nature of Case: Unconscionable Business Practices
Plaintiff's Counsel: Blumenthal & Nordrehaug, Morris &
Associates

Scott v. Blockbuster, Inc. – Settled
Count of Appeals, Ninth District of Texas, Beaumont, Texas
Nature of Case: Unlawful Late Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug, Brothers &
Thomas, LLP, Vaughan O. Stewart

Shiell v. County of Los Angeles - "In Litigation"

Los Angeles Superior Court
Case Number BC208583; [Related to]: BC208582
Nature of Case: Claim for Common Law Employment
Plaintiff's Counsel: Blumenthal and Nordrehaug &
The Lewis Law Firm

Silvas v. E*Trade - "In Litigation"
U.S. District Court, Southern District
CASE NO. 05cv02348 - W (NLS)
Nature of Case: TILA Violations
Plaintiff's Counsel: Blumenthal and Nordrehaug & Robert
Fellmeth & The Law Offices of Daniel Harris & The Nygaard
Law Firm

Sims v. Philip Morris, Inc. – "In Litigation"
United States District Court, For the District of Columbia
Nature of Case: Unlawful Marketing of Cigarettes to Children
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Thorsnes,
Bartolotta & McGuire;
Chavez & Gertler, Thomas E. Sharkey and Fleishman & Fisher

Sirota v. Swing-N-Slide - Settled
Wisconsin District Court, County of Rock Wisconsin
Case No. 95CV726J
Nature of Case: Fraudulent Stock Buy Back-Derivative Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Milberg, Weiss, Bershad, Hynes & Lerach; Nowlan & Mouat

Sorensen v. Binions, - "In Litigation"
Nature of Case: ERISA violation
Plaintiff's Counsel: Blumenthal & Nordrehaug; Gerard &
Osuch

Stevens v. Robinsons-May - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Failure to Pay for
Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Strauss v. Bayer Corporation – In Litigation
United States District Court, District of Minnesota
Nature of Case: Baycol Products Liaibility Litigation
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Fleishman &
Fisher

Tauber v. Alaska Airlines - Settled
Los Angeles Superior Court
Nature of Case: Unfair Business Practice - Employment
Practices
Plaintiff's Counsel: Blumenthal & Nordrehaug

Van Gorp v. Ameriquest Mortgage/Deutsche Bank - "In Litigation"
U.S. District Court, Central District of California
Case No. SACV05-907 CJC (ANx)
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug

Wadhwa v. Escrow Plus - Settled
Los Angeles Superior Court
Nature of Case: Investment Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug
Yao v. Bodyonics, Ltd. - "In Litigation"
Los Angeles Superior Court, JCCP No. 4363
Nature of Case: Unfair Competition - Illegal Product Sales
Plaintiff's Counsel: Blumenthal and Nordrehaug

Zugich v. Wells Fargo Bank - Settled
San Francisco Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

**CO-COUNSEL - Class Actions**

Baxt v. Scor U.S. - Settled
Delaware Court of Chancery
Nature of Case: Takeover
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Sullivan Hill; Rosenthal, Monhait, Gross & Goddess, P.A.

Bronson v. Blech Securities - Settled
U.S. District Court, Southern District of New York
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg; Weiss, Bershad, Hynes & Lerach; Kaplan, Kilsheimer & Fox; Berstein, Liebhard & Lifshitz; Berstein & Ostraff; Law Office of Dennis J. Johnson; John T. Maher; Sullivan Hill; Weil, Gotshal & Manges; Paul, Hastings, Janofsky & Walker; Andrews & Kurth; Paul, Weiss, Rifkind, Wharton & Garrison; Wolff & Samson; Heller, Horowitz & Feit, P.C.; Shereff, Friedman, Hoffman & Goodman, LLP; Debevoise & Plimpton; Smith, Campbell, Paduano; Thelen, Marrin, Johnson & Bridges; The Offices of Robert Swetnick; Crummy Del Deo; Robinson, Silverman, Pearce, Aronsohn & Berman; Buchanan Ingersoll, P.C.; Morgan, Lewis & Bockius, Schwartz, Kelm, Warren & Ramirez; Porter & Hedges, L.L.P.; MicroProbe Corp.; NeoRX Corp.; Solomon, Zauderer, Ellenhorn, Frischer & Sharp;

Caushon v. General Motors Corp. - "In Coordinated Litigation"

In re Automobile Antitrust Cases
San Diego Superior Court, coordinated in San Francisco
Nature of Case: Unfair Competition; Antitrust
Plaintiff's Co-Counsel: Blumenthal & Nordrehaug

Dibella v. Olympic Financial - Settled
U.S. District Court, District of Minnesota
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

Ferrari v. Read-Rite - Settled
U. S. District Court, Northern District of California
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug; Milberg, Weiss,
Bershad, Hynes & Lerach

Hart v. United States Tobacco Co. - "In Litigation"
Los Angeles Superior Court
Coordinated in Smokeless Tobacco Litigation
Nature of Case: Unfair Competition; Antitrust
Plaintiff's Co-Counsel: Blumenthal & Nordrehaug; the Cuneo
Law Group P.C.; Gordon Ball

Kensington Capital v. Oakley - Settled
U. S. District Court, Southern District of California
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss,
Bershad, Hynes & Lerach

Kensington Capital v. Vesta - Settled
U. S. District Court, Northern District of Alabama
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss,
Bershad, Hynes & Lerach

Manaster v. SureBeam - Settled
United States District Court
Nature of Case: Violation of Securities Act
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg Weiss
Bershad Hynes & Lerach

Jordan/Ramos v. DMV - Judgment for Plaintiff
Superior Court, Sacramento
Nature of Case: Commerce Clause Violation - Tax declared
unconstitutional -
Affirmed on appeal
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss,
Bershad, Hynes & Lerach;
Weiss & Yourman; Sullivan Hill.

Ridgewood Capital Management v. Gensia - Settled
U.S. District Court, Southern District of California, #CV-92-
1500H
Plaintiffs' Counsel: Barrack, Rodos & Bacine; Kaplan,
Kilsheimer & Fox; Wolf, Popper, Ross, Wolf & Jones; Law
Offices of Joseph H. Weiss; Kaufman, Malchman, Kaufman &
Kirby; Sullivan Hill; Blumenthal & Nordrehaug

Shurman v. Scimed - Settled
State of Minnesota District Court, Fourth District, #94-17640
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss,
Bershad, Hynes & Lerach; Kaplan, Kilsheimer & Fox; Sullivan
Hill; Law Offices of Lawrence G. Soicher.

Sirota v. Swing-N-Slide - Settled
Wisconsin District Court, County of Rock Wisconsin
Nature of Case: Fraudulent Stock Buy-Back-Derivative Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Milberg, Weiss, Bershad, Hynes & Lerach; Nowlan & Mouat

Slatton v. G.E. Capital Mortgage Services - Settled
Camden County Superior Court, New Jersey, #CAML0256198
Nature of Case: Forced order insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug

Somkin v. Molten Metal - Settled
U.S. District Court, District of Massachusetts, #9710325PBS
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

Sparks v AT&T - Settled
Illinois District Court - Madison County
Deceptive Practice claim - Leased consumer telephone
equipment
Plaintiff's counsel - Carr Korein Tillery; Blumenthal &
Nordrehaug; Whatley Drake

Top