1   BLUMENTHAL & NORDREHAUG
2   Norman B. Blumenthal (State Bar #068687)
    Kyle R. Nordrehaug (State Bar # 205975)
3   Aparajit Bhowmik (State Bar # 248066)
    2255 Calle Clara
4   La Jolla, CA 92037
    Telephone: (858) 551-1223
5   Facsimile: (858) 551-1232

6   QUALLS & WORKMAN, LLP
    Daniel H. Qualls, Bar No. 109036
7   Robin G. Workman, Bar No. 145810
    244 California Street, Suite 410
8   San Francisco, CA 94111
    Telephone: (415) 782-3660
9   Facsimile: (415) 788-1028

10  Additional Counsel listed on signature page

11

12

13

14

15

16                          UNITED STATES DISTRICT COURT

17                         SOUTHERN DISTRICT OF CALIFORNIA

18  DONNA LOUIE, an individual, VALEIE          )   CASE No. 08 CV 0795 IEG RBB
    STRINGER, an individual, MARK STEELE,       )
19  individual, and DAN ROYSE, an individual,   )
    JULIE TEAGUE, an individual, and            )   Unlimited Civil Case
20  JERAHMEEL CAPISTRANO, on behalf of          )   The Amount Demanded Exceeds $10,000
    themselves, and on behalf of all persons similarly )
21  situated,                                   )   DECLARATION OF DANIEL H. QUALLS
                                                )   IN SUPPORT OF MOTION FOR
22              Plaintiff,                       )   PRELIMINARY APPROVAL OF CLASS
                                                )   SETTLEMENT
23       vs.                                     )
                                                )   Hearing Date: September 29, 2008
24  FOUNDATION HEALTH PLAN, INC., a             )   Hearing Time: 10:30 a.m.
    California Corporation, and DOES 1 through 10, )
25  INCLUSIVE                                    )   District Judge: Hon. Irma E. Gonzalez
                                                )   Courtroom: 1, 4th Floor
26              Defendant(s)                     )
                                                )
27

28

    DECLARATION OF DANIEL H. QUALLS        -1-              3134\PRELIMINARY APPROVAL\DHQDECL.DOC

1

2   I, Daniel H. Qualls, declare as follows:

3      1.    I am an attorney at law, duly licensed to practice before all the courts of the State of

4   California, and am a Partner with the law firm of Qualls & Workman, L.L.P., attorneys of record

5   herein for Plaintiff Valerie Stringer. The following is based on my personal knowledge, and if

6   called upon to do so, I could and would competently testify thereto.

7      2.    Our offices represent Plaintiff Valerie Stringer. On October 4, 2007, Valerie

8   Stringer filed a complaint in the Superior Court for the County of Alameda, State of California as

9   Case No. RG 07349734, entitled <u>Valerie Stringer v. Kaiser Permanente, et. al.</u>, on behalf of a

10   putative class of product specialists and business application coordinators ("BACs") who worked

11   on the KP HealthConnect project in California. The central allegation of the <u>Stringer</u> lawsuit is

12   whether the BACs had been misclassified as exempt.

13      3.    Attached hereto as Exhibit B is a true and correct copy of Plaintiff Stringer's First

14   Set Of Special Interrogatories To Defendant Kaiser, propounded in the <u>Stringer</u> lawsuit.

15      4.    Attached hereto as Exhibit C is a true and correct copy of Plaintiff Stringer's First

16   Set Of Inspection Demands To Defendant Kaiser, propounded in the <u>Stringer</u> lawsuit.

17      5.    Attached hereto as Exhibit D is a true and correct copy of Plaintiff Stringer's

18   Notice Of Taking Deposition Of Person Most Knowledgeable regarding 1) the duties of those with

19   titles of product specialists or business application coordinators between October 4, 2003, and the

20   present, and 2) the classification of product specialists or business application coordinators as

21   exempt or non-exempt, between October 4, 2003, and the present, propounded in the <u>Stringer</u>

22   lawsuit.

23      6.    Defendant Kaiser provided putative class member records and data in response to

24   Plaintiff Stringer's discovery requests, including job titles, job descriptions, employment manuals

25   and related documents, period of employment, rate of pay, work schedule and work week records.

26   Data and records provided by Defendant Kaiser were in turn provided by our offices to a wage and

27   hour damage calculation expert retained by Plaintiff Stringer, Class Action Damage Analysis

28   (CADA). At Plaintiffs' request, CADA calculated putative class damages. For the product

specialist and business application coordinators ("BACs"), the overtime hourly rate used was the rate of $35.33. The number of workweeks involved was 42,505 for the Class Period. Each one (1) hour per workweek of unpaid overtime for the BACs equals $ 1,501.480.13 for the Class Period. Each missed meal break per work week for the BACs equals $ 1,000,002.75 for the Class Period. Each missed rest break per work week for the BACs equals $ 1,000,992.75 for the Class Period. As a result, Kaiser was subject to claims at a rate of $ 3,503,474.63 for the combination of one unpaid hour of overtime, one missed meal break, and one missed rest break per workweek for the BACs.

7.      For the site support specialists ("SSSs"), the overtime hourly rate used was the rate of $ 50.76. The number of workweeks involved was 9,283 for the Class Period. The Class Members employed as SSSs worked additional unpaid overtime as a result of their on-call responsibilities, which was not required of the BACs. Accordingly, CADA calculated that every four (4) hours per workweek of unpaid overtime for the SSSs equals $ 1,884,820.32. Each missed meal break per workweek for the SSSs equals $ 314,136.72. Each missed rest break per workweek for the SSSs equals $ 314,136.72. As a result, Kaiser was subject to claims at a rate of $ 2,513,093.76 for the SSSs.

8.      As a result of the damage analysis performed by CADA, Kaiser was subject to total claims of $ 6,016,568.39 for the class period for the combination of unpaid overtime, missed meal breaks, and missed rest breaks that were susceptible to records based proof. The settlement of $ 5,400,000, before deductions, represents 89.75% of the subject claims and after deduction of the PAGA payment of $ 25,000, the attorneys' fees and costs payment of $ 1,450,000, the claims administration payment of $ 50,000, and the Class Representatives' incentive awards of $ 150,000, the NFV will equal $ 3,725,000, which is nearly 62% of a full recovery, assuming these amounts could be proven at trial.

