**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

**QUALLS & WORKMAN**
Daniel H. Qualls (State Bar #109036)
Robin G. Workman (State Bar #145810)
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

Additional Counsel listed on signature page

FILED
FEB 2 - 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LOUIE, an individual, VALERIE STRINGER, an individual, MARK STEELE, an individual, and DAN ROYSE, an individual, JULIE TEAGUE, an individual, and JERAHMEEL CAPISTRANO, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, and Does 1 to 10,<br><br>Defendants. | CASE No. **08 CV 0795 IEG RBB**<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES TO CLASS COUNSEL<br><br>District Judge: Hon. Irma E. Gonzalez<br>Courtroom: 1, 4th Flr<br><br>Hearing Date: February 2, 2009<br>Hearing Time: 10:30 a.m.<br><br>Action Filed: May 1, 2008 |

This matter having come before this Court for hearing, pursuant to the order of the Court dated October 6, 2008, on the application of Plaintiffs for consideration of approval of



the settlement and for consideration of the award of attorneys fees and costs. Due and adequate notice having been given to the Class as required in said order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1. The Court determines that an award of attorneys' fees and costs to class counsel under the common fund doctrine in the collective amount of $1,350,000.00, representing 25% of the $5,400,000.00 settlement value to the Class, is fair, reasonable and appropriate. Counsel for the Class performed work which benefitted the Class and expended substantial time and effort in litigating this matter. An award of attorney's fees in this amount compares favorable to the accepted benchmark of attorney's fees awards in common fund cases.

2. The substantial recovery obtained and the results achieved, along with the risks of the litigation, the skill required, quality of the work, the contingent nature of the fee, the financial burden carried by Class Counsel, and awards made in similar cases, all justify the requested attorneys' fee and cost award. The work of class counsel on behalf of the Class resulted in the creation of a common fund with a total settlement value of $5,400,000.00.

3. Class counsel prosecuted this case on a contingent basis. The Court finds that there is a substantial difference between the risk assumed by attorneys being paid by the hour and attorneys working on a contingent fee basis. The attorney being paid by the hour can go to the bank with his fee. The attorney working on a contingent basis can only log hours while working without pay towards a result that will hopefully entitle him to a market place contingent fee taking into account the risk of the undertaking. Otherwise, the contingent fee attorney receives nothing. Class Counsel subjected themselves to this contingent fee market risk in this all or nothing contingent fee case wherein the necessity and financial burden of private enforcement makes the requested award of one-third of the settlement value to the Class appropriate.

4. At the time this case was brought, the result was far from certain. The Defendant's practice at issue here had been in place for years and Defendant's numerous defenses to the case created difficulties with proof and novel legal issues for class counsel to overcome. The very substantial risks of this litigation could have resulted in the Class receiving nothing if the claims were litigated.

3. In prosecuting this action, Class Counsel displayed the exemplary skill and expertise that is necessary to successfully prosecute this wage and hour class action which involved novel and difficult issues. In opposing the capable firm of Seyfarth & Shaw on a contingent fee basis, class counsel had to forego other employment on other cases so as to devote the necessary time and resources to this case.

4. The Court finds that the named Plaintiffs performed their duties and roles as the class representatives admirably. The Court hereby awards the named Plaintiffs an incentive and service award of $25,000 each, which the Court finds to be fair and reasonable, to be paid in accordance with the Settlement Agreement.

5. The Court further finds that class counsel advanced costs and incurred expenses in the amount of $57,918.14 on behalf of the Class. These costs and expenses were reasonably necessary in the prosecution of the matter, and therefore, the Court awards class counsel $57,918.14 for reimbursement of costs and expenses.

6. For all of the above reasons, the Court hereby awards $1,350,000 to Class Counsel as attorneys' fees to be paid in accordance with the terms of the Stipulation and Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 2/2/09

_____
Hon. Irma E. Gonzalez
Judge, U.S. District Court