**BLUMENTHAL & NORDREHAUG**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

**QUALLS & WORKMAN**
  Daniel H. Qualls (State Bar #109036)
  Robin G. Workman (State Bar #145810)
244 California Street, Suite 410
San Francisco, CA 94111
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

Additional Counsel listed on signature page

FILED
FEB 2 - 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LOUIE, an individual, VALERIE STRINGER, an individual, MARK STEELE, an individual, and DAN ROYSE, an individual, JULIE TEAGUE, an individual, and JERAHMEEL CAPISTRANO, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, and Does 1 to 10,<br><br>Defendants. | CASE No. **08 CV 0795 IEG RBB**<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>District Judge: Hon. Irma E. Gonzalez<br>Courtroom:   1, 4th Flr<br><br>Hearing Date:   February 2, 2009<br>Hearing Time:   10:30 a.m.<br><br>Action Filed:   May 1, 2008 |

This matter having come before the Court for hearing, pursuant to the order of this Court dated October 6, 2008, on the application of the parties for final approval of the



[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT
08 CV 0795 IEG RBB

settlement set forth in the Settlement Agreement ("Agreement"). Due and adequate notice having been given to the Class as required in said order, and the Court having considered all papers filed and proceedings conducted in this action and otherwise being fully informed and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. For purposes of the Action, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3. Pursuant to Federal Rules of Civil Procedure, rule 23 and due process, the Court hereby finally approves the settlement set forth in the Agreement and finds that such settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court further finds that the Agreement and settlement set forth therein were entered into in good faith following arms length negotiations and is non-collusive.

4. The Settlement Class consists of the following:

> "all persons who, at any time between October 4, 2003 and preliminary approval of the settlement [October 6, 2008], worked for Kaiser Foundation Health Plan, Inc. in California in connection with KP HealthConnect in the positions of Product Specialist, Business Application Coordinator ("BAC") or Site Support Specialist."

5. Excluded from the settlement are those persons who have submitted valid and timely requests for exclusion. Every person in the Settlement Class who did not opt out is a Settlement Class Member.

6. With respect to the Settlement Class Members, the Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members that predominate over any individual questions; (c) the claims

1  of Plaintiffs are typical of the claims of the Settlement Class Members; (d) Plaintiffs and
2  Class Counsel have fairly and adequately represented and protected the interests of the
3  Settlement Class Members; and (e) a class action is superior to other available methods for
4  the fair and efficient adjudication of the controversy.

5       7.  This action is hereby dismissed with prejudice as to Plaintiffs and all
6  Settlement Class Members. Upon approval of the settlement and entry of this Order,
7  Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of
8  this Order, shall have fully and finally released any and all Released Claims as to the
9  Released Parties.

10       9.  The Court finds that the Notice provided to the Settlement Class Members
11  were the best notice practicable under the circumstances of these proceedings and of the
12  matters set forth therein, and that the Notice fully satisfies the requirements of the Federal
13  Rules of Civil Procedure, rule 23, due process and any other applicable laws.

14       10.  Any order regarding the application for Class Counsel's attorneys' fees and
15  Plaintiffs' incentive fee shall in no way disturb or affect this Order and shall be considered
16  separate from this Order.

17       11.  Without affecting the finality of this Judgment and Order in any way, this
18  Court hereby retains continuing jurisdiction over, <u>inter alia</u>: (a) interpretation,
19  implementation and enforcement of the settlement and the payments to be made under the
20  settlement; (b) the hearing and determination of applications for Class Counsel's attorneys'
21  fees and costs and Plaintiffs' incentive award; and (c) the enforcement and administration of
22  the Agreement.

23  **IT IS SO ORDERED.**

25  Dated: 2/2/09                    *[signature]*
26                                   Hon. Irma E. Gonzalez
27                                   Judge, U.S. District Court