9.      On May 13, 2008, the parties submitted to mediation before Anthony A. Piazza, Esq. a preeminent mediator of wage and hour class actions. At all times, the parties negotiated in an adversarial manner, at arms length and in good faith. Thereafter, Plaintiffs and Kaiser formalized the terms of settlement reached, subject to court approval. The settlement amount of $

1  5.4 million represents in our opinion a fair and reasonable compromise of Plaintiffs' claims
2  against Kaiser in light of the pre-trial evidence developed by our firm in conjunction with co-
3  counsel and the risk factors arising from the class claims presented. The negotiation process
4  leading to the proposed settlement was lengthy, difficult, and was concluded at "arms-length" and,
5  in the view of Plaintiffs' counsel, the proposed settlement is fair, reasonable, and adequate.

6      10.    Pre-mediation investigation and discovery was thorough and comprehensive, and
7  more than sufficient to allow counsel to act intelligently. The <u>Stringer</u> case has been pending
8  since October, 2007. Counsel for Plaintiffs have had an ample opportunity to investigate the facts
9  underlying the claims presented. Sufficient work was performed by Plaintiffs' counsel to ensure
10 that the presentation made to the Court proposing the settlement is based in our judgment upon a
11 thorough and accurate investigation of the relevant facts.

12     11.    Attached to the Declaration of Norman B. Blumenthal as Exhibit A is a true and
13 correct copy of the Stipulation Of Settlement executed by the parties. The Stipulation Of
14 Settlement was reached after our firm in conjunction with co-counsel researched and evaluated
15 California and federal law governing the claims in the action and conducted significant discovery,
16 fact investigation and analysis concerning the circumstances under which BACs and SSS's
17 performed work on the KP HeathConnect project in California, the hours worked, and the
18 compensation paid. After such research, evaluation, and investigation, our firm, co-counsel, and
19 the proposed Representatives, consider it to be in the best interests of the class that the class action
20 be settled with Kaiser in accordance with the terms of the proposed settlement. The expense and
21 length of proceedings necessary to continue this litigation through trial, the risks involved in the
22 outcome of any litigation with Kaiser, and the benefits to class members under the Settlement
23 reached with Kaiser, in our professional judgment recommend approval of the settlement reached.

24     12.    The terms of the Stipulation Of Settlement do not provide a basis to doubt its
25 fairness. The amount of payment for Plaintiffs and class member claims are determined by the
26 same weeks worked formula. No preference is given to one group of class members at the
27 expense of another.

28

DECLARATION OF DANIEL H. QUALLS          -4-          3134\PRELIMINARY APPROVAL\DHQDECL.DOC

1          13.      Qualls & Workman, LLP is well qualified to evaluate and recommend the proposed

2     class settlement and to act as Class Counsel.  My firm specializes in employment law, including

3     wage and hour class action enforcement.  Between 2005 and the present alone, my partner, Robin

4     G. Workman, and I have acted as court appointed class counsel in the following overtime

5     misclassification and meal and rest period cases, including:  Stewart, et. al. v. Toys R Us, San

6     Francisco Superior Court Case No. 318923; Terry v. Cigarettes Cheaper, Inc., Alameda County

7     Superior Court Case No. 835526-3; Walsh v. IKON Office Solutions, Inc., San Francisco County

8     Superior Court Case No. CGC 04 429428; and, Dudash v. Lowe's Companies Inc., USDC,

9     Central District of California, Case No. CV 04-10067 GAF (RZx); Dell'Orfano v. IKON Office

10    Solutions, Inc., USDC Middle District Of Georgia Case No. 5:05-CV-00245.  Lopez v.

11    Marketwire, Inc., San Francisco Superior Court Case No. 06-457732; Righetti v. Insidetrack, Inc.,

12    San Francisco Superior Court Case No. 06-457546; Garnica v. Wells Fargo Bank, NA, Santa

13    Barbara County Superior Court Case No. 01264187 and Dellmore v. Toys 'R' US, Inc., et. al.,

14    Alameda County Superior Court, Case No. RG07306616.

15          I declare under penalty of perjury that the foregoing is true and correct and that this

16    Declaration was executed July 16, 2008, in San Francisco, California.

17

18

19

20                                        DANIEL H. QUALLS

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL H. QUALLS          -5-          3134\PRELIMINARY APPROVAL\DHQDECL.DOC

# EXHIBIT B

1  Daniel H. Qualls, Bar No. 109036
2  Robin G. Workman, Bar No. 145810
   **QUALLS & WORKMAN, LLP**
3  244 California Street, Suite 410
   San Francisco, CA 94111
4  Telephone: (415) 782-3660
   Facsimile: (415) 788-1028
5
   David W. Sanford, D.C. Bar No. 457933
6  Stefanie Roemer, D.C. Bar No. 464450
   Shayna Bloom, D.C. Bar No. 498105
7  **SANFORD, WITTELS & HEISLER, LLP**
8  1666 Connecticut Ave., NW, Suite 310
   Washington, D.C. 20009
9  Telephone: (202) 742-7777
   Facsimile: (202) 742-7776
10
   Grant Morris, D.C. Bar No. 926253
11 **LAW OFFICES OF GRANT E. MORRIS**
   1666 Connecticut Avenue, N.W., Suite 310
12 Washington, D.C. 20009
   Telephone: (202) 742-7783
13 Facsimile:  (202) 742-7776

14
15 *Attorneys for Plaintiff*

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                  FOR THE COUNTY OF ALAMEDA

18 VALERIE W. STRINGER, on behalf of herself )   No.  RG07318416
   individually and all others similarly situated, )
19                                              )
                                                )
20        Plaintiff,                            )   <u>Unlimited Civil Case</u>
                                                )   The Amount Demanded Exceeds $10,000
21        vs.                                   )
                                                )
22 KAISER PERMANENTE, KAISER                    )
   FOUNDATION HEALTH PLAN, INC., aka            )   **PLAINTIFF VALERIE W. STRINGER'S**
23 KAISER FOUNDATION HEALTH PLAN, and           )   **FIRST SET OF SPECIAL**
   DOES 1 through 100, INCLUSIVE                )   **INTERROGATORIES TO DEFENDANT**
24                                              )   **KAISER FOUNDATION HEALTH PLAN,**
          Defendant(s)                          )   **INC.**
25                                              )
                                                )
26                                              )
27
28

SPECIAL INTERROGATORIES              -1-              3134\DISCOVERY\SISETONE.DOC

1   PROPOUNDING PARTY:   Plaintiff Valerie D. Stringer

2   RESPONDING PARTY:   Defendant Kaiser Foundation Health Plan, Inc.

3   SET:   One

4       Pursuant to California Code of Civil Procedure Section 2030.010, Plaintiff Valerie D. Stringer

5   ("Stringer") hereby requests that Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") answer in

6   writing and under oath the following specially prepared interrogatories:

7   **SPECIALLY PREPARED INTERROGATORIES**

8   **SPECIAL INTERROGATORY NO. 1:**

9       **IDENTIFY** the **CONTACT INFORMATION**, of **ALL PERSONS** employed by **YOU** as

10   a **BUSINESS APPLICATION COORDINATOR** in California between October 4, 2003, **AND** the

11   present. (The term **CONTACT INFORMATION** refers to the name, address, email address and

12   telephone number). (The terms **"YOU," "YOUR"** or **"YOURS"** refer to Kaiser and, if applicable,

13   the agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and

14   their attorneys and those persons employed by their attorneys). As used herein, (the term **"ALL"** is

15   synonymous with **"ANY"** and the term **"OR"** means **"AND/OR"**). (The terms **"BUSINESS**

16   **APPLICATION COORDINATOR"** and **"PRODUCT SPECIALIST"** include those **YOU**

17   employe (d) between October 4, 2003, and the present who held the title "Business Application

18   Coordinator" or Product Specialist). (The term **"PERSON"** refers both to natural persons and to

19   corporate or other business entities such as a firm, partnership, proprietorship, association or any

20   other organization or entity). (To **"IDENTIFY"** a **PERSON** means to state the person's name and

21   business address, and additionally, in the case of a natural person, his home address, e-mail,

22   occupation or job title and employer both presently and at the time to which the interrogatory relates

23   and such other information as should be sufficient to notice the deposition of such person and to serve

24   such person with a subpoena). (To **"IDENTIFY ALL DOCUMENTS"** means to provide a brief

25   description of each document sufficient to support a request for production, including at least the type

26   of document, date of the document, identification of the author and recipient (if any), all persons who

27   received or saw copies). (The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible

28   thing upon which any expression, communication or representation has been recorded by any means

SPECIAL INTERROGATORIES       -2-      3134\DISCOVERY\SISETONE.DOC

1  including, but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting,

2  typewriting, printing, Photostatting, photographing, audio taping, videotaping, magnetic impulse, or

3  mechanical or electronic recording and any nonidentical copies (whether different from the original

4  because of notes made on such copies, because of indications that said copies were sent to different

5  individuals than were the originals, or because of any other reason), including but not limited to

6  working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

7  scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

8  reports of telephone or other oral conversations, desk calendars, appointment books, audio or video

9  tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer

10  card, and all other writings and recordings of every kind that are in **YOUR** actual or constructive

11  possession, custody or control.  The term **"COMPUTER RECORDS"** shall mean any tangible

12  thing upon which any expression, communication or representation has been recorded by any means

13  including, but not limited to, network server storage, backup storage, online server storage,

14  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

15  computer card, computer hard drive, computer floppy drive, removable computer drive storage,

16  scanner, computer facsimile, printing, Photostatting, photographing, video recording, audio

17  recording, magnetic impulse, or other means of electronic recording and any nonidentical copies

18  (whether different from the original because of notes made on such copies, because of indications that

19  said copies were sent to different individuals than were the originals, or because of any other reason),

20  including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

21  memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

22  financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

23  schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

24  **YOUR** actual or constructive possession, custody or control.  The term **"E-MAIL RECORDS"** shall

25  mean any and all tangible thing upon which any expression, communication or representation has

26  been recorded by any means including, but not limited to, any form of electronic mail, Internet online

27  e-mail, any form of interoffice and/or intraoffice network e-mail, printouts of documents from

28  Internet online e-mail or interoffice and intraoffice network e-mail, including any copies which may

1  be stored electronically in any manner including, but not limited to, network server storage, backup

2  storage, online server storage, microfilm, microfiche, computer tape, computer disk, computer floppy

3  diskette, computer printout, computer card, computer hard drive, computer floppy drive, removable

4  computer drive storage, scanner, computer facsimile, printing, Photostatting, photographing, video

5  recording, audio recording, magnetic impulse, or other means of electronic recording and any

6  nonidentical copies (whether different from the original because of notes made on such copies,

7  because of indications that said copies were sent to different individuals than were the originals, or

8  because of any other reason), including but not limited to working papers, preliminary, intermediate

9  or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings,

10  invoices, financial statements, financial calculations, diaries, reports of telephone or other oral

11  conversations, calendars, task schedulers, audio or video recordings, and all other writings and

12  recordings of every kind that are in **YOUR** actual or constructive possession, custody or control).

13  **SPECIAL INTERROGATORY NO. 2:**

14      **IDENTIFY** the **CONTACT INFORMATION**, of **ALL PERSONS** employed by **YOU** as

15  a **PRODUCT SPECIALIST** in California between October 4, 2003, **AND** the present.

16  **SPECIAL INTERROGATORY NO. 3:**

17      **IDENTIFY** the period of employment for each **PERSON YOU** employed as a **BUSINESS**

18  **APPLICATION COORDINATOR** in California between October 4, 2003 **AND** the present.

19  **SPECIAL INTERROGATORY NO. 4:**

20      **IDENTIFY** the period of employment for each **PERSON YOU** employed as a **PRODUCT**

21  **SPECIALIST** in California between October 4, 2003 **AND** the present.

22  **SPECIAL INTERROGATORY NO. 5:**

23      **IDENTIFY** the number of **PERSONS** employed by **YOU** as a **BUSINESS**

24  **APPLICATION COORDINATOR** in California between October 4, 2003 and the present.

25  **SPECIAL INTERROGATORY NO. 6:**

26      **IDENTIFY** the number of **PERSONS** employed by **YOU** as a **PRODUCT SPECIALIST**

27  in California between October 4, 2003 and the present.

28

1    **SPECIAL INTERROGATORY NO. 7:**

2        Do **YOU** contend that **PERSONS** employed by **YOU** as a **BUSINESS APPLICATION**

3    **COORDINATOR** in California between October 4, 2003, **AND** the present are exempt from the

4    requirement to pay overtime wages under California law?

5    **SPECIAL INTERROGATORY NO. 8:**

6        Do **YOU** contend that **PERSONS** employed by **YOU** as a **PRODUCT SPECIALIST** in

7    California between October 4, 2003, **AND** the present are exempt from the requirement to pay

8    overtime wages under California law?

9    **SPECIAL INTERROGATORY NO. 9:**

10        If **YOU** contend that **PERSONS** employed by **YOU** as a **BUSINESS APPLICATION**

11    **COORDINATOR** in California between October 4, 2003, **AND** the present are exempt from the

12    requirement to pay overtime wages under California law, **IDENTIFY ALL** facts upon which **YOU**

13    base **YOUR** contention.

14    **SPECIAL INTERROGATORY NO. 10:**

15        If **YOU** contend that **PERSONS** employed by **YOU** as a **PRODUCT SPECIALIST** in

16    California between October 4, 2003, **AND** the present are exempt from the requirement to pay

17    overtime wages under California law, **IDENTIFY ALL** facts upon which **YOU** base **YOUR**

18    contention.

19    **SPECIAL INTERROGATORY NO. 11:**

20        If **YOU** contend that **PERSONS** employed by **YOU** as a **BUSINESS APPLICATION**

21    **COORDINATOR** in California between October 4, 2003, **AND** the present are exempt from the

22    requirement to pay overtime wages under California law, **IDENTIFY ALL DOCUMENTS** upon

23    which **YOU** base **YOUR** contention.

24    **SPECIAL INTERROGATORY NO.12:**

25    If **YOU** contend that **PERSONS** employed by **YOU** as a **PRODCUT SPECIALIST** in California

26    between October 4, 2003, **AND** the present are exempt from the requirement to pay overtime wages

27    under California law, **IDENTIFY ALL DOCUMENTS** upon which **YOU** base **YOUR** contention.

28

**SPECIAL INTERROGATORY NO. 13:**

If YOU contend that **PERSONS** employed by **YOU** as a **BUSINESS APPLICATION COORDINATOR** in California between October 4, 2003, **AND** the present are exempt from the requirement to pay overtime wages under California law, **IDENTIFY ALL** person with knowledge of facts **YOU** contend support **YOUR** contention.

**SPECIAL INTERROGATORY NO.14:**

If YOU contend that **PERSONS** employed by **YOU** as a **PRODUCT SPECIALIST** in California between October 4, 2003, **AND** the present are exempt from the requirement to pay overtime wages under California law, **IDENTIFY ALL** person with knowledge of facts **YOU** contend support **YOUR** contention.

**SPECIAL INTERROGATORY NO. 15:**

**IDENTIFY ALL** persons employed by **YOU** as a **BUSINESS APPLICATION COORDINATOR** in California from October 4, 2003 **AND** the present who complained to **YOU REGARDING** the absence of overtime pay (as used herein, the term "REGARDING" means relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or factually connected with the matter referenced, whether in whole or in part.)

**SPECIAL INTERROGATORY NO.16:**

**IDENTIFY ALL** persons employed by **YOU** as a **PRODUCT SPECIALIST** in California from October 4, 2003 **AND** the present who complained to **YOU REGARDING** the absence of overtime pay (as used herein, the term "REGARDING" means relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or factually connected with the matter referenced, whether in whole or in part.)

**SPECIAL INTERROGATORY NO. 17:**

**IDENTIFY ALL** persons employed by **YOU AS A BUSINESS APPLICATION COORDINATOR** between October 4, 2003, **AND** the present who complained to **YOU REGARDING** the absence of meal period breaks. (As used herein, the term "REGARDING" means relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in

1  any manner whatsoever logically or factually connected with the matter referenced, whether in whole

2  or in part.)

3  **SPECIAL INTERROGATORY NO. 18:**

4      IDENTIFY ALL persons employed by YOU AS A PRODUCT SPECIALIST between

5  October 4, 2003, AND the present who complained to YOU REGARDING the absence of meal

6  period breaks. (As used herein, the term "REGARDING" means relating to, referring to, pertaining

7  to, reflecting, substantiating, evidencing, constituting, or in any manner whatsoever logically or

8  factually connected with the matter referenced, whether in whole or in part.)

9  **SPECIAL INTERROGATORY NO. 19:**

10      IDENTIFY ALL PERSONS employed by YOU as a BUSINESS APPLICATION

11  SPECIALIST between October 4, 2003, AND the present who complained to YOU REGARDING

12  the absence of rest period breaks.

13  **SPECIAL INTERROGATORY NO. 20:**

14  IDENTIFY ALL PERSONS employed by YOU as a PRODUCT SPECIALIST between October

15  4, 2003, AND the present who complained to YOU REGARDING the absence of rest period breaks.

16

17

18  Date: November 9, 2007        QUALLS & WORKMAN, LLP

19

20

21                 Robin G. Workman
               Attorneys for Plaintiff

22

23

24

25

26

27

28

# EXHIBIT C

1    Daniel H. Qualls, Bar No. 109036
2    Robin G. Workman, Bar No. 145810
     **QUALLS & WORKMAN, LLP**
3    244 California Street, Suite 410
     San Francisco, CA 94111
4    Telephone: (415) 782-3660
     Facsimile: (415) 788-1028
5
     David W. Sanford, D.C. Bar No. 457933
6    Stefanie Roemer, D.C. Bar No. 464450
     Shayna Bloom, D.C. Bar No. 498105
7    **SANFORD, WITTELS & HEISLER, LLP**
8    1666 Connecticut Ave., NW, Suite 310
     Washington, D.C. 20009
9    Telephone: (202) 742-7777
     Facsimile: (202) 742-7776
10
     Grant Morris, D.C. Bar No. 926253
11   **LAW OFFICES OF GRANT E. MORRIS**
     1666 Connecticut Avenue, N.W., Suite 310
12   Washington, D.C. 20009
     Telephone: (202) 742-7783
13   Facsimile: (202) 742-7776

14
     *Attorneys for Plaintiff*
15

16                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                        FOR THE COUNTY OF ALAMEDA

18   VALERIE W. STRINGER, on behalf of herself )    No. RG07318416
     individually and all others similarly situated, )
19                                               )
              Plaintiff,                         )    <u>Unlimited Civil Case</u>
20                                               )    The Amount Demanded Exceeds $10,000
         vs.                                     )
21                                               )
     KAISER PERMANENTE, KAISER                   )    **PLAINTIFF VALERIE STRINGER'S**
22   FOUNDATION HEALTH PLAN, INC., aka           )    **FIRST SET OF INSPECTION DEMANDS**
     KAISER FOUNDATION HEALTH PLAN, and          )    **TO DEFENDANT KAISER FOUNDATION**
23   DOES 1 through 100, INCLUSIVE               )    **HEALTH PLAN, INC.**
                                                 )
24            Defendant(s)                       )
                                                 )
25                                               )
                                                 )
26                                               )
27
28

INSPECTION DEMANDS                -1-                         3134\DISCOVERY\IDSETONE.DOC

1  PROPOUNDING PARTY:   Plaintiff Valerie Stringer

2  RESPONDING PARTY:      Defendant Kaiser Foundation Health Plan, Inc.

3  SET:                           One

4       Pursuant to California Code of Civil Procedure Section 2031.010, Plaintiff Valerie D. Stringer

5  ("Stringer") hereby requests that Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") identify,

6  produce and permit for inspection and copying the below listed documents that are in the possession,

7  custody, or control of Kaiser pursuant to the instructions and definitions contained herein.

8       The written responses and documents must be produced within thirty (30) days from the date

9  of service, plus an additional five (5) days if service of this demand is made by mail, pursuant to

10  Code of Civil Procedure § 2031.030(2) and 1013(a).

11       The documents described below are relevant to the subject matter of the within action and are

12  reasonably calculated to lead to the discovery of admissible evidence relating to matters within the

13  scope of the examination permitted by California Code of Civil Procedure section 2017.010.

14  **DEFINITIONS**

15     1.    The terms **"YOU," "YOUR"** or **"YOURS"** refer to Kaiser and, if applicable, the

16  agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and their

17  attorneys and those persons employed by their attorneys.

18     2.    The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon

19  which any expression, communication or representation has been recorded by any means including,

20  but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,

21  printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

22  electronic recording and any nonidentical copies (whether different from the original because of notes

23  made on such copies, because of indications that said copies were sent to different individuals than

24  were the originals, or because of any other reason), including but not limited to working papers,

25  preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records

26  of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of

27  telephone or other oral conversations, desk calendars, appointment books, audio or video tape

28  recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,

INSPECTION DEMANDS           -2-          3134\DISCOVERY\IDSETONE.DOC

1   and all other writings and recordings of every kind that are in your actual or constructive possession,

2   custody or control.

3       3.    "COMPUTER RECORDS" shall mean any tangible thing upon which any

4   expression, communication or representation has been recorded by any means including, but not

5   limited to, network server storage, backup storage, online server storage, microfilm, microfiche,

6   computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer

7   hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,

8   printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other

9   means of electronic recording and any nonidentical copies (whether different from the original

10   because of notes made on such copies, because of indications that said copies were sent to different

11   individuals than were the originals, or because of any other reason), including but not limited to

12   working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

13   scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,

14   reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,

15   and all other writings and recordings of every kind that are in your actual or constructive possession,

16   custody or control.

17       4.    "E-MAIL RECORDS" shall mean any and all tangible thing upon which any

18   expression, communication or representation has been recorded by any means including, but not

19   limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or

20   intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and

21   intraoffice network e-mail, including any copies which may be stored electronically in any manner

22   including, but not limited to, network server storage, backup storage, online server storage,

23   microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

24   computer card, computer hard drive, computer floppy drive, removable computer drive storage,

25   scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording,

26   magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

27   different from the original because of notes made on such copies, because of indications that said

28   copies were sent to different individuals than were the originals, or because of any other reason),

1   including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

2   memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

3   financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

4   schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

5   your actual or constructive possession, custody or control.

6        5.    To **"IDENTIFY"** documents means to provide a brief description of each document

7   sufficient to support a request for production, including at least the type of document, date of the

8   document, identification of the author and recipient (if any), all persons who received or saw copies.

9        6.    The term **"PERSON"** refers both to natural persons and to corporate or other

10   business entities such as a firm, partnership, proprietorship, association or any other organization or

11   entity.

12        7.    To **"IDENTIFY"** a person means to state the person's name and business address,

13   and additionally, in the case of a natural person, his home address, occupation or job title and

14   employer both presently and at the time to which the interrogatory relates and such other information

15   as should be sufficient to notice the deposition of such person and to serve such person with a

16   subpoena.

17        8.    As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term **"OR"**

18   means **"AND/OR."**

19        9.    As used herein, the terms **"REGARDING," "REFER,** or **"RELATE"** means

20   relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any

21   manner whatsoever logically or factually connected with the matter referenced, whether in whole or

22   in part.

23       10.    As used herein, the term **"TIME RECORDS" REFERS TO ANY AND ALL**

24   **DOCUMENTS** reflecting time entries regarding **ANY AND ALL** work performed, including but

25   not limited to time sheets, computer printouts, data stored on a computer hard drive, or computer disk.

26       11.    (The terms **"BUSINESS APPLICATION COORDINATOR"** and **"PRODUCT**

27   **SPECIALIST"** include those **YOU** employe (d) between October 4, 2003, and the present who held

28   the title "Business Application Coordinator" or Product Specialist).

## INSTRUCTIONS

1.     This request requires you to produce all documents that are in your actual or constructive possession, custody or control or that are in the possession, custody or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your behalf.

2.     If any requested document was, but is no longer in your possession, you must specify in writing and serve upon the undersigned a list indicating the identity of such documents. Such identification should, for each such document, set forth whether the document (i) has been destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of documents should be identified. In each such instance, explain the circumstances surrounding the disposition and state the date or approximate date of such disposition and the identity of all persons who you believe to have knowledge of such disposition.

3.     If you withhold any of the requested documents from production under a claim of privilege or other protection, you must serve the undersigned a list of such withheld documents indicating, for each document withheld, the following information: (i) the date composed or date appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies made; (v) the identity of all persons or entities who saw the original document or saw or received a copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the basis for the claim of privilege.

4.     This request requires the production of documents either in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

1 | **INSPECTION DEMANDS**

2

3 | **INSPECTION DEMAND NO. 1:**

4 |      **ANY AND ALL DOCUMENTS IDENTIFIED** in **YOUR** response to Plaintiff Valerie

5 | Stringer's Special Interrogatory No. 11.

6 | **INSPECTION DEMAND NO. 2:**

7 |      **ANY AND ALL DOCUMENTS IDENTIFIED** in **YOUR** response to Plaintiff Valerie

8 | Stringer's Special Interrogatory No. 12.

9 | **INSPECTION DEMAND NO. 3:**

10 |      **ALL DOCUMENTS REFERRING OR RELATING** to Valerie Stringer.

11 | **INSPECTION DEMAND NO. 4:**

12 |      **ALL DOCUMENTS REFERRING OR RELATING** to the **BUSINESS APPLICATION**

13 | **COORDINATOR** position.

14 | **INSPECTION DEMAND NO. 5:**

15 |      **ALL DOCUMENTS REFERRING OR RELATING** to the **PRODUCT SPECIALIST**

16 | position.

17

18

19 | Date: November 9, 2007               QUALLS & WORKMAN, L.L.P.

20

21 |                                 By:

22 |                                    Robin G. Workman
   Attorneys for the Plaintiffs

23

24

25

26

27

28

INSPECTION DEMANDS          -6-              3134\DISCOVERY\IDSETONE.DOC

1      <u>PROOF OF SERVICE</u>

2          I, Tammy M. Mazzullo, hereby declare:

3          I am employed in the City and County of San Francisco, California in the office of

4      a member of the bar of this court at whose direction the following service was made. I

5      am over the age of eighteen years and not a party to the within action. My business

6      address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco,

7      California. On November 20, 2007, I served the **PLAINTIFF VALERIE STRINGER'S**

8      **FIRST SET OF INSPECTION DEMANDS TO DEFENDANT KAISER FOUNDATION**

9      **HEALTH PLAN, INC., and PLAINTIFF VALERIE STRINGER'S FIRST SET OF**

10     **SPECIAL INTERROGATORIES TO DEFENDANT KAISER FOUNDATION HEALTH**

11     **PLAN, INC.** on the interested parties in this action via mail by placing a true copy

12     thereof, on the above date, enclosed in a sealed envelope following the ordinary

13     business practice of Qualls & Workman, for collection and mailing in the United States

14     mail addressed as set forth below:

15                          Thomas R. Kaufman, Esq.
                          SEYFARTH SHAW, LLP
16                          2029 Century Park East, Suite 3300
                          Los Angeles, CA 90067
17

18                          Kari Erickson Levine
                          SEYFARTH SHAW, LLP
19                          560 Mission Street, Suite 3100
                          San Francisco, CA 94105
20

21                          David Sanford
                          Sanford, Wittels & Heisler, LLP
22                          1666 Connecticut Avenue, N.W., Suite 310
                          Washington, D.C. 20009
23

24                          Grant Morris
                          The Law Offices of Grant E. Morris
25                          1666 Connecticut Avenue, N.W., Suite 310
                          Washington, D.C. 20009
26

27         I am personally and readily familiar with the business practice of Qualls &

28     Workman for collection and processing of documents for mailing with the U.S. Postal

1   Service, pursuant to which mail placed for collection at designated stations in the

2   ordinary course of business is deposited the same day, proper postage prepaid, with the

3   U.S. Postal Service.

4        I declare under penalty of perjury under the laws of the State of California that

5   the foregoing is true and correct, and that this declaration was executed on

6   November 20, 2007 in San Francisco, California.

7

8                                                          Tammy M. Mazzullo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

1  Daniel H. Qualls, Bar No. 109036
2  Robin G. Workman, Bar No. 145810
   QUALLS & WORKMAN, LLP
3  244 California Street, Suite 410
   San Francisco, CA 94111
4  Telephone: (415) 782-3660
   Facsimile: (415) 788-1028
5
6  David W. Sanford, D.C. Bar No. 457933
   Stefanie Roemer, D.C. Bar No. 464450
7  Shayna Bloom, D.C. Bar No. 498105
   SANFORD, WITTELS & HEISLER, LLP
8  1666 Connecticut Ave., NW, Suite 310
   Washington, D.C. 20009
9  Telephone: (202) 742-7777
   Facsimile: (202) 742-7776
10
11 Grant Morris, D.C. Bar No. 926253
   LAW OFFICES OF GRANT E. MORRIS
12 1666 Connecticut Avenue, N.W., Suite 310
   Washington, D.C. 20009
   Telephone: (202) 742-7783
13 Facsimile:  (202) 742-7776

14
15 Attorneys for Plaintiff

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                     FOR THE COUNTY OF ALAMEDA

18  VALERIE W. STRINGER,  on behalf of herself )   No.  RG07318416
    individually and all others similarly situated,  )
19                                              )
                                                )
20            Plaintiff,                         )   Unlimited Civil Case
                                                )   The Amount Demanded Exceeds $10,000
21       vs.                                     )
                                                )
22  KAISER PERMANENTE, KAISER                    )
    FOUNDATION HEALTH PLAN, INC., aka            )   PLAINTIFF VALERIE STRINGER'S
23  KAISER FOUNDATION HEALTH PLAN, and           )   NOTICE OF TAKING DEPOSITION OF
    DOES 1 through 100, INCLUSIVE                )   PERSON MOST KNOWLEDGEABLE AND
24                                              )   REQUEST FOR PRODUCTION OF
              Defendant(s)                       )   DOCUMENTS
25                                              )
                                                )
26  _____ )

27

28

NOTICE OF TAKING DEPOSITION          -1-          3134\DISCOVERY\PMKDEPONOTICE.DOC

1  TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

2      YOU ARE HEREBY NOTIFIED that, pursuant to Code of Civil Procedure section

3  2025.230, Plaintiff Valerie Stringer, will take the deposition of KAISER PERMANENTE,

4  KAISER FOUNDATION HEALTH PLAN, INC., ("deponent") who shall designate and produce

5  at the deposition those of its officers, directors, managing agents, employees or agents who are

6  most qualified to testify on its behalf regarding:

7      1.    the duties of those with titles of product specialist or business application coordinators

8          between October 4, 2003, and the present.

9      2.    the classification of product specialists or business application coordinators as exempt

10         or non-exempt, between October 4, 2003, and the present.

11     The deposition will commence on January 18, 2008, at 10:00 a.m., at the law firm of

12 Qualls & Workman, LLP, 244 California Street, Suite 410, San Francisco, CA, upon oral

13 examination before a notary public duly authorized to administer oaths.  Said deposition to

14 continue from day to day until completed, Saturdays, Sundays and holidays excepted.  The

15 deposing party intends to record the proceedings by stenographic method, through the instant

16 visual display of the testimony and/or videotape recording.

17     PLEASE TAKE FURTHER NOTICE that pursuant to California Code of Civil Procedure

18 sections 2025(d) and 2025(h), in addition to attending, at the time and on the date specified, the

19 deponent will be required to bring and produce at or before said time and place, the documents and

20 things listed below which are in the deponent's possession, custody or control, or are in the

21 possession, custody or control of the deponent's officers, directors, agents, employees or attorneys.

22                    **INSTRUCTIONS**

23     1.    This request requires you to produce all documents that are in your actual or

24 constructive possession, custody or control or that are in the possession, custody or control of your

25 attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on

26 your behalf.

27     2.    If any requested document was, but is no longer in your possession, you must

28 specify in writing and serve upon the undersigned a list indicating the identity of such documents.

1  such identification should, for each such document, set forth whether the document (I) has been
2  destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been or is no longer, in your
3  possession, custody, or control, in which case the name and address of any person or entity known
4  or believed by you to have possession, custody, or control of that document or category of
5  documents should be identified.  In each such instance, explain the circumstances surrounding the
6  disposition and state the date or approximate date of such disposition and the identity of all
7  persons who you believe to have knowledge of such disposition.

8     3.     If you withhold any of the requested documents from production under a claim of
9  privilege or other protection, you must serve the undersigned a list of such withheld documents
10  indicating, for each document withheld, the following information: (I) the date composed or date
11  appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies
12  made; (v) the identity of all persons or entities who saw the original document or saw or received a
13  copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the
14  basis for the claim of privilege.

15     4.     This request requires the production of documents either in the same form or in the
16  same order as they are kept in the usual course of business or organized and labeled to correspond
17  with the particular demands set forth below.  If you choose the former method, the documents are
18  to be produced in the boxes, file folders, bindings or other containers in which the documents are
19  found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other
20  containers are to be left intact.

21                              **DEFINITIONS**

22     1.     The terms **"YOU," "YOUR"** or **"YOURS"** refer to Kaiser and, if applicable, the
23  agents, employees, officers, and directors of same or of any subsidiary or divisions thereof, and their
24  attorneys and those persons employed by their attorneys.

25     2.     The terms **"DOCUMENT"** or **"DOCUMENTS"** shall mean any tangible thing upon
26  which any expression, communication or representation has been recorded by any means including,
27  but not limited to, **"COMPUTER RECORDS," "E-MAIL RECORDS,"** handwriting, typewriting,
28  printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or

NOTICE OF TAKING DEPOSITION           -3-           3134\DISCOVERY\PMK\DEPONOTICE.DOC

1  electronic recording and any nonidentical copies (whether different from the original because of notes
2  made on such copies, because of indications that said copies were sent to different individuals than
3  were the originals, or because of any other reason), including but not limited to working papers,
4  preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records
5  of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of
6  telephone or other oral conversations, desk calendars, appointment books, audio or video tape
7  recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card,
8  and all other writings and recordings of every kind that are in your actual or constructive possession,
9  custody or control.

10      3.    **"COMPUTER RECORDS"** shall mean any tangible thing upon which any
11  expression, communication or representation has been recorded by any means including, but not
12  limited to, network server storage, backup storage, online server storage, microfilm, microfiche,
13  computer tape, computer disk, computer floppy diskette, computer printout, computer card, computer
14  hard drive, computer floppy drive, removable computer drive storage, scanner, computer facsimile,
15  printing, photostating, photographing, video recording, audio recording, magnetic impulse, or other
16  means of electronic recording and any nonidentical copies (whether different from the original
17  because of notes made on such copies, because of indications that said copies were sent to different
18  individuals than were the originals, or because of any other reason), including but not limited to
19  working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,
20  scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries,
21  reports of telephone or other oral conversations, calendars, task schedulers, audio or video recordings,
22  and all other writings and recordings of every kind that are in your actual or constructive possession,
23  custody or control.

24      4.    **"E-MAIL RECORDS"** shall mean any and all tangible thing upon which any
25  expression, communication or representation has been recorded by any means including, but not
26  limited to, any form of electronic mail, Internet online e-mail, any form of interoffice and/or
27  intraoffice network e-mail, printouts of documents from Internet online e-mail or interoffice and
28  intraoffice network e-mail, including any copies which may be stored electronically in any manner

1  including, but not limited to, network server storage, backup storage, online server storage,

2  microfilm, microfiche, computer tape, computer disk, computer floppy diskette, computer printout,

3  computer card, computer hard drive, computer floppy drive, removable computer drive storage,

4  scanner, computer facsimile, printing, photostating, photographing, video recording, audio recording,

5  magnetic impulse, or other means of electronic recording and any nonidentical copies (whether

6  different from the original because of notes made on such copies, because of indications that said

7  copies were sent to different individuals than were the originals, or because of any other reason),

8  including but not limited to working papers, preliminary, intermediate or final drafts, correspondence,

9  memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements,

10  financial calculations, diaries, reports of telephone or other oral conversations, calendars, task

11  schedulers, audio or video recordings, and all other writings and recordings of every kind that are in

12  your actual or constructive possession, custody or control.

13      5.    To **"IDENTIFY"** documents means to provide a brief description of each document

14  sufficient to support a request for production, including at least the type of document, date of the

15  document, identification of the author and recipient (if any), all persons who received or saw copies.

16      6.    The term **"PERSON(S)"** refers both to natural persons and to corporate or other

17  business entities such as a firm, partnership, proprietorship, association or any other organization or

18  entity.

19      7.    To **"IDENTIFY"** a person means to state the person's name and business address,

20  and additionally, in the case of a natural person, his home address, occupation or job title and

21  employer both presently and at the time to which the interrogatory relates and such other information

22  as should be sufficient to notice the deposition of such person and to serve such person with a

23  subpoena.

24      8.    As used herein, the term **"ALL"** is synonymous with **"ANY"** and the term **"OR"**

25  means **"AND/OR."**

26      9.    As used herein, the terms **"REGARDING," "REFER,** or **"RELATE"** means

27  relating to, referring to, pertaining to, reflecting, substantiating, evidencing, constituting, or in any

28

1   manner whatsoever logically or factually connected with the matter referenced, whether in whole or

2   in part.

3       10.     As used herein, the term **"TIME RECORDS" REFERS TO ANY AND ALL**

4   **DOCUMENTS** reflecting time entries regarding **ANY AND ALL** work performed, including but

5   not limited to time sheets, computer printouts, data stored on a computer hard drive, or computer disk.

6       11.     The terms "**BUSINESS APPLICATION COORDINATOR**" and "**PRODUCT**

7   **SPECIALIST**" include those **YOU** employe (d) between October 4, 2003, and the present who held

8   the title "Business Application Coordinator" or Product Specialist.

9                        <u>**DOCUMENTS REQUESTED TO BE PRODUCED**</u>

10      The following sets forth the documents to be produced at the above-noticed deposition by

11  the deponent. The deponent should produce all documents responsive to this request within the

12  possession, custody or control of deponent at the deposition.

13

14                                <u>**LIST OF DOCUMENTS**</u>

15

16  1.      **ALL** job descriptions **REGARDING PERSONS** employed by **YOU** as a Business

17          Application Coordinator **AND/OR** Product Specialist, between October 4, 2003, **AND**

18          the present.

19  2.      **ALL DOCUMENTS REFERRING OR RELATING** to duties of **PERSONS**

20          employed by **YOU** as a Business Application Coordinator **AND/OR** Product Specialist

21          in California between October 4, 2003, **AND** the present.

22  3.      **ALL** employee manuals applicable to **PERSONS** employed by **YOU** as a Business

23          Application Coordinator **AND/OR** Product Specialist in California between October 4,

24          2003, **AND** the present.

25  4.      **ALL** training materials applicable to **AND/OR** provided to **PERSONS** employed by

26          **YOU** as a Business Application Coordinator **AND/OR** Product Specialist in California

27          between October 4, 2003, **AND** the present.

28

NOTICE OF TAKING DEPOSITION            -6-            3134\DISCOVERY\PMKDEPONOTICE.DOC

1    5.    **ALL DOCUMENTS** upon which **YOU** rely to support **ANY** determination made by

2    **YOU** between October 4, 2003 and the present, that **PERSONS** employed by **YOU** as

3    Business Application Coordinator **AND/OR** Product Specialist in California are

4    exempt employees for purposes of overtime pay.

5    6.    **ALL DOCUMENTS REFERRING OR RELATING** to **ANY** determination made

6    by **YOU** between October 4, 2003 **AND** the present that **PERSONS** employed by

7    **YOU** as Business Application Coordinator **AND/OR** Product Specialist in California

8    are exempt employees for purposes of overtime pay.

9    7.    **ALL** training materials applicable to **PERSONS** employed by **YOU** as Business

10    Application Coordinator **AND/OR** Product Specialist in California between October 4,

11    2003, **AND** the present.

12    8.    **ALL** review forms used to evaluate the performance of **PERSONS** employed by **YOU**

13    as Business Application Coordinator **AND/OR** Product Specialist in California

14    between October 4, 2003, **AND** the present.

17    Date: November 21, 2007        QUALLS & WORKMAN, LLP

Robin G. Workman
Attorneys for Plaintiff

1    PROOF OF SERVICE

2    I, Tammy M. Mazzullo, hereby declare:

3    I am employed in the City and County of San Francisco, California in the office of

4    a member of the bar of this court at whose direction the following service was made. I

5    am over the age of eighteen years and not a party to the within action. My business

6    address is Qualls & Workman, L.L.P., 244 California Street, Suite 410, San Francisco,

7    California. On November 21, 2007, I served the **PLAINTIFF VALERIE STRINGER'S**

8    **NOTICE OF TAKING DEPOSITION OF PERSON MOST KNOWLEDGEABLE AND**

9    **REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this

10   action via mail by placing a true copy thereof, on the above date, enclosed in a sealed

11   envelope following the ordinary business practice of Qualls & Workman, for collection

12   and mailing in the United States mail addressed as set forth below:

13   Thomas R. Kaufman, Esq.
     SEYFARTH SHAW, LLP
14   2029 Century Park East, Suite 3300
     Los Angeles, CA 90067
15

16   Kari Erickson Levine
     SEYFARTH SHAW, LLP
17   560 Mission Street, Suite 3100
     San Francisco, CA 94105
18

19   David Sanford
     Sanford, Wittels & Heisler, LLP
20   1666 Connecticut Avenue, N.W., Suite 310
     Washington, D.C. 20009
21

22   Grant Morris
     The Law Offices of Grant E. Morris
23   1666 Connecticut Avenue, N.W., Suite 310
     Washington, D.C. 20009
24

25   I am personally and readily familiar with the business practice of Qualls &

26   Workman for collection and processing of documents for mailing with the U.S. Postal

27   Service, pursuant to which mail placed for collection at designated stations in the

28

1  ordinary course of business is deposited the same day, proper postage prepaid, with the

2  U.S. Postal Service.

3      I declare under penalty of perjury under the laws of the State of California that

4  the foregoing is true and correct, and that this declaration was executed on

5  November 21, 2007 in San Francisco, California.

6

7                                          Tammy N. Mazzullo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